| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**The Great Atlantic & Pacific Tea Company, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Attached Schedule 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**13-1890974** | Last four digits of Soc. Sec.or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State):<br><br>**2 Paragon Drive**<br>**Montvale, NJ**    ZIP CODE **07645** | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
|---|---|

| County of Residence or of the Principal Place of Business:<br>**Bergen** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |
|---|---|

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business** (Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  **Food and Drug Retailer**

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check **one** box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check **one** box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (Consolidated with affiliates)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Assets (Consolidated with affiliates)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Liabilities (Consolidated with affiliates)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **The Great Atlantic & Pacific Tea Company, Inc.** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location <br> Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: <br> **See Attached Schedule 2** | Case Number: | Date Filed: |
|---|---|---|
| District: <br> **Southern District of New York** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒ Exhibit A is attached and made a part of this petition. | X _____ <br> Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **The Great Atlantic & Pacific Tea Company, Inc.** |
|---|---|

| Signatures | |
|---|---|

| ### Signature(s) of Debtor(s) (Individual/Joint) | ### Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
    Telephone Number (If not represented by attorney)

_____
    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney\***

X */s/ Paul M. Basta*
_____
Signature of Attorney for Debtor(s)
Paul M. Basta, Esq.
_____
Printed Name of Attorney for Debtor(s)
Kirkland & Ellis LLP
_____
Firm Name
601 Lexington Avenue
New York, NY 10022
_____
Address
(212) 446-4800
_____
Telephone Number
December 12, 2010
_____
Date

  \*  In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Frederic F. Brace*
_____
Signature of Authorized Individual

Frederic F. Brace
_____
Printed Name of Authorized Individual

Chief Administrative Officer and Chief Restructuring Officer
_____
Title of Authorized Individual

December 12, 2010
_____
Date

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Schedule 1**

<u>All Other Names Used by the Debtors in the Last 8 Years</u>

A&P

Best Cellars

Best Cellars at A&P

Community Supermarket Corporation

Daitch Crystal Dairies, Inc.

Dominion

Farmer Jack

Food Basics

Food Emporium

Food Mart

Glenholden Stuart, Inc.

Hamilton Property I, Inc.

Kohl's

Lo-Lo Discount Stores, Inc.

Pathmark

Pathmark Sav-A-Center

Sav-A-Center

Shopwell Liquors, Inc.

Sumarserve, Inc.

Super Foodmart

Super Fresh

The Barn Markets

The Food Emporium

The Wine Emporium, Inc.

Ultra Food & Drug

Waldbaum's

Waldbaum, Inc.

**Schedule 2**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On December 12, 2010 each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc.

1. The Great Atlantic & Pacific Tea Company, Inc.
2. 2008 Broadway, Inc.
3. AAL Realty Corporation
4. Adbrett Corporation
5. Amsterdam Trucking Corporation
6. APW Supermarket Corporation
7. APW Supermarkets, Inc.
8. Bergen Street Pathmark, Inc.
9. Best Cellars DC, Inc.
10. Best Cellars Inc.
11. Best Cellars Licensing Corp.
12. Best Cellars Massachusetts, Inc.
13. Best Cellars VA, Inc.
14. Bev, Ltd.
15. Borman's, Inc.
16. Bridge Stuart, Inc.
17. Clay-Park Realty Corp.
18. Compass Foods, Inc.
19. East Brunswick Stuart, LLC
20. Farmer Jack's of Ohio, Inc.
21. Food Basics, Inc.
22. Gramatan Foodtown Corp.
23. Grape Finds At DuPont, Inc.
24. Grape Finds Licensing Corp.
25. Greenlawn Land Development Corp.
26. Hopelawn Property I, Inc.
27. Kohl's Food Stores, Inc.
28. Kwik Save Inc.
29. Lancaster Pike Stuart, LLC
30. LBRO Realty, Inc.
31. Lo-Lo Discount Stores, Inc.
32. Mac Dade Boulevard Stuart, LLC
33. McLean Avenue Plaza Corp.
34. Milik Service Company, LLC
35. Montvale Holdings, Inc.
36. North Jersey Properties, Inc. VI
37. Onpoint, Inc.
38. Pathmark Stores, Inc.
39. Plainbridge, LLC
40. SEG Stores, Inc.
41. Shopwell, Inc.
42. Shopwell, Inc.
43. Spring Lane Produce Corp.
44. Super Fresh Food Markets, Inc.
45. Super Fresh/Sav-A-Center, Inc.
46. Super Market Service Corp.
47. Super Plus Food Warehouse, Inc.
48. Supermarkets Oil Company, Inc.
49. The Food Emporium, Inc.
50. The Old Wine Emporium of Westport, Inc.
51. The South Dakota Great Atlantic & Pacific Tea Company, Inc.
52. Tradewell Foods of Conn., Inc.
53. Upper Darby Stuart, LLC
54. Waldbaum, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA | ) Case No. 10-_____ (___) |
| COMPANY, INC., *et al.* | ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## EXHIBIT A TO VOLUNTARY PETITION OF
## THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.

