James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

    - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-_____ (___) |
| Debtors. | Joint Administration Requested |

---

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASES *NUNC PRO TUNC* TO THE DATE HEREOF**

---

The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "***Debtors***"),[1] file this motion (the "***Motion***"),

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape

for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), authorizing the Debtors to reject certain unexpired leases of nonresidential real property as set forth on **Exhibit 1** annexed to **Exhibit A** hereto pursuant to the proposed rejection notice procedures as set forth herein (the "*Rejection Procedures*"). In support of the Motion, the Debtors have submitted the Declaration of Frederic F. Brace, Chief Administrative Officer and Chief Restructuring Officer of The Great Atlantic & Pacific Tea Company, Inc., in Support of First Day Pleadings (the "*Brace Declaration*"). In further support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.      The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*").

---

Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

2

**Background**

4.      On the date hereof (the "***Commencement Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have requested joint administration of their chapter 11 cases, and no official committees have been appointed.

5.      As set forth more fully in the Brace Declaration, the Debtors are one of the nation's leading food and drug retailers.  The Debtors operate 395 supermarkets, combination food and drug stores, liquor stores, and limited assortment food stores across eight Northeastern states and the District of Columbia.

6.      In the twelve months ended September 11, 2010, the Debtors reported revenues of $8.4 billion.  As of September 11, 2010, the Debtors reported total assets of $2.5 billion and liabilities of $3.2 billion.

7.      The Debtors currently employ approximately 41,000 employees.  Approximately 95 percent of the Debtors' employees are covered by collective bargaining agreements, and approximately 68 percent of the Debtors' employees are employed on a part-time basis.

**The Debtors' Real Property Leases**

8.      As of the Commencement Date, the Debtors were tenants under hundreds of nonresidential real property leases across 23 states and the District of Columbia.  Generally, the Debtors do not own the property on which they conduct their operations, but rather lease such nonresidential real property for the operation of their supermarkets, liquor stores, combination food and drug stores, and limited assortment food stores.

9.      Prior to the Commencement Date, the Debtors began the process of reviewing and analyzing all of their contractual obligations so as to identify the contracts and leases that are

3

burdensome to their estates and may be rejected pursuant to section 365 of the Bankruptcy Code. To date, the Debtors have identified 73 "dark store" leases, as set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto, where they have ceased ongoing operations and have been unable to sublease, assign, or terminate the relevant leases (collectively, the "***Dark Store Leases***"). These leases represent an unnecessary expense to the estates, contribute no value to the Debtors' balance sheet, and will cost the Debtors tens of millions of dollars of accrued actual costs in fiscal year 2011 alone with the full economic impact on the estate potentially even more dramatic. Moreover, in most instances, the Debtors have physically vacated the properties, and surrendered the keys to those counterparties (collectively, the "***Counterparties***") through unilateral key surrender or after eviction proceedings, entry of consent judgments, or entry into mutual surrender agreements, thereby affording the appropriate Counterparties the ability to re-let the premises.

10. In order to provide the Counterparties with sufficient notice of the Debtors' intent to reject the Dark Store Leases and to facilitate the rejection of any such agreements, the Debtors have devised the following Rejection Procedures:

> a. Within three (3) business days of the entry of the Order, the Debtors shall serve a notice (the "***Notice***") in the form of **Exhibit 2** attached hereto to each Counterparty. The Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the real property underlying the lease; (ii) the Debtors' monthly payment obligation, if any, under the lease; (iii) the remaining term of the lease; (iv) the name and address of the landlord; (v) a general description of the terms of the lease; and (vi) a disclosure describing the procedures for filing objections. The Notice shall be accompanied by a copy of the Order granting the relief requested in this motion.

> b. Should a party in interest object to the proposed rejection by the Debtors of a lease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties no later than 15 calendar days after the date the Debtors serve the Notice: (i) counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C.

