James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-24549 (RDD) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF
AN ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES AND RELATED SUBLEASES**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Debtors' Second Omnibus Motion for Entry of an Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases and Related Subleases* (the "***Motion***") to the Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), at 300 Quarropas Street, White Plains,

New York 10601, at a hearing to be held on **January 10, 2011 at 10:00 a.m. (ET)** (the "*Hearing*").

      **PLEASE TAKE FURTHER NOTICE** that, objections, if any, to the relief requested in the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (a) proposed counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: James J. Mazza, Jr.; (b) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (c) counsel to the administrative agent for the Debtors' proposed postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; (d) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (e) proposed counsel to the official committee of unsecured creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn.: Dennis F. Dunne,

2

Attn.: Abhilash M. Raval; and (f) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75] so as to be actually received no later than **no later than January 3, 2011 at 4:00 p.m. (ET)**.  Only those responses that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors without further notice.  The parties are required to attend the Hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

New York, New York
Dated: December 22, 2010

*/s/* Ray C. Schrock
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -
James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Proposed Counsel to the Debtors
and Debtors in Possession

3

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

        - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED**
**NONRESIDENTIAL REAL PROPERTY LEASES AND RELATED SUBLEASES**

The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "*Debtors*"),[1] file this motion (the "*Motion*"),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC

for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), authorizing the Debtors to reject certain unexpired leases and subleases of nonresidential real property as set forth on **Exhibit 1** annexed to **Exhibit A** pursuant to the proposed rejection notice procedures as set forth herein (the "*Rejection Procedures*"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.    The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*").

## Background

4.    On December 12, 2010 (the "*Commencement Date*"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are

---

(9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

2

operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered.

5.      The Debtors are one of the nation's leading food and drug retailers. The Debtors operate 395 supermarkets, combination food and drug stores, liquor stores, and limited assortment food stores across eight Northeastern states and the District of Columbia.

6.      In the twelve months ended September 11, 2010, the Debtors reported revenues of $8.4 billion. As of September 11, 2010, the Debtors reported total assets of $2.5 billion and liabilities of $3.2 billion.

7.      The Debtors currently employ approximately 41,000 employees. Approximately 91 percent of the Debtors' employees are covered by collective bargaining agreements, and approximately 68 percent of the Debtors' employees are employed on a part time basis.

## The Debtors' Real Property Leases and Subleases

8.      As of the Commencement Date, the Debtors were tenants, and, in some cases, sublessors, under hundreds of nonresidential real property leases across 23 states and the District of Columbia. Generally, the Debtors do not own the property from which they conduct their operations, but rather lease such nonresidential real property for the operation of supermarkets, liquor stores, combination food and drug stores, and limited assortment food stores.

9.      On December 12, 2010, the Debtors' filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing Rejection of Certain Nonresidential Real Property Leases Nunc Pro Tunc to the Date Hereof* [Docket No. 17] (the "**First Rejection Motion**"). The order authorizing the relief sought in the First Rejection Motion was entered on December 15, 2010 [Docket No. 81]. The Debtors have identified an additional 25 leases for rejection, as set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto (the "**Store Leases**"). The Debtors no longer occupy the premises associated with the Store Leases and have subleased the property to third

3

parties, as set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto (the "***Subleases***," and, collectively with the Store Leases, the "***Leases***"). The Debtors entered the Subleases to offset expenses associated with continuing payment obligations under the Store Leases. However, for the vast majority of the Leases, the monthly payments received in connection with the Subleases fall short of covering the Store Leases' rent. Moreover, while the monthly payments received in connection with four of the Subleases may cover the Store Leases' rent, those Leases (and, indeed, all of the Leases) are for real property located in parts of the country that are no longer part of the Debtors' core business operations. Finally, after accounting for income from subtenants, the Debtors estimate that the Leases will impose approximately $8.6 million in base rent costs in 2011 alone. Thus, the Debtors have determined in their business judgment to reject the Leases by this Motion.

