Cuevas & Greenwald, P.C.
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                   Chapter 11

THE GREAT ATLANTIC & PACIFIC TEA          Case Nos. 10-24549-rdd (Case Nos. 10-
COMPANY, INC. et al [1]                               24548 –through 10-24601-rdd)

Debtors.

-----------------------------------------------------------X

**NOTICE OF RECLAMATION DEMAND**

**PLEASE TAKE NOTICE** that Fleetwood Provisions LLC. ("Fleetwood"), through its counsel, hereby files this notice of delivery of a written demand, pursuant to sections 503 and 546 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., and applicable non-

---

[1] The Debtor in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Berger Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720; Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc. (1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455): Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super FreshlSav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532): Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242): the Old Wine Emporium of West Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc. (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

bankruptcy law, on the above-captioned debtor ("Debtor") to reclaim certain assets (the "Goods") that are subject to reclamation. The Goods were sold in the ordinary course of Fleetwood's business and delivered on credit terms to, and received by, the Debtor during the 45 days prior to the filing of Debtor's bankruptcy petition. Fleetwood further believes the Debtor was insolvent at the time it received delivery of the Goods. Fleetwood attaches a true and correct copy of its demand letter dated January 4, 2011 (without enclosures) delivered to the Debtor's counsel as Exhibit "A." The value of the Goods at issue in the demand is at least $9,337.55.

Dated: Yonkers, New York
       January 4, 2011

                            CUEVAS & GREENWALD, P.C.
                            Attorneys for FLEETWOOD PROVISIONS LLC

                            By: /s/ Carlos J. Cuevas
                                Carlos J. Cuevas
                                1250 Central Park Avenue
                                Yonkers, New York 10704
                                Tel. No. 914.964.7060

# CUEVAS & GREENWALD, P.C.
*Attorneys*

at 1250 Central Park Avenue
Yonkers, NY 10704
Tel: 914-964-7060  Fax: 914-964-7064
e-mail: CCuevas576@aol.com

Carlos J. Cuevas

January 4, 2011

VIA E-MAIL AND
OVERNIGHT MAIL

Paul M. Basta, Esquire
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022

Re: The Great Atlantic & Pacific Tea Company, Inc. – Reclamation Demand

Dear Mr. Basta:

    This firm represents Fleetwood Provisions LLC ("Fleetwood"). We are aware that The Great Atlantic & Pacific Tea Company, Inc. (the "Debtor"), and certain related affiliates, filed Chapter 11 bankruptcy petitions on December 12, 2010 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case No. 10- 24549-RDD) (jointly administered). Fleetwood has sold and shipped certain Goods (defined below) to the Debtor, and the Debtor took possession of such Goods prior to the commencement of its bankruptcy case. The goods subject to this demand are identifiable, and are included on the invoices attached hereto as Exhibit A, which are hereby incorporated herein by reference. Section 2-702 of the Uniform Commercial Code states that where a seller discovers that a buyer received goods on credit while insolvent, the seller may reclaim the goods upon written demand made within 10 days of receipt of the goods by the buyer. 11 U.S.C. § 546(c) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") extends the lookback period to 45 days. In addition, a demand for reclamation may be made within 20 days of the commencement of such buyer's bankruptcy case. Pursuant to the above-referenced statutes, demand is hereby made by Fleetwood for reclamation or return of the goods included on the invoices set forth on Exhibit A, as well as any other goods not included on the invoices on Exhibit A, but which were received during the 45 days preceding the initiation of the Debtor's bankruptcy proceedings (collectively, the "Goods"). Based upon the information currently available to Fleetwood,

the Debtor received the Goods on credit while insolvent within the 45 days preceding the commencement of the Debtor's bankruptcy case, and as of the date of this letter, no part of the purchase price has been paid for such Goods. The Goods were delivered without Fleetwood's knowledge of the Debtor's insolvency. Accordingly, Fleetwood hereby demands that all of the Goods be returned to it immediately pursuant to this Demand Letter. In addition, Fleetwood further demands that the Goods be immediately segregated for return to Fleetwood. Fleetwood expressly prohibits the Debtor from consuming or further consuming any of the goods or make any sales or further sales of the Goods to others. The Goods shall be held in trust for Fleetwood pending their return. In the alternative, and assuming the Debtor wishes to retain possession of the goods at issue, demands allowance of an administrative claim for the value of any Goods received by the Debtor during the 20 days preceding the commencement of the Debtor's bankruptcy case. Section 503(b)(9) of the Bankruptcy Code grants an administrative claim to sellers of goods received by a debtor in the ordinary course of business 20 days prior to the filing of a debtor's bankruptcy petition. Accordingly, a review of Fleetwood's books and records regarding Goods shipped during the 20 days prior to the filing of the Debtor's bankruptcy shows that at least $9,337.55 owed to Fleetwood as an administrative expense claim. Please promptly confirm that the Debtor will honor Fleetwood's reclamation demand and/or administrative claim demand for the Goods.

    Thank you for your consideration.

                                            Yours truly,

                                            /s/ Carlos J. Cuevas

                                            Carlos J. Cuevas

cc: Mr. C. Gurrieri