James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone      (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DEBTORS' *EX PARTE* MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL
DEBTORS' TRUCKING AGREEMENT WITH GROCERY HAULERS, INC.**

The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "***Debtors***"),[1] file this motion (the "***Motion***"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best (Continued…)

for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), authorizing the Debtors to file under seal their trucking contract with Grocery Haulers, Inc. (as amended from time to time, the "***GHI Contract***"). In support of the Motion, the Debtors respectfully state as follows:[2]

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Bankruptcy Rules***").

## Background

4. On December 12, 2010 (the "***Commencement Date***"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are

---

Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

2   Debtors' counsel has conferred with GHI's counsel in connection with this Motion and the Order. The Debtors understand that GHI's counsel supports the relief requested herein.

operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered.

5. On December 21, 2010, the Office of the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") appointed the official committee of unsecured creditors of A&P (the "***Committee***") pursuant to section 1102 of the Bankruptcy Code [Docket No. 132].

6. The Debtors are one of the nation's leading food and drug retailers. The Debtors operate 395 supermarkets, combination food and drug stores, liquor stores, and limited assortment food stores across eight Northeastern states and the District of Columbia.

7. In the twelve months ended September 11, 2010, the Debtors reported revenues of $8.4 billion. As of September 11, 2010, the Debtors reported total assets of $2.5 billion and liabilities of $3.2 billion.

8. The Debtors currently employ approximately 41,000 employees. Approximately 91 percent of the Debtors' employees are covered by collective bargaining agreements, and approximately 68 percent of the Debtors' employees are employed on a part time basis.

**The Debtors Seek to File Their Agreement with GHI Under Seal**

9. On January 18, 2011, the Debtors filed their *Motion for Entry of an Order Authorizing Rejection of Trucking Agreement with Grocery Haulers, Inc.* [Docket No. 545] (the "***GHI Rejection Motion***").[3] In the GHI Rejection Motion, the Debtors requested the Court's authorization to reject the GHI Contract as a valid exercise of their reasonable business judgment. The Debtors wish to make the GHI Contract available for the Court to review in conjunction with the hearing on the merits of the GHI Rejection Motion. The Debtors seek to

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the GHI Rejection Motion.

3

file the GHI Contract under seal in light of the commercial sensitivity of information contained therein.

10. The GHI Contract contains certain sensitive pricing information and other terms relating to GHI's and the Debtors' business practices, the public disclosure of which (a) would constitute a violation of the GHI Contract; and (ii) could have a devastating impact upon GHI and its ability to operate competitively. Further, making it available to the general public would impair GHI's ability to secure future business and give competitors an unfair advantage.

11. In addition, as more fully explained in the GHI Rejection Motion, to replace the GHI Contract, the Debtors circulated requests for proposals ("*RFPs*") to certain logistics and commercial transportation service providers (including GHI). Publicly filing the GHI Contract would undermine the RFP process by giving potential bidders access to pricing and certain other salient terms of the Debtors' current arrangement with GHI. Although the Debtors have substantially completed the interim RFP process (as will be further detailed in the Debtors' reply in support of the GHI Rejection Motion, which will be filed with the Court on January 31, 2011), they expect to continue to have discussions with parties relating to their long-term supply and logistics arrangements. Rather than submit their best offers, bidders could reevaluate their bids or otherwise put GHI in a disadvantageous position going forward. This would deprive the Debtors of an opportunity to potentially realize substantial cost savings through their ongoing supply and logistics efforts.

## Relief Requested

12. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing them to file under seal, in accordance with section 107(b) of the Bankruptcy Code, the GHI Contract and all relevant amendments thereto. The Debtors seek further authorization to maintain the GHI Contract under seal and confidential and

not be made available to anyone without the consent of both the Debtors and GHI or by further order of the Court.

**Basis for Relief**

13. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…

11 U.S.C. § 107(b).[4]

14. Importantly, once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

15. Bankruptcy Rule 9018 identifies the procedure by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

Fed. R. Bankr. P. 9018. Commercial information has been defined to include any information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion*, 21 F.3d at 27 (*citing In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)).

---

[4] In fact, the Congressional intent of section 107(b) was to require the bankruptcy court on request of a party in interest to seal trade secrets, confidential research, development or commercial information. *See* Senate Report No. 989 § 107.01, 107-2 (section 107(b) "requires the court, on the request of a party in interest, to protect trade secrets, confidential research, development, or commercial information").

16. The Debtors submit that the information contained in the GHI Contract falls well within the scope of commercial information that may be protected pursuant to section 107(b)(1). Allowing disclosure of the GHI Contract's terms would be extremely disruptive to the Debtors' RFP bidding process and negotiations with potential replacement service providers, thereby harming the estates. Moreover, allowing disclosure of the GHI Contract would hinder GHI's ability to compete for future business by disclosing sensitive pricing and other commercial terms.

17. The Debtors believe that providing copies of the GHI Contract to the Court, and subject to confidentiality, the Committee's retained professionals on a "professionals' eyes only" basis, counsel to the agent for the Debtors' postpetition secured lenders on a "professionals' eyes only" basis, and the U.S. Trustee, will allow the Debtors to provide appropriate levels of information to certain parties to these proceedings while still maintaining the confidentiality of commercial or otherwise sensitive information where necessary and appropriate.

## Motion Practice

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

## Notice

19. Notice of this Motion to be provided by electronic mail, facsimile, and/or by overnight mail to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the official committee of unsecured creditors; (c) counsel to the agent for the Debtors' postpetition secured lenders; (d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the indenture trustees for each of the Debtors' secured and unsecured

outstanding bond issuances; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75]. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

| | |
|---|---|
| New York, New York<br>Dated: January 31, 2011 | */s/ Ray C. Schrock*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>Ray C. Schrock<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>James J. Mazza, Jr.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>Counsel to the Debtors and Debtors in Possession |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) ) | Case No. 10-24549 (RDD) |
|  | ) |  |
| Debtors. | ) ) | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL TRUCKING AGREEMENT WITH GROCERY HAULERS, INC.**

Upon the *ex parte* motion ("**Motion**")[1] of The Great Atlantic & Pacific Tea Company, Inc. ("**A&P**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"),[2] for entry of an order (this "**Order**") pursuant to sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 permitting them to file the GHI Contract under seal; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, to file the GHI Contract under seal. The GHI Contract shall remain under seal and confidential and shall not be made available to anyone, other than as provided for in paragraph 3 of this Order, without the consent of the Debtors and GHI or further order of the Court.

3. The GHI Contract shall not be disseminated to anyone other than the Court, the Committee's professionals on a "professional eyes' only" basis, counsel to the agent for the Debtors' postpetition secured lenders on a "professional eyes' only" basis, and the U.S. Trustee without either (a) the express consent of the Debtors and GHI, or (b) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to the Debtors and GHI. Such parties shall be bound by this Order and shall at all times keep the GHI Contract strictly confidential and shall not disclose the GHI Contract or the contents thereof to any party whatsoever. The Committee's professionals shall not disclose the GHI Contract or the contents thereof to any Committee member.

4. The requirements set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York are satisfied by the contents of the Motion.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York  
Date: _____, 2010        United States Bankruptcy Judge