UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| Debtors. | ) Jointly Administered |

### ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL TRUCKING AGREEMENT WITH GROCERY HAULERS, INC.

Upon the motion ("**Motion**")[1] of The Great Atlantic & Pacific Tea Company, Inc. ("**A&P**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"),[2] for entry of an order (this "**Order**") pursuant to sections 105 and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 permitting them to file the GHI Contract under seal; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, to file the GHI Contract under seal. The GHI Contract shall remain under seal and confidential and shall not be made available to anyone, other than as provided for in paragraph 3 of this Order, without the consent of the Debtors and GHI or further order of the Court.

3. The GHI Contract shall not be disseminated to anyone other than the Court, the Committee's professionals on a "professional eyes' only" basis, counsel to the agent for the Debtors' postpetition secured lenders on a "professional eyes' only" basis, and the U.S. Trustee without either (a) the express consent of the Debtors and GHI, or (b) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to the Debtors and GHI. Such parties shall be bound by this Order and shall at all times keep the GHI Contract strictly confidential and shall not disclose the GHI Contract or the contents thereof to any party whatsoever. The Committee's professionals shall not disclose the GHI Contract or the contents thereof to any Committee member.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| White Plains, New York<br>Date: January 31, 2010 | /s/ Robert D. Drain<br>United States Bankruptcy Judge |