1.      Certain of the Debtor's securities are registered under Section 12 of the Securities and Exchange Act of 1934, and the Debtor's Securities Exchange Commission file number is: 001-04141.

2.      The following financial data is the latest available information as of September 11, 2010, unless otherwise specified:

(a)      <u>Total assets</u>: $2,531,032,000;

(b)      <u>Total debts</u>: $3,210,965,000;

(c)      <u>Description of publicly traded equity securities</u>:

(i)      <u>Number of outstanding shares as of September 11, 2010</u>: 175,000 preferred stock; 56,280,414 common stock;

(ii)      <u>Approximate number of holders as of April 30, 2010</u>: 2 of preferred stock; 5,468 of common stock.

3.      Brief description of the Debtors' business: The Great Atlantic & Pacific Company, Inc., together with its direct and indirect Debtor and non-Debtor subsidiaries and affiliates (collectively, the "Debtors") operate 395 stores in the United States under 6 retail banners, which include conventional supermarkets, food and drug combination stores, discount

food stores, and several in-store health clinics.  The Debtors also distribute private label product lines sold exclusively throughout their stores under the trade names America's Choice, Master Choice, Health Pride, Savings Plus, and Pathmark.

      4.      The following persons own, control, or hold, directly or indirectly, with power to vote, 5% or more of the of the Debtor's voting securities as of May 20, 2010:

| Name of Holder | % of Common Stock | % of Preferred Stock |
|---|---|---|
| Christian W.E. Haub | 43 | 100 (Series A-T) |
| Erivan Karl Haub | 43 | 100 (Series A-T) |
| Karl-Erivan Warder Haub | 42 | 100 (Series A-T) |
| Tengelmann Warenhandelsgesellschaft KG | 42 | 100 (Series A-T) |
| Alethia Research & Management | 27 | |
| GAMCO Investors, Inc. | 9 | |
| Bank of America Corporation | 8 | |
| DBD Cayman, Limited | 5 | |
| The Yucaipa Companies LLC | 4 | 100 (Series A-Y) |

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10- _____ (___) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 40 LARGEST UNSECURED CLAIMS

      The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). The following is the consolidated list of the Debtors' creditors holding the 40 largest unsecured claims (the "***Consolidated List***") based on the Debtors' books and records as of December 8, 2010. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 40 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc. (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim at any later point as they deem appropriate.

| | Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| 1. | Wilmington Trust Company (Indenture Trustee - 6 3/4% Unsecured Convertible Senior Notes Due 2012) | Attn: Michael G. Oller, Jr. CCTS Rodney Square North 1100 Market St Wilmington, DE 19890 Tel: 302-651-1000 Fax: 302-636-4145 Fax: 302-651-8937 mikeoller@wilmingtontrust.com | Bond Debt | $229,000,000.00 |
| 2. | Wilmington Trust Company (Indenture Trustee - 9 3/8% Unsecured Quarterly Interest Notes Due 2039) | Attn: Michael G. Oller, Jr. CCTS Rodney Square North 1100 Market St Wilmington, DE 19890 Tel: 302-651-1000 Fax: 302-636-4145 Fax: 302-651-8937 mikeoller@wilmingtontrust.com | Bond Debt | $200,000,000.00 |
| 3. | Wilmington Trust Company (Indenture Trustee - 5 1/8% Unsecured Convertible Senior Notes Due 2011) | Attn: Michael G. Oller, Jr. CCTS Rodney Square North 1100 Market St Wilmington, DE 19890 Tel: 302-651-1000 Fax: 302-636-4145 Fax: 302-651-8937 mikeoller@wilmingtontrust.com | Bond Debt | $165,000,000.00 |
| 4. | McKesson Drug Co | Attn: John Hammergren, Chairman and CEO One Post Street San Francisco, CA 94104 Tel: 415-983-8300 Fax: 415-983-8464<br><br>with a copy to:<br><br>Jeffrey Garfinkle Buchalter Nemer 18400 Von Karman Avenue, Suite 800 Irvine, CA 92612-0514 Tel: 949-224-6254 Fax: 949-224-6400 | Trade Debt | $15,119,582.97 |
| 5. | Wilmington Trust Company (Indenture Trustee - 9 1/8% Unsecured Senior Notes Due 2011) | Attn: Michael G. Oller, Jr. CCTS Rodney Square North 1100 Market St Wilmington, DE 19890 Tel: 302-651-1000 Fax: 302-636-4145 mikeoller@wilmingtontrust.com | Bond Debt | $12,840,000.00 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Nature of claim | Amount of Claim |
|---|---|---|---|
| 6.   Haddon House Food Products | Attn: David Anderson, Jr.<br>250 Old Marlton Pike<br>Medford, NJ 08055<br>Tel: 609-654-7901<br>Fax: 609-654-8533<br>DAndersonJr@haddonhouse.com | Trade Debt | $10,611,632.18 |
| 7.   Coca-Cola Enterprises | Attn: Michael Cassara<br>P.O. Box 4108<br>Boston, MA 02211-4108<br>mcassara@cokecce.com | Trade Debt | $7,099,716.88 |
| 8.   Frito-Lay Inc | Attn: Michael Cassara<br>111 Pennant Dr<br>Pittsburgh, PA 15239-1786<br>mcassara@cokecce.com | Trade Debt | $4,528,126.38 |
| 9.   Nabisco Biscuit Company | Attn: President or General Counsel<br>P.O. Box 1911<br>East Hanover, NJ 07936-1911<br>Tel: 973-503-2000 | Trade Debt | $3,982,278.00 |
| 10.  Pepsi-Cola-Hasbrouck Heights | Attn: John Reale<br>1400 West 35th St<br>Chicago, IL 60609-1311<br>Tel: 773-893-2300<br>John.Reale@pepsico.com | Trade Debt | $3,172,078.50 |
| 11.  Nestle DSD Company Ice Cream | Attn: Joe Shapiro<br>800 North Brand Blvd<br>Glendale, CA 91203<br>Tel: 818-549-6000<br>Fax: 818-553-3547<br>joe.shapiro@us.nestle.com | Trade Debt | $2,158,873.50 |
| 12.  Entenmann's Bakery | Attn: Jim Ostling<br>2810 Golden Mile Highway Rte 286<br>Pittsburgh, PA 15239-2400<br>Tel: 724-327-1854<br>Jostling@BBUmail.com | Trade Debt | $2,154,250.58 |