4

Schrock, Attn.: Nikki R. Thomas; (ii) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (iii) counsel to the administrative agent for the Debtors' proposed postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; and (iv) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004.

c. If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any lease as to which an objection is properly filed and served. If the Court upholds the objection, and the subject of the objection is the proper effective date of rejection, and the Court determines the effective date of rejection of such lease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease shall be deemed to have occurred on the Rejection Date (as defined herein).

d. Absent an objection being filed in compliance with subparagraph c of this paragraph, the rejection of such lease shall become effective as of the date hereof without further notice, hearing or order of this Court (the "***Rejection Date***").

e. If the Debtors have deposited monies with a lessor as a security deposit or other arrangement, such lessor may not set off or otherwise use such deposit without the prior authority of the Court.

11. The ability to reject burdensome nonresidential real property leases is an important tool provided to Debtors under the Bankruptcy Code. Leases such as the Dark Store Leases, where the Debtors are not operating stores or planning to do so in the near term, are the epitome of burdensome nonresidential real property leases. Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors' rejection of the Dark Store Leases pursuant to the Rejection Procedures is clearly in the best interests of their estates and their creditors.

K&E 18124056.3

**Relief Requested**

12.     By this Motion, the Debtors seek entry of an order authorizing the Debtors to reject the Dark Store Leases set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto, pursuant to the proposed Rejection Procedures.

**Basis for Relief**

**A.     Rejection of the Dark Store Leases Reflects the Debtors' Sound Business Judgment.**

13.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

14.     The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Enron Corp.*, Case No. 01-16034, 2006 WL 898033, at *4 (Bankr. S.D.N.Y. March 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim or caprice. *See Westbury Real Estate Ventures v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

6

15.     Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate.  *See Orion Pictures Corp.*, 4 F.3d at 1098-99; *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).  Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a).  *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

16.     Prior to the Commencement Date, the Debtors began the process of reviewing and analyzing all of their contractual obligations so as to identify the leases that are burdensome to their estates and may be rejected.  The Debtors are not operating stores at the property leased under the Dark Store Leases and do not plan to do so in the near term.  Accordingly, the Debtors have determined that the Dark Store Leases constitute an unnecessary drain on the Debtors' resources and, therefore, rejection of the Dark Store Leases reflects the Debtors' exercise of sound business judgment.

**B.     Ordering a Retroactive Effective Date is Appropriate Under the Circumstances.**

17.     The Debtors also respectfully submit that it is appropriate for the Court to authorize the Dark Store Leases to be rejected retroactively.

18.     While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing rejection.  *See, e.g., In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *In re The Reader's Digest Ass'n, Inc.*, No. 09-23529 (Bankr.

S.D.N.Y Sept. 17, 2009) (approving retroactive rejection of eight leases); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *Constant Ltd. P'ship v. Jamesway Corp.* (*In re Jamesway Corp.*), 179 B.R. 33 (S.D.N.Y. 1995) (same); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied sub nom. Pac. Shores Dev., LLC v. Home Corp.*, 546 U.S. 814 (2005); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject.").

19. In this instance, the balance of the equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative charges for leases that provide no tangible benefit to the Debtors' estates. Moreover, the Counterparties will not be unduly prejudiced if the rejection is deemed effective retroactively because they will receive notice of this Motion and have sufficient opportunity to act accordingly pursuant to the proposed Rejection Procedures. In addition, in many instances, by the time the Counterparties receive notice of this Motion, in substantially the form attached hereto as **Exhibit 2**, the Counterparties will be relieved of their own obligations under the Leases—allowing them to cease performance and immediately repossess their property, if applicable. In fact, the Counterparties may benefit from such rejection because, in those

8

instances, the Debtors have vacated the premises and surrendered the keys to the Counterparties, thereby allowing the appropriate Counterparties to re-let the premises immediately. *See, e.g., In re The Reader's Digest Ass'n, Inc.*, No. 09-23529 (Bankr. S.D.N.Y Sept. 17, 2009) (approving rejection of eight leases where the debtors had surrendered the keys to the lease counterparties); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of case where debtor turned over keys and vacated premises prepetition and served motion to reject lease as soon as possible); *In re Federated Dep't Stores, Inc.*, 131 B.R. 808, 814 (S.D. Ohio 1991) (affirming lower court's approval of department store debtor's rejection of real property lease where debtor had closed ailing department store and no longer needed the leased premises). In sum, the Debtors respectfully submit that it is fair and equitable for the Court to find that the Leases are rejected as of the Commencement Date, which is the date this Motion is filed.