**Rejection Notice and Effective Date**

10. To provide the lessors under the Store Leases and the sublessees under the Subleases (the lessors collectively with the sublessees, the "***Counterparties***") with notice of the Debtors' intent to reject the Leases and to allow the sublessees the opportunity to vacate or re-negotiate leases for the relevant properties, the Debtors propose the following Rejection Procedures:

    a. Along with the Motion, the Debtors shall serve a notice (the "***Notice***") in the form of **Exhibit B** attached hereto to each Counterparty. The Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the real property underlying the lease or sublease; (ii) the Debtors' monthly payment obligation, if any, under the lease; (iii) the remaining term of the lease or sublease; (iv) the name and address of the landlord; (v) a general description of the terms of the lease or sublease; and (vi) a disclosure describing the procedures for filing objections.

    b. Should a party in interest object to the proposed rejection by the Debtors of a Lease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following

4

parties by no later than **January 3, 2011 at 4:00 p.m. (ET)** (the "*Objection Deadline*"): (i) proposed counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: James J. Mazza, Jr.; (ii) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (iii) counsel to the administrative agent for the Debtors' proposed postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; (iv) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (v) proposed counsel to the official committee of unsecured creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn.: Dennis F. Dunne, Attn.: Abhilash M. Raval; and (vi) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75].

c.     If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any lease or sublease as to which an objection is properly filed and served by the Objection Deadline. If the Court upholds the objection, and the subject of the objection is the proper effective date of rejection, and the Court determines the effective date of rejection of such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease or sublease shall be deemed to have occurred on the Rejection Date (as defined herein).

d.     Absent an objection being filed in compliance with subparagraph c of this paragraph, the rejection of such lease or sublease shall become effective within 9 calendar days of this Motion without further notice, hearing or order of this Court (the "*Rejection Date*").

e.     If the Debtors have deposited monies with a lessor as a security deposit or other arrangement, such lessor may not set off or otherwise use such deposit without the prior authority of the Court.

### Relief Requested

11.     By this Motion, the Debtors seek entry of an order authorizing the Debtors to reject the Leases set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto.

K&E 18157244.13

<u>**Basis for Relief**</u>

**A.      Rejection of the Leases Reflects the Debtors' Sound Business Judgment.**

12.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

13.      The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Enron Corp.*, Case No. 01-16034, 2006 WL 898033, at 4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate.") *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim or caprice. *See Westbury Real Estate Ventures v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

14.      Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See Orion Pictures Corp.*, 4 F.3d at 1098-99; *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases

is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

15. Here rejection of the Leases is clearly an exercise of sound business judgment. The Debtors have exited the properties associated with the Leases and have no intent to return. Moreover, the revenue generated by the Subleases is not enough to cover the rent under the Leases or is break-even in markets they have exited.[2]

**B.     Deeming Rejection of the Leases Effective as of the Proposed Rejection Date Is Appropriate.**

16. The Debtors also respectfully submit that it is appropriate for the Court to approve the proposed Rejection Date as the effective date for rejection of the Leases.

17. While section 365 of the Bankruptcy Code does not specifically address the effective date of rejection, courts may exercise their discretion in setting effective rejection dates. *See In re ION Media Networks, Inc.*, No. 09-13125 (Bankr. S.D.N.Y. Aug. 20 2009) (authorizing rejection of executory contracts and unexpired leases as of the date of the filing of the motion requesting relief); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject."); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

---

[2]   The rejection of an underlying lease—here the Store Leases—will automatically result in the rejection of a related sublease, since "the sublease depends upon the continuing viability of the prime [i.e., underlying] lease…" *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).

K&E 18157244.13

18.     The Debtors submit that rejection of the Leases with an effective date within 9 days of filing of the Motion is appropriate to give sublessees the opportunity to vacate the premises or enter into a new lease with the lessors, if they wish to remain at the property. This also ensures that the Debtors will not unnecessarily incur potential administrative expense claims in connection with the Leases as the lessors and sublessees potentially negotiate with each other.