| 13.  Pepsi-Cola Bottling Company of New York, Inc. | Attn: Larry Brown<br>650 Brush Ave<br>Bronx, NY 10465<br>Tel: 718-392-1000<br>Fax: 718-392-1118<br>Lawrence.Brown@pepsi.com | Trade Debt | $1,728,999.81 |
| 14.  Pepperidge Farm Inc Bread | Attn: Kim Maltese<br>595 Westport Ave<br>Norwalk, CT 06851<br>Tel: 203-846-7000<br>Fax: 203-846-7145<br>kim_maltese@pepperidgefarm.com | Trade Debt | $1,696,820.59 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Nature of claim | Amount of Claim |
|---|---|---|---|
| 15. Keebler Biscuit Co | Attn: President or General Counsel<br>677 North Larch Ave<br>Elmhurst, IL 60126<br>Tel: 630-833-2900<br>Fax: 630-530-8773 | Trade Debt | $1,617,637.69 |
| 16. Dora's Naturals Inc | Attn: Mike Taroli<br>21 Empire Blvd<br>South Hackensack, NJ 07606-1805<br>Tel: 201-229-0500<br>miket@dorasnaturals.com | Trade Debt | $1,513,969.51 |
| 17. 18718 Borman Avenue | Attn: President or General Counsel<br>555 Cyphiot<br>St. Laurent, QUE H4S 1R3<br>Canada | Lease Rent | $1,456,000.00 |
| 18. Ashley Livonia A&P, LLC | Attn: President or General Counsel<br>9810 S. Dorcester Avenue<br>Chicago, IL 60628 | Lease Rent | $1,391,936.00 |
| 19. Arnold Bakers Inc | Attn: Jim Ostling<br>P.O. Box 644254<br>Pittsburgh, PA 15264-4254<br>Tel: 800-984-0989<br>Fax: 610-320-9286<br>Jostling@BBUmail.com | Trade Debt | $1,388,848.95 |
| 20. S B Thomas Inc | Attn: Jim Ostling<br>255 Business Ctr Dr<br>Horsham, PA 19044<br>Tel: 215-672-8010<br>Fax: 215-672-6988<br>Jostling@BBUmail.com | Trade Debt | $1,304,352.95 |
| 21. Amalgamated Meat Cutters | Attn: Mr. Ira Wincott, General Counsel<br>166 East Jericho Tpke<br>Mineola, NY 11501<br>Tel: 516-747-5980<br>Fax: 516-294-4608<br>Fax: 516-747-7961 | Union Debt | $1,262,649.00 |
| 22. Stroehmann Bakeries Inc | Attn: Gary Prince, President<br>255 Business Ctr Dr Ste 200<br>Horsham, PA 19044<br>Tel: 215-672-8010<br>Fax: 215-672-6988 | Trade Debt | $1,238,504.27 |
| 23. Meadowbrook - Suffolk | Attn: John Reale<br>550 New Horizons Blvd<br>Amityville, NY 11701-1139<br>John.Reale@pepsico.com | Trade Debt | $1,158,432.84 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Nature of claim | Amount of Claim |
|---|---|---|---|
| 24.  Interstate Brands - Hostess | Attn: Brian J. Driscoll, President<br>6031 Connection Dr<br>Irving, TX 75039<br>Tel: 972-532-4500<br>Fax: 972-892-7694 | Trade Debt | $1,118,325.16 |
| 25.  Advantage IQ Inc | Attn: Donato C. Capobianco, General Counsel<br>1313 N Atlantic Ste 5000<br>Spokane, WA 99201<br>Tel: 509-329-7600<br>Fax: 509-329-7287 | Utility Debt | $1,109,220.91 |
| 26.  Riveroak-Cofinance-Carteret, LLC | Attn: James J. Maurer<br>505 Main Street<br>Suite 208<br>Hackensack, NJ 07601<br>Tel: 201-489-1177<br>Fax: 201-489-1105 | Lease Rent | $1,085,841.00 |