20. In many chapter 11 cases in this district and others, courts have authorized similar relief. *See, e.g., In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (Bankr. S.D.N.Y Sept. 17, 2009); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005); *In re Tower Auto., Inc.*, Case No. 05-10578 (Bankr. S.D.N.Y. Feb. 3, 2005); *In re UAL Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. Dec. 11, 2002); *In re Kmart Corp.*, Case No. 02-02474 (Bankr. N.D. Ill. Jan. 25, 2002).

### **Request for Waiver of Stay**

21. The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "a[n] order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons set forth above, the

Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

22.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **Motion Practice**

23.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

24.     The Debtors have caused notice of this Motion to be provided by electronic mail, facsimile, and/or by overnight mail to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims; (c) counsel to the agent for the Debtors' proposed postpetition secured lender; (d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the indenture trustee for each of the Debtors' secured and unsecured outstanding bond issuances; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) the Counterparties to the Dark Store Leases.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that further notice of this Motion is neither required nor necessary.

## **No Prior Request**

25.     No prior motion for the relief requested herein has been made to this or any other court.

K&E 18124056.3

WHEREFORE, for the reasons set forth herein and in the Brace Declaration, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

New York, New York
Dated:  December 12, 2010

/s/ *Paul M. Basta*

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Proposed Counsel to the Debtors
and Debtors in Possession

K&E 18124056.3

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA | ) Case No. 10-_____ (___) |
| COMPANY, INC., *et al.* | ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED
## NONRESIDENTIAL REAL PROPERTY LEASES

Upon the motion (the "***Motion***")[1] of The Great Atlantic & Pacific Tea Company, Inc.

("***A&P***") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"***Debtors***"),[2] for entry of an order (this "***Order***") authorizing the Debtors to reject certain

unexpired leases of nonresidential real property, set forth on **Exhibit 1** attached hereto

(collectively, the "***Dark Store Leases***") pursuant to the proposed rejection notice procedures as

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

set forth herein (the "***Rejection Procedures***"); and upon the Brace Declaration; and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Rejection Procedures are approved in connection with the rejection of any lease of the Debtors as follows:

      a.      Within three (3) business days of the entry of this Order, the Debtors shall serve a notice (the "***Notice***") in the form of **Exhibit 2** attached hereto to each Counterparty.  The Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable:  (i) the street address of the real property underlying the lease; (ii) the Debtors' monthly payment obligation, if any, under the lease; (iii) the remaining term of the lease; (iv) the name and address of the landlord; (v) a general description of the terms of the lease; and (vi) a disclosure describing the procedures for filing objections.  The Notice shall be accompanied by a copy of the Order granting the relief requested in this motion.

      b.      Should a party in interest object to the proposed rejection by the Debtors of a lease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties no later than 15 calendar days after the date the Debtors serve the

Notice: (i) counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: Nikki R. Thomas; (ii) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (iii) counsel to the administrative agent for the Debtors' proposed postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; and (iv) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004.

c. If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any lease as to which an objection is properly filed and served. If the Court upholds the objection, and the subject of the objection is the proper effective date of rejection, and the Court determines the effective date of rejection of such lease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease shall be deemed to have occurred on the Rejection Date (as defined herein).

d. Absent an objection being filed in compliance with subparagraph c of this paragraph, the rejection of such lease shall become effective as December 12, 2010 (the "***Rejection Date***") without further notice, hearing or order of this Court.

e. If the Debtors have deposited monies with a lessor as a security deposit or other arrangement, such lessor may not set off or otherwise use such deposit without the prior authority of the Court.

3. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, including the rejection of the Dark Store Leases.

4. The Debtors' rejection of the Dark Store Leases pursuant to section 365(a) of the Bankruptcy Code is an exercise of the Debtors' sound business judgment and is in the best interest of the Debtors' estates and creditors.

5. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

K&E 18124056.3

6.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

White Plains, New York                    _____
Date: _____, 2010                    United States Bankruptcy Judge

# **EXHIBIT 1**

## **Rejection Schedule**

# Rejection Schedule

| COUNTERPARTY | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|
| DOMINION SQUARE-CULPEPER, LLC, C/O ASTON PROPERTIES, INC. | A&P | ROUTE 15 & 29 NORTH CULPEPPER VA | 8/31/2011 |
| OSTER YORKTOWN PROPERTIES, LLC, | A&P | 629 DOWNING DRIVE, YORKTOWN HEIGHTS, NY | 7/31/2019 |
| HELLER DESIGNS, INC. PROFIT SHARING PLAN & TRUST | A&P | MONTAUK HIGHWAY AND PANTIAGO ROAD EAST HAMPTON, NY | 7/1/2022 |
| PLAINFIELD ASSOCIATES, C/O SKYLINE MANAGEMENT CORP. | A&P | 3600 PARK AVENUE SOUTH PLAINFIELD, NJ | 4/30/2018 |
| S&S INVESTMENTS | A&P | 2333 WELSH ROAD ANSDALE, PA | 6/2/2015 |
| STREET RETAIL, INC, C/O FEDERAL REALTY INVESTMENT TRUST | A&P | WASHINGTON STREET & BEALL AVE ROCKVILLE, MD | 1/31/2028 |
| BEL AIR PLAZA INC, C/O HILL MANAGEMENT | A&P | 599 W. BALTIMORE NATIONAL PIKE BEL AIR, MD | 1/31/2015 |
| INLAND RETAIL REAL ESTATE LIMITED PARTNERSHIP, C/O DEVELOPERS DIVERSIFIED REALTY CORP. | A&P | 2825 GLENN DALE RD. BOWIE, MD | 9/30/2020 |
| LDG, INC. | A&P | 3901 ASPEN HILL ROAD WHEATON, MD | 6/30/2011 |
| HC SPECTRUM PARTNERS, LP, C/O TREMARK MANAGEMENT, INC. | A&P | 616 E. MAIN ST. LANSDALE PA | 9/30/2016 |
| DAVIDSON REALTY ASSOCIATES, LLC | A&P | 52 WESTFIELD AVENUE CLARK, NJ | 12/31/2018 |
| WOODBRIDGE REALTY ASSOCIATES, LLC, C/O MYRON D. VOGEL | A&P | 789 ST. GEORGES AVE. WOODBRIDGE NJ | 9/30/2025 |
| MAPLE CORPORATION, C/O PETER NALITT | A&P | 453 VALLEY STREET MAPLEWOOD NJ | 6/30/2011 |
| NB REALTY, LLC | A&P | 445 PLEASANT WAY WEST ORANGE, NJ | 7/31/2018 |
| CV SUMMERHILL LLC, C/O ONYX MANAGEMENT GROUP, LLC | A&P | 647 ROUTE 18 EAST BRUNSWICK NJ | 1/31/2016 |
| VORNADO LODI DELAWARE, LLC, C/O VORNADO REALTY TRUST | A&P | 4 MEMORIAL DRIVE LODI NJ | 4/30/2019 |
| BELLEVILLE CENTER, LLC | PATHMARK STORES, INC. | 726 WASHINGTON AVENUE BELLEVILLE, NJ | 2/28/2011 |
| HRI - NORTH BERGEN, LLC, C/O THE HUTENSKY GROUP | PATHMARK STORES, INC. | 2115 69TH STREET NORTH BERGEN, NJ | 6/30/2021 |