**Request for Waiver of Stay**

19.     The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "a[n] order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

20.     To the extent Bankruptcy Rule 6004 applies, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h

**Motion Practice**

21.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

22.     The Debtors have caused notice of this Motion to be provided by electronic mail, facsimile, and/or by overnight mail to: (a) the Office of the United States Trustee for the Southern District of New York; (b) proposed counsel to the official committee of unsecured creditors; (c) counsel to the agent for the Debtors' proposed postpetition secured lenders;

8

(d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the indenture trustees for each of the Debtors' secured and unsecured outstanding bond issuances; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) the Counterparties to the Leases. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that further notice of this Motion is neither required nor necessary.

## **No Prior Request**

23.     No prior motion for the relief requested herein has been made to this or any other court.

*[Concluded on the following page.]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

New York, New York
Dated:  December 22, 2010

/s/ Ray C. Schrock
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

Proposed Counsel to the Debtors
and Debtors in Possession

K&E 18157244.13

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA | ) | Case No. 10-24549 (RDD) |
| COMPANY, INC., *et al.* | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND RELATED SUBLEASES

Upon the motion (the "***Motion***")[1] of The Great Atlantic & Pacific Tea Company, Inc.

("***A&P***") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"***Debtors***"),[2] for entry of an order (this "***Order***") authorizing the Debtors to reject certain

unexpired leases and subleases of nonresidential real property, set forth on **Exhibit 1** attached

hereto (collectively, the "***Leases***"); and the Court having found that this Court has jurisdiction

over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408 and notice of the Motion appearing adequate and appropriate under the circumstances, and the Court having found that no other or further notice need be provided, except as set forth herein; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "*Hearing*"); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and there being no objections to the relief granted herein; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, pursuant to section 365 of the Bankruptcy Code, to reject the Leases identified on **Exhibit 1** attached hereto, and each such Lease is rejected effective as of December 31, 2010. Any property of the Debtors' estate in the leased premises will be deemed abandoned under section 554 of the Bankruptcy Code.

3. The Debtors' rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code is an exercise of the Debtors' sound business judgment and is in the best interest of the Debtors' estates and creditors.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

K&E 18157244.13

6.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York
Date: _____ ____, 2010

_____
United States Bankruptcy Judge

# **EXHIBIT 1**

## **Rejection Schedule**

## Rejection Schedule

| COUNTERPARTY | LESSOR/ SUBLESSEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|---|
| M&G EQUITIES, C/O AMTRUST REALTY CORP. | LESSOR | A&P (D/B/A FARMER JACK'S) | 900 NORTHFIELD ROAD BEDFORD, OH | 6/30/2013 |
| RISER FOODS COMPANY C/O GIANT EAGLE, INC. | SUBLESSEE | A&P (D/B/A FARMER JACK'S) | 900 NORTHFIELD ROAD BEDFORD, OH | 6/30/2013 |
| RAMCO-GERSHENSON PROPERTIES, L.P. | LESSOR | A&P (D/B/A FARMER JACK'S) | 31240 GROESBECK HIGHWAY FRASER, MI | 3/31/2012 |
| RALLER CORPORATION D/B/A OAKRIDGE SUPERMARKET | SUBLESSEE | A&P (D/B/A FARMER JACK'S) | 31240 GROESBECK HIGHWAY FRASER, MI | 3/30/2012 |
| HOOVER CAPITAL GROUP, LLC | LESSOR | A&P (D/B/A FARMER JACK'S) | 4331 KIRK RD. AUSTINTOWN TWP. (YOUNGSTOWN), OH | 9/30/2014 |
| GIANT EAGLE, INC | SUBLESSEE | A&P (D/B/A FARMER JACK'S) | 4331 KIRK RD. AUSTINTOWN TWP. (YOUNGSTOWN), OH | 9/29/2014 |
| ARNOLD D. BECKER | LESSOR | BORMAN'S, INC. | 1255 S. MAIN ST. CHELSEA, MI | 1/31/2020 |
| POLLY'S, INC. | SUBLESSEE | BORMAN'S, INC. | 1255 S. MAIN ST. CHELSEA, MI | 1/31/2020 |
| VIVIAN L. ROSS | LESSOR | BORMAN'S, INC. | 20880 FORT STREET RIVERVIEW, MI | 6/30/2011 |
| DUNHAM'S ATHLEISURE CORPORATION | SUBLESSEE | BORMAN'S, INC. | 20880 FORT STREET RIVERVIEW, MI | 4/30/2011 |
| REGENCY REALTY GROUP, INC., C/O REGENCY CENTERS CORPORATION | LESSOR | BORMAN'S, INC. | 15100 SILVER LAKE PKWY. FENTON, MI | 3/31/2021 |
| FAMILY FARE, LLC C/O SPARTAN STORES, INC. | SUBLESSEE | BORMAN'S, INC. | 15100 SILVER LAKE PKWY. FENTON, MI | 3/31/2021 |
| KMC ASSOCIATES, LLC, C/O STERLING MANAGEMENT CO. | LESSOR | BORMAN'S, INC. | 1390 N. LEROY FENTON, MI | 6/30/2017 |
| FAMILY FARE, LLC C/O SPARTAN STORES, INC | SUBLESSEE | BORMAN'S, INC. | 1390 N. LEROY FENTON, MI | 6/30/2017 |