| 27.  Garelick Farms Inc | Attn: Steve Kane<br>2515 Mckinney Ave Ste 1200<br>Dallas, TX 75201<br>Tel: 214-303-3400<br>Fax: 214-303-3499<br>Steve_Kane@deanfoods.com | Trade Debt | $1,055,286.18 |
| 28.  Wise Foods | Attn: Rich Powers<br>228 Raselet St<br>Berwick, PA 18603<br>Tel: 570-759-4000<br>Fax: 570-759-4001<br>rpowers@wisesnacks.com | Trade Debt | $912,221.21 |
| 29.  Grocery Haulers Inc | Attn: Marck Jacobson<br>286 Homestead Ave<br>Avenel, NJ 07001<br>Tel: 732-499-3745<br>Fax: 732-499-3812 | Trade Debt | $893,848.00 |
| 30.  Farmland Dairies | Attn: Martin Margherio<br>520 Main Ave<br>Wallington, NJ 07057<br>Tel: 973-777-2500<br>Fax: 973-777-7648 | Trade Debt | $877,892.67 |
| 31.  Canada Dry Bottling of NY | Attn: Kevin Walker<br>135 Baylis Rd<br>Melville, NY 11747-3809<br>Tel: 631-694-7575<br>Fax: 631-694-7708<br>walkerk@cd-ny.com | Trade Debt | $860,523.71 |
| 32.  OTR Associates | Attn: President or General Counsel<br>4 Cornwall Drive Ste 222<br>East Brunswick, NJ 08816<br>Tel: 732-238-3400 | Lease Rent | $847,193.00 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Nature of claim | Amount of Claim |
|---|---|---|---|
| 33. Lehigh Valley Dairies Inc | Attn: Steve Kane<br>880 Allentown Rd<br>Lansdale, PA 19446-5206<br>Tel: 215-855-8205<br>Fax: 215-855-9834<br>Steve_Kane@deanfoods.com | Trade Debt | $806,484.44 |
| 34. G/W Jefferson-St. Jean LLC | Attn: President or General Counsel<br>250 E. Harbortown Drive #410<br>Detroit, MI 48207 | Lease Rent | $789,212.00 |
| 35. Bunzl Distribution | Attn: Dave Maszczak<br>701 Emerson Rd Ste 500<br>St. Louis, MO 63141<br>Tel: 314-997-5959<br>Fax: 314-997-1405<br>Dave.Maszczak@bunzlusa.com | Trade Debt | $774,073.52 |
| 36. Snapple Distributors Inc | Attn: Todd Kornely and Terry Lyons<br>20 Petra Ln Ste 1<br>Albany, NY 12205-4974<br>Tel: 518-869-1703<br>Todd.Kornely@dpsg.com<br>Terrance.Lyons @ CS-Americas.com | Trade Debt | $736,266.05 |
| 37. ISE America | Attn: Gregg Clanton, Vice President<br>33335 Galena Sassafras Rd<br>Galena, MD 21635<br>Tel: 410-755-6300<br>Fax: 410-755-6367 | Trade Debt | $719,575.88 |
| 38. FJ Livonia Portfolio, L.P. | Attn: President or General Counsel<br>3625 Dufferin Street<br>Suite 500<br>Dowsnview, ONT M3K 1N4<br>Canada | Lease Rent | $673,049.00 |
| 39. Lami Products Inc | Attn: Larry Dion, President<br>860 Welsh Rd<br>Huntington Valley, PA 19006<br>Tel: 215-947-5333<br>Fax: 215-657-5480 | Trade Debt | $673,048.88 |
| 40. Martin's Famous Pastry | Attn: Dan Flandina<br>1000 Potato Roll Ln<br>Chambersburg, PA 17202-8897<br>Tel: 717-263-9580<br>Fax: 717-263-4452<br>Dflandina@MFPS.com | Trade Debt | $670,705.84 |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, the undersigned authorized officer of each of the Debtors, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 40 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated: December 12, 2010