| COUNTERPARTY | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|
| LEVCO ROUTE 46 ASSOCIATES | PATHMARK STORES, INC. | 1510 ROUTE 46 WEST PATERSON, NJ | 5/31/2013 |
| PAL-PIKE ASSOCIATES | PATHMARK STORES, INC. | KMART PLAZA 1410 ROUTE 10 WEST RANDOLPH, NJ | 7/31/2011 |
| NORTH PLAINFIELD VF, LLC | PATHMARK STORES, INC. | 1188 ROUTE 22 EAST NORTH PLAINFIELD, NJ | 10/30/2011 |
| OTR ASSOCIATES | PATHMARK STORES, INC. | 1665 OAK TREE ROAD EDISON, NJ | 12/31/2020 |
| OSTER LINDEN PROPERTIES LLC | PATHMARK STORES, INC. | 1151 WEST ST. GEORGES AVENUE LINDEN, NJ | 12/31/2013 |
| NOBRUN REALTY CORP. | PATHMARK STORES, INC. | 1345 ROUTE 1 NORTH BRUNSWICK, NJ | 8/31/2013 |
| HK NEW PLAN BRISTOL PLAZA, LP, C/O NEW PLAN EXCEL REALTY TRUST, INC. | PATHMARK STORES, INC. | 2671 DURHAM ROAD BRISTOL, PA | 3/31/2014 |
| MARLBORO PLAZA ASSOCIATES LLC | PATHMARK STORES, INC. | MARLBORO PLAZA 120 ROUTE 9 ENGLISHTOWN, (MARLBORO), NJ | 2/28/2013 |
| ACP CUMBERLAND ASSOCIATES | PATHMARK STORES, INC. | 2225 NORTH 2ND ST. MILLVILLE, NJ | 12/31/2019 |
| PARK EAST LLC | PATHMARK STORES, INC. | 2305 JERICHO TURNPIKE GARDEN CITY, NY | 3/31/2011 |
| RIVEROAK/COFINANCE-CARTERET, LLC | PATHMARK STORES, INC. | 200 MILIK STREET CARTERET, NJ | 12/31/2011 |
| J.H.W. CONSTRUCTION CORP., C/O GARDEN HOMES | PATHMARK STORES, INC. | 945 BALD HILL WARWICK, RI | 5/31/2011 |
| BELLEVILLE SQUARE LIMITED PARTNERSHIP, C/O CANVASSER DEVELOPMENT | BORMAN'S, INC. | 10900 BELLEVILLE BELLEVILLE MI | 8/31/2011 |
| NOVOGRODER/CARO LLC, NOVOGRODER COMPANIES, INC | BORMAN'S, INC. | 1085 E. CARO ROAD CARO, MI | 1/31/2017 |
| KIMCO WHITE LAKE 667, INC. | BORMAN'S, INC. | 7121 DIXIE HIGHWAY CLARKSTON, MI | 8/31/2015 |
| ADAMS WATERFORD, LLC | BORMAN'S, INC. | 4998 DIXIE HIGHWAY WATERFORD MI | 4/30/2024 |
| WALLED LAKE STATION, INC. | BORMAN'S, INC. | 730 N. PONTIAC TRAIL WALLED LAKE, MI | 1/31/2016 |
| SOUTHGATE PARTNERS LLC, C/O MICHAEL S. SISSKING & CO. | BORMAN'S, INC. | 13777 EUREKA ROAD SOUTHGATE MI | 10/31/2013 |
| HARVARD ROW INVESTMENTS | BORMAN'S, INC. | 21800 W 11 MILE RD SOUTHFIELD MI | 4/30/2015 |
| CANTON CENTER PORTFOLIO, L.P. | BORMAN'S, INC. | 225 CANTON CENTER SOUTH CANTON MI | 12/31/2019 |
| G/W JEFFERSON-ST. JEAN LLC | BORMAN'S, INC. | 12250 EAST JEFFERSON DETROIT MI | 6/30/2023 |