| COUNTERPARTY | LESSOR/ SUBLESSEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|---|
| PMF MACOMB PROPERTIES, LLC | LESSOR | BORMAN'S, INC. | 45300 HAYES ROAD MACOMB, MI | 7/31/2020 |
| HALL ROAD LAND CO., LLC | SUBLESSEE | BORMAN'S, INC. | 45300 HAYES ROAD MACOMB, MI | 7/31/2020 |
| SAUK TRAIL COMMONS, L.L.C., C/O INVESTICO DEVELOPMENT CORPORATION | LESSOR | BORMAN'S, INC. | 1335 E. MICHIGAN AVENUE SALINE, MI | 12/31/2020 |
| POLLY'S INC. | SUBLESSEE | BORMAN'S, INC. | 1335 E. MICHIGAN AVENUE SALINE, MI | 12/31/2020 |
| WALDON PROPERTIES, INC | LESSOR | BORMAN'S, INC. | 6555 SASHABAW ROAD CLARKSTON, MI | 10/31/2019 |
| SALVATION ARMY ARC | SUBLESSEE | BORMAN'S, INC. | 6555 SASHABAW ROAD CLARKSTON, MI | 10/31/2019 |
| PINE GROVE PLAZA LIMITED PARTNERSHIP, C/O M.D. GORGE & CO. | LESSOR | BORMAN'S, INC. | 3520 PINE GROVE PORT HURON, MI | 1/31/2012 |
| CUTTING EDGE HEALTH & FITNESS, INC | SUBLESSEE | BORMAN'S, INC. | 3520 PINE GROVE PORT HURON, MI | 1/31/2012 |
| 50820 SCHOENHERR ROAD (FJ) ASSOCIATES, LLC, C/O SUPERIOR REALTY GROUP, LLC | LESSOR | BORMAN'S, INC. | 50820 SCHOENHERR ROAD UTICA, MI | 1/31/2021 |
| FAMILY FARE, LLC C/O SPARTAN STORES, INC. | SUBLESSEE | BORMAN'S, INC. | 50820 SCHOENHERR ROAD UTICA, MI | 1/31/2021 |
| GILSOM SAFDEYE | LESSOR | BORMAN'S, INC. | 36622 FIVE MILE ROAD LIVONIA, MI | 6/30/2013 |
| CVS #08121-01 | SUBLESSEE | BORMAN'S, INC. | 36622 FIVE MILE ROAD LIVONIA, MI | 6/30/2013 |
| LIVONIA REALTY MARKET CENTER, INC., C/O KELLER-WILLIAMS REAL ESTATE | SUBLESSEE | BORMAN'S, INC. | 36622 FIVE MILE ROAD LIVONIA, MI | 6/30/2013 |
| TCI WILLOWBROOK VILLAGE, INC., C/O REGIS PROPERTY MANAGEMENT | LESSOR | BORMAN'S, INC. | 373 NORTH WILLOWBROOK ROAD COLDWATER, MI | 1/31/2012 |