/s/ Christopher McGarry
Christopher McGarry
Chief Administrative Officer and Chief
Restructuring Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA | ) | Case No. 10-_____ ( ) |
| COMPANY, INC., *ET AL.* | ) | |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1) AND
## RULE 1007-3 OF LOCAL RULE OF BANKRUPTCY PROCEDURE

Attached hereto is an organizational chart reflecting the Debtors' direct and indirect wholly owned subsidiaries and interests in general and limited partnerships and joint ventures. The attached chart contains all Debtor subsidiaries and affiliates incorporated or otherwise domiciled in the United States.

## <u>DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT</u>

I, the undersigned authorized officer of each of the Debtors, declare under penalty of perjury that I have reviewed this corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: December 12, 2010         */s/ Christopher McGarry*
                                       Christopher McGarry
                                       Chief Administrative Officer and Chief
                                       Restructuring Officer

# Corporate Organizational Chart

## The Great Atlantic & Pacific Tea Company, Inc.
## Corporate and Capital Structure Chart*

* The summary provided herein is presented fur illustrative purposes only and is qualified in its entirety by reference to the relevant, operative documents. The Debtors reserve all rights to amend, modifiy or supplement the information presented herein.
** Certain of the Debtors' insignificant non-operating subsidiaries were not included in this organizational chart.

## RESOLUTION OF THE BOARD OF DIRECTORS
## OF THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.

Effective as of this 12th day of December, 2010, pursuant to a special telephonic meeting on the same date, the members constituting a majority of the votes of a quorum of the board of directors (collectively, the "*Board of Directors*") of The Great Atlantic & Pacific Tea Company, Inc. (the "*Company*"), a Maryland corporation, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, took the following actions and adopted the following resolutions:

> **WHEREAS**, the Board of Directors of the Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

> **WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

> **WHEREAS**, in connection with filing a voluntary petition for relief (a "*Chapter 11 Case*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), the Company, as a borrower, with certain of its subsidiaries, proposes to enter into a debtor-in-possession credit facility to be evidenced by that certain debtor-in-possession credit agreement (as amended, supplemented, restated or otherwise modified from time to time, the "*DIP Credit Agreement*" and together with all exhibits, schedules and annexes thereto, the "*DIP Loan Documents*"), dated on or about December 13, 2010, with J.P. Morgan Chase Bank, N.A., as administrative agent thereunder (in such capacity, the "*DIP Agent*") and the lenders thereto from time to time (together with the DIP Agent, the "*DIP Lenders*") substantially in accordance with the terms under the commitment letter dated as of December 10, 2010 by and among the Company, JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC (as amended, supplemented, restated or otherwise modified from time to time, including all the exhibits and attachments thereto, and including the term sheet attached thereto, the "*DIP Commitment Letter*"); and

> **WHEREAS**, the Company will obtain direct and indirect benefits from the transactions contemplated in the DIP Commitment Letter and the DIP Credit Agreement; and

> **WHEREAS**, the Board of Directors desires to approve the following resolutions.

## I.     <u>Voluntary Petition Under the Provisions of the Bankruptcy Code</u>

**NOW THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined that it is desirable and in the best interests of the Company, their creditors and other parties in interest, that the Company file or cause to be filed a Chapter 11 Case; and be it further

**RESOLVED**, that the following officers of the Company (each a *"Designated Officer"*):

- President;
- Chief Executive Officer;
- Chief Financial Officer;
- Chief Restructuring Officer;
- Chief Administrative Officer;
- General Counsel;
- Treasurer;
- Secretary;
- Assistant Secretary; and/or
- any other authorized officers of the Company

in each case acting singly or jointly, be, and they hereby are, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, lists and other motions, papers or documents, and to take any and all management action necessary, appropriate, desirable or proper in connection with a Chapter 11 Case, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business, including any actions necessary to retain any professionals deemed necessary by management (including, without limitation, Kirkland & Ellis LLP, Lazard Frères & Co. LLC and Huron Consulting Group) to assist the Company in the Chapter 11 Case and in carrying out its duties under the provisions of the Bankruptcy Code.