K&E 18124056.3

| COUNTERPARTY | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|
| TAYLOR COMMONS LIMITED PARTNERSHIP, C/O C.O. MANAGEMENT SERVICES INC. | BORMAN'S, INC. | 21592 ECORSE ROAD TAYLOR MI | 7/31/2011 |
| MT. CLEMENS INVESTMENT GROUP, LLC, C/O DR. MOSTAFA A. AFR | BORMAN'S, INC. | 50 N. GROESBECK HWY. MT. CLEMENS MI | 4/30/2018 |
| MILFORD INVESTORS, LLC | BORMAN'S, INC. | 161 S. MILFORD ROAD MILFORD, MI | 9/30/2023 |
| CHESTERFIELD DEVELOPMENT COMPANY LLC, C/O DAMICO DEVELOPMENT INC. | BORMAN'S, INC. | 51328 GRATIOT AVENUE CHESTERFIELD TWP., MI | 12/31/2016 |
| COLONY PARK-DEARBORN, L.L.C. | BORMAN'S, INC. | 20601 WEST WARREN STREET DEARBORN HEIGHTS, MI | 6/30/2024 |
| PMF STERLING HEIGHTS PROPERTIES, LLC | BORMAN'S, INC. | 13255 15 MILE ROAD STERLING HEIGHTS MI | 7/31/2020 |
| FORUM AT GATEWAYS, LLC | BORMAN'S, INC. | 44777 MOUND ROAD STERLING HEIGHTS MI | 5/31/2019 |
| SANTIA FAMILY - RAINBOW PLAZA, LLC | BORMAN'S, INC. | 54750 SHELBY ROAD SHELBY TOWNSHIP MI | 3/31/2020 |
| MARROCCO INVESTMENTS AND VALENTI INVESTMENTS, LLC | BORMAN'S, INC. | 14601 E. TWELVE MILE ROAD WARREN, MI | 1/25/2011 |
| PONTIAC MALL LIMITED PARTNERSHIP | BORMAN'S, INC. | 9050 HIGHLAND ROAD WHITE LAKE, MI | 11/30/2019 |
| FJ LIVONIA PORTFOLIO, L.P. | BORMAN'S, INC. | 29751 SEVEN MILE ROAD LIVONIA, MI | 10/31/2020 |
| RIVERBEND COMMONS, LLC | BORMAN'S, INC. | 407 S. TELEGRAPH ROAD MONROE, MI | 5/31/2022 |
| VIENNA POINTE, LLC | BORMAN'S, INC. | 4270 W. VIENNA ROAD CLIO, MI | 2/29/2020 |
| YPSILANTI REAL ESTATE HOLDINGS, LLC, C/O DR. IMAD A. AL-AZEM | BORMAN'S, INC. | 3020 WASHTENAW AVE. YPSILANTI, MI | 2/28/2019 |
| F.W. SANDUSKY LIMITED PARTNERSHIP, C/O RD MANAGEMENT CO. | BORMAN'S, INC. | 605 WEST SANILAC SANDUSKY, MI | 11/30/2014 |
| RAMCO GERSHENSON PROPERTIES LP, C/O RAMCOGERSHENSON, INC. | BORMAN'S, INC. | 3711 LAPEER ROAD FLINT, MI | 3/31/2017 |
| 18718 BORMAN LLC | BORMAN'S, INC. | 18718 BORMAN AVENUE DETROIT, MI | 4/30/2025 |
| BRE REALTY LLC | WALDBAUM INC. | 207 WEBSTER SQUARE ROAD BERLIN, CT | 9/30/2016 |
| LEVITOWN MEWS ASSOCIATES, LP | WALDBAUM INC. | 3377 HEMPSTEAD TURNPIKE LEVITTOWN, NY | 3/31/2014 |
| 655 MONTAUK LLC | WALDBAUM INC | 655 MONTAUK HIGHWAY EAST PATCHOGUE, NY | 6/26/2020 |