K&E 18157244.13

| COUNTERPARTY | LESSOR/ SUBLESSEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|---|
| BIG LOTS STORES, INC. #01691B | SUBLESSEE | BORMAN'S, INC. | 373 NORTH WILLOWBROOK ROAD COLDWATER, MI | 1/30/2012 |
| CEDAR-STADIUM PLAZA LLC, C/O CEDAR SHOPPING CENTERS, INC. | LESSOR | BORMAN'S, INC. | 2775 E. GRAND RIVER EAST LANSING, MI | 8/31/2022 |
| HOB-LOB LIMITED PARTNERSHIP | SUBLESSEE | BORMAN'S, INC. | 2775 E. GRAND RIVER EAST LANSING, MI | 10/31/2015 |
| GALILEO DELTA CENTER, LLC, C/O AUSTRALIAN MANAGEMENT, L.P. | LESSOR | BORMAN'S, INC. | 5801 W. SAGINAW HWY. DELTA TWP, MI | 10/31/2021 |
| HOB-LOB LIMITED PARTNERSHIP | SUBLESSEE | BORMAN'S, INC. | 5801 W. SAGINAW HWY. DELTA TWP, MI | 10/31/2015 |
| RAMCO/WEST ACRES LLC | LESSOR | BORMAN'S, INC. | 5080 CORUNNA FLINT, MI | 8/31/2018 |
| FAMILY FARE, LLC C/O SPARTAN STORES, INC. | SUBLESSEE | BORMAN'S, INC. | 5080 CORUNNA FLINT, MI | 8/31/2018 |
| WAYNE MICHIGAN PLAZA, LLC | LESSOR | BORMAN'S, INC. | 35400 E. MICHIGAN AVENUE WAYNE, MI | 3/31/2013 |
| P&P REAL ESTATE INVESTMENT, INC. | SUBLESSEE | BORMAN'S, INC. | 35400 E. MICHIGAN AVENUE WAYNE, MI | 3/31/2013 |
| TEL-7 VENTURES | LESSOR | BORMAN'S, INC. | 19150 TELEGRAPH RD. DETROIT, MI | 3/31/2015 |
| P&P REAL ESTATE INVESTMENT, INC. | SUBLESSEE | BORMAN'S, INC. | 19150 TELEGRAPH RD. DETROIT, MI | 3/31/2015 |
| COLLEGE PARK PARTNERS LLC, C/O FARBMAN GROUP | LESSOR | BORMAN'S, INC. | 8000 W. OUTER DRIVE DETROIT, MI | 7/31/2015 |
| P&P REAL ESTATE INVESTMENT, INC. | SUBLESSEE | BORMAN'S, INC. | 8000 W. OUTER DRIVE DETROIT, MI | 7/31/2015 |
| AC I STERLING HEIGHTS, LLC C/O ARMSTRONG CAPITAL LLC | LESSOR | BORMAN'S, INC. | 3995 FOURTEEN MILE ROAD STERLING HEIGHTS, MI | 2/28/2025 |
| P&P REAL ESTATE INVESTMENT, INC. | SUBLESSEE | BORMAN'S, INC. | 3995 FOURTEEN MILE ROAD STERLING HEIGHTS, MI | 2/28/2025 |
| ASHLEY LIVONIA A&P, LLC | LESSOR | BORMAN'S, INC. | 28700 PLYMOUTH ROAD LIVONIA, MI | 9/30/2021 |