## II.     <u>Debtor-in-Possession Financing</u>

**NOW THEREFORE, BE IT RESOLVED**, that the Company will obtain benefits from the incurrence of the obligations under the DIP Commitment Letter and from the incurrence of the indebtedness and obligations under the DIP Credit Agreement and the occurrence and consummation of the transactions contemplated by the DIP Credit Agreement, the Loan Documents (as defined in the DIP Credit Agreement and hereinafter referred to as the *"DIP Loan Documents"*) and the other Financing Documents (as defined below), as applicable, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and be it further

**RESOLVED**, that the form, terms and provisions of the DIP Commitment Letter, the DIP Credit Agreement, the other applicable DIP Loan Documents to

which the Company is or will be a party, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder and the transactions contemplated thereby be, and hereby are authorized, adopted and approved, and any Designated Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, each of the DIP Credit Agreement, the other DIP Loan Documents to which the Company is or will be a party, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the DIP Loan Documents, the "*Transaction Documents*"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors of the Company, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and be it further

RESOLVED, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Obligations (as defined in the DIP Credit Agreement) and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Commitment Letter, the DIP Credit Agreement and the other Transaction Documents (collectively, the "*Financing Transactions*"), including granting liens on its assets to secure such Obligations; and be it further

RESOLVED, that the Designated Officers be, and each of them hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable or appropriate and execute and deliver (a) the DIP Loan Documents and the other applicable Transaction Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Transaction Documents, and agreements relating to the issuance and cash collateralization of letters of credit necessary, desirable or appropriate to facilitate the Financing Transactions (collectively, the "*Financing Documents*"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and be it further

RESOLVED, that the Designated Officers be, and each of them hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "*UCC*") financing statements, any other equivalent filings, any

intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and be it further

**RESOLVED**, that each of the Designated Officers be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each of the Designated Officers be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## III.  Further Actions and Prior Actions

**NOW THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each of the Designated Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that the Designated Officers be, and each hereby is, authorized, directed and empowered, in the name of and on behalf of, the Company and under its corporate seal or otherwise, to prepare, execute and deliver and to file with appropriate organizations, or to cause to be prepared, executed, delivered and filed, all such agreements, documents, certificates, instruments and other papers and to do or cause to be done all such acts and things, as may be necessary, appropriate or desirable to effectuate the purpose and intent of the foregoing resolutions, including to make such changes to said documents as such individual may determine, upon the advice of counsel, to be necessary, appropriate or desirable, such Designated Officer's execution and delivery thereof to be conclusive evidence of such Designated Officer's approval, and any such action taken by such Designated Officer prior to the date hereof is hereby ratified, confirmed and approved in all respects; and be it further

**RESOLVED**, that any Designated Officer of the Company (each a "*Designated Signatory*") be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of, and on behalf of the Company and under its corporate seal or otherwise, to prepare, execute and deliver and to file with appropriate organizations, or to cause to be prepared, executed, delivered and filed, all such agreements, documents, certificates, instruments and other papers and to do or cause to be done all such acts and things, as may be necessary, appropriate or desirable to effectuate the purpose and intent of the foregoing resolutions, including to make such changes to said documents as such individual may determine, upon the advice of counsel, to be necessary, appropriate or desirable, consistent with the Company's Delegation of Authority and Approvals Required Policy contained in the Company's Global Finance Manual, such Designated Signatory's execution and delivery thereof to be conclusive evidence of such Designated Signatory's approval, and any such action taken prior to the date hereof by such Designated Signatory is hereby ratified, confirmed and approved in all respects; and be it further

**RESOLVED**, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors and that the Designated Officer did execute the same. The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the

Bylaws of the Company and the laws of the State of the Company's incorporation.

## IV. <u>Subsidiary Actions</u>

       **NOW THEREFORE, BE IT RESOLVED**, that the Designated Officers be and hereby are authorized, directed and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Designated Officer shall deem necessary or desirable in such Designated Officer's reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to any Financing Documents (including affidavits, notices, reaffirmations and amendments and restatements of existing documents) as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

## CERTIFICATE

The undersigned, Christopher McGarry, a Designated Officer of The Great Atlantic & Pacific Tea Company, Inc. (the "*Company*"), hereby certifies as follows:

(a)  I am the duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

(b)  Attached hereto is a true, complete and correct copy of the Resolutions of the Board of Directors of the Company (the "***Board of Directors***"), duly adopted in accordance with the Company's bylaws; and

(c)  Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 12th day of December 2010.

Christopher McGarry, as Designated Officer
Senior Vice President & General Counsel

7