K&E 18124056.3

| COUNTERPARTY | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|
| BASSER KAUFMAN OF CENTEREACH, LLC | APW SUPERMARKETS, INC. | 1934 MIDDLE COUNTRY RD. CENTEREACH, NY | 10/31/2026 |
| DRR, L.L.C | SUPER FRESH FOOD MARKETS, INC. | 4301 MARKET STREET WILMINGTON, DE | 11/30/2014 |
| GENERAL AUTO OUTLET, L.P., C/O GOODMAN PROPERTIES | SUPER FRESH FOOD MARKETS, INC. | 3070 WELSH ROAD & TWINING ROADS WILLOW GROVE, PA | 12/31/2010 |
| COVENTRY RETAIL, LP, C/O STOLTZ MANAGEMENT | SUPER FRESH FOOD MARKETS, INC. | RT 100 & 724, NORTH COVENTRY (POTTSTOWN), PA | 12/31/2012 |
| ACP PENNSVILLE ASSOCIATES, C/O AMERICAN CONTINENTAL PROPERTIES, LLC | SUPER FRESH FOOD MARKETS, INC. | ROUTE 49 AND HOOK PENNSVILLE, NJ | 1/31/2014 |
| QUINTESSA HUEY & CARYN L. FONG, AS TRUSTEES OF THE HUEY & FONG TRUST | SUPER FRESH/SAV-A-CENTER, INC. | 8301 WEST JUDGE PEREZ DRIVE CHALMETTE, LA | 8/31/2024 |
| 2424 MANHATTAN BOULEVARD, LLC | SUPER FRESH/SAV-A-CENTER, INC. | 2424 MANHATTAN BOULEVARD HARVEY, LA | 12/31/2017 |
| SUNSET & PRAIRIE, LLC, C/O GENERAL CAPITAL GROUP | KOHL'S FOOD STORES, INC. | S20 W24836 SUNSET WAUKESHA, WI | 9/30/2020 |
| CENTRO NP RESIDUAL POOL 1 SPE LLC | FARMER JACK'S OF OHIO, INC. | 5700 MONROE STREET SYLVANIA, OH | 2/28/2021 |
| FLYING TIGER PROPERTIES II, LLC/FLYING TIGER PROPERTIES III, LLC | FARMER JACK'S OF OHIO, INC. | 7041 ORCHARD CENTRE HOLLAND, OH | 3/31/2021 |
| ISAAC FARMER JACK LASKEY, LLC | FARMER JACK'S OF OHIO, INC. | 2630 LASKEY ROAD TOLEDO, OH | 6/30/2021 |
| DOROTHY ENTERPRISES, LTD. | FARMER JACK'S OF OHIO, INC. | 2150 S. BYRNE ROAD TOLEDO, OH | 2/28/2022 |
| ADAMS RUN SHOPPING CENTER ASSOCIATES, L.P., C/O K&C MANAGEMENT CO. | FOOD BASICS, INC. | 6201-6231 N. FRONT PHILADELPHIA, PA | 9/30/2016 |
| WHITE III, LLC | HOPELAWN PROPERTY I, INC. | 6001 BULLARD AVENUE NEW ORLEANS, LA | 6/30/2017 |

K&E 18124056.3

**EXHIBIT 2**

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

   - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-_____ (___) |
| Debtors. | Joint Administration Requested |

**NOTICE OF REJECTION OF**
**CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES**

      **PLEASE TAKE NOTICE** that, on [_____], 2010 (the "***Commencement Date***"),
The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***") and certain of its affiliates, as debtors
and debtors in possession (collectively, the "***Debtors***"),[1] filed chapter 11 petitions commencing

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL
Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW
Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best
Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars
Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart,
Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC
(9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape
Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp.
(7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster

chapter 11 cases under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").

       **PLEASE TAKE FURTHER NOTICE** that, on December 12, 2010, the Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases Nunc Pro Tunc to the Date Hereof* [Docket No. ___ ] (the "***Motion***"). On [____], the Bankruptcy Court entered the *Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases* [Docket No. ____ ] (the "***Order***").

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the above-captioned debtors and debtors in possession (the "***Debtors***") hereby provide notice of their intent to reject the lease referenced below (the "***Lease***"):

| | |
|---|---|
| Landlord Name and Address | |
| Real Property Lease Address | |
| Remaining Term on Lease | |
| Monthly Lease Obligation | |
| Lease Description | |

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the Lease shall become effective as of December 12, 2010 without further notice, hearing or order of this Court (the "***Rejection Date***").

       **PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Lease, you must file and serve a written objection so that such objection is filed with the Bankruptcy Court and **actually received** no later than 15 days after the date that the Debtors served this "Notice of Rejection of Unexpired Lease of Nonresidential Real Property Leases" (the "***Notice***") by the following parties: (i) counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: Nikki R. Thomas; (ii) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 50

Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (iii) counsel to the administrative agent for the Debtors' proposed postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; and (iv) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004.

**Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Rejection Date without further notice, hearing or order of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Bankruptcy Court will schedule a hearing to consider that objection. If the Bankruptcy Court upholds the objection and determines the effective date of rejection of such lease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Bankruptcy Court does not determine the date of rejection, the rejection date of such lease shall be deemed to have occurred on the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor as a security deposit or arrangement, such lessor or contract counter-party may not off-set or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Order and the Motion are available at www.kccllc.net/aptea. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at https://ecf.nysb.uscourts.gov.

| | |
|---|---|
| New York, New York | /s/_____ |
| Dated: _____, 2010 | James H.M. Sprayregen, P.C. |
| | Paul M. Basta |
| | Ray C. Schrock |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | - and - |
| | James J. Mazza, Jr. |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Proposed Counsel to the Debtors and Debtors in Possession |

3