3

| COUNTERPARTY | LESSOR/ SUBLESSEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE |
|---|---|---|---|---|
| MASTRONARDI PRODUCE-USA, INC. | SUBLESSEE | BORMAN'S, INC. | 28700 PLYMOUTH ROAD LIVONIA, MI | 12/31/16 |
| APPLETON & GRANTOSA, LLC C/O GENERAL CAPITAL GROUP | LESSOR | KOHL'S FOOD STORES, INC. | 8340 W. APPLETON AVE. MILWAUKEE, WI | 4/30/2020 |
| GUARANTY BANK | SUBLESSEE | KOHL'S FOOD STORES, INC. | 8340 W. APPLETON AVE. MILWAUKEE, WI | MONTH TO MONTH |
| FARMERSJACK CHERRY STREET LLC, C/O SHELLEY B. DETRICK | LESSOR | FARMER JACK'S OF OHIO, INC. | 1707 CHERRY STREET TOLEDO, OH | 12/31/2021 |
| SECOND TOLEDO CORP. | SUBLESSEE | FARMER JACK'S OF OHIO, INC. | 1707 CHERRY STREET TOLEDO, OH | 12/31/2021 |
| PREMIER CENTRE, L.L.C. C/O STIRLING PROPERTIES, INC. | LESSOR | SUPER FRESH/SAV-A-CENTER INC. | 3450 HIGHWAY 190 MANDEVILLE, LA | 10/31/2020 |
| ALBERTSON'S LLC | SUBLESSEE | SUPER FRESH/SAV-A-CENTER INC. | 3450 HIGHWAY 190 MANDEVILLE, LA | 10/31/2020 |

4

**EXHIBIT B**

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

   - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

Proposed Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-24549 (RDD) |
| Debtors. | Joint Administration Requested |

## NOTICE OF INTENT TO REJECT CERTAIN
## UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

    **PLEASE TAKE NOTICE** that, on December 12, 2010 (the "***Commencement Date***"), The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[1] filed chapter 11 petitions commencing

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster

chapter 11 cases under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").

PLEASE TAKE FURTHER NOTICE that, on December 22, 2010, the Debtors filed the *Debtors' Second Omnibus Motion for Entry of an Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases and Related Subleases* [Docket No. ___ ] (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that, the above-captioned debtors and debtors in possession (the "***Debtors***") hereby provide notice of their intent to reject the lease referenced below (the "***Lease***"):

| | |
|---|---|
| Lessor/Sublessee Name and Address | |
| Real Property Lease Address | |
| Remaining Term on Lease | |
| Monthly Lease Obligation | |
| Lease Description | |

**PLEASE TAKE FURTHER NOTICE** that, the rejection of the Lease shall become effective as of December 31, 2010 without further notice, hearing or order of this Court (the "***Rejection Date***").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Lease, you must file and serve a written objection so that such objection is filed with the Bankruptcy Court and **actually received** by no later than **January 3, 2011 at 4:00 p.m. (ET)** by the following parties:   (i) proposed counsel for the Debtors, Kirkland & Ellis LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: James J. Mazza, Jr.; (ii) counsel to any committee appointed in these chapter 11 cases, and until such appointment, the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (iii) counsel to the administrative agent for the Debtors' proposed postpetition

Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein; (iv) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden, Attn.: Richard Morrissey; (v) proposed counsel to the official committee of unsecured creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn.: Dennis F. Dunne, Attn.: Abhilash M. Raval; and (vi) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75] (the "***Objection Notice Parties***").

**Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Rejection Date without further notice, hearing or order of the Bankruptcy Court.**

PLEASE TAKE FURTHER NOTICE that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Bankruptcy Court will schedule a hearing to consider such objection. If the Bankruptcy Court upholds the objection and determines the effective date of rejection of such lease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Bankruptcy Court does not determine the date of rejection, the rejection date of such lease shall be deemed to have occurred on the Rejection Date.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor as a security deposit or arrangement, such lessor may not off-set or otherwise use such deposit without prior authorization from the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that copies of the Order and the Motion are available at www.kccllc.net/aptea. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at https://ecf.nysb.uscourts.gov.

3

New York, New York
Dated: _____, 2010

/s/ _____
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Proposed Counsel to the Debtors
and Debtors in Possession

4