**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                              :

In re:                                 :      Chapter 11
                              :

THE GREAT ATLANTIC & PACIFIC TEA  :      Case No. 10-24549 (RDD)
COMPANY, INC., et al.,                       :
                              :      (Jointly Administered)
          Debtors.          :
                              :
------------------------------------------------------------ x

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014 AND S.D.N.Y. LBR 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS ITS FINANCIAL ADVISOR AS OF DECEMBER 21, 2010**

Upon the application, dated January 14, 2011 (the "Application"), of the Official Committee of Unsecured Creditors (the "Committee") of The Great Atlantic & Pacific Tea Company, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order authorizing the Committee to employ and retain FTI Consulting, Inc. ("FTI"), effective as of December 21, 2010, as financial advisor for the Committee in the Chapter 11 Cases, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and the Court having considered the Affidavit of Samuel Star, sworn to January 10, 2011, in support of the Application; and the Court being satisfied, based on the representations in the Application and the Star Affidavit, that FTI does not hold or represent any other entity having an adverse interest in connection with the Chapter 11 Cases within the meaning of section 1103(b) of the Bankruptcy Code and is a "disinterested person" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for objections to the Application having expired on March 1, 2011; and with no objections having been timely filed by any party; and the Court having entered an Interim Order (the "<u>Interim Order</u>") dated February 15, 2011 [Docket No. 775], approving the Application on an interim basis without objection; and no objection having been timely made or filed by either the Debtors, the United States Trustee or any other party; and due and proper notice of the Application, Interim Order and the hearing to consider entry of a final order approving the Application having been provided as approved in the Interim Order; and it appearing that no further notice need be provided; and the Court having reviewed the Application and having heard statements in support of the Application at the interim and final hearings held before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

ORDERED that in accordance with section 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI effective as of December 21, 2010 as its

financial advisor on the terms set forth in the Application as modified herein; and it is further

ORDERED that to the extent accrued during its retention, FTI shall receive (a) its Monthly Fixed Fee and its Completion Fee as specified in its Application; provided that, the Monthly Fixed Fee shall be reduced to $112,500 for the 19th month of this engagement and any months following the 19th month of this engagement; provided, further, that, the Completion Fee shall be payable only in connection with confirmation of a chapter 11 plan, and (b) reimbursement of FTI's expenses; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code; provided that, if the Committee retains an investment banker and such investment banker's retention is approved by the Bankruptcy Court, forty percent (40%) (i.e., $1 million) of the Completion Fee shall be subject to section 330 review by the Debtors (and only the Debtors); provided, further, that, the U.S. Trustee reserves the right to review FTI's interim and final fee applications subject to the standard of review provided in section 330 of the Bankruptcy Code; and it is further

ORDERED that FTI shall record and disclose in its fee applications hours expended at a summarized level that includes the total number of hours worked by professionals and the total number of hours spent by task category, and for each task category, FTI shall provide an explanation of the type of work performed; provided that, all of FTI's personnel who provide services to or on behalf of the Committee, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in at least half-hour increments; and it is further

ORDERED that the following indemnification provisions are approved:

a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence, willful misconduct, breach of fiduciary duty or self-dealing, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence, willful misconduct, breach of fiduciary duty or self-dealing but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application and this Order, including, without limitation, the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI; and it is further

ORDERED that in the event that FTI seeks reimbursement for attorneys' fees from the Debtors' estates, the invoices and supporting time records for such attorneys shall be included in FTI's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under sections 327, 328 or 1103 of the Bankruptcy Code and without regard to whether such attorneys' services

satisfy section 330 (a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that FTI will file fee applications for interim and final allowance of compensation and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any guidelines established by the U.S. Trustee relating to the compensation of professionals and any applicable procedures or guidelines as may be fixed by orders of the Bankruptcy Court; and it is further

ORDERED that notwithstanding anything to the contrary in any outside document, FTI shall not seek the reimbursement of legal fees and expenses with respect to any routine retention and/or fee application matters and, with respect to the reimbursement of any other legal fees and expenses, the U.S. Trustee's right to object to any such other legal fees and expenses on any grounds is hereby preserved; and it is further

ORDERED that FTI shall seek to avoid duplication of services provided by other professionals retained by the Committee, if any, in these cases; and it is further

ORDERED that to the extent that the Committee requests additional services not set forth herein or, in the Application, FTI and the Committee may enter into additional arrangements, as necessary, and will file and serve a notice of presentment of an order to this Court for approval of any such additional services and serve such requests upon the Debtors, the U.S. Trustee, Counsel to the Agent for the Debtors' Postpetition Secured Lenders, and all other parties required to be served under the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and the procedures set forth in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75]; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: White Plains, New York
      March 10, 2011

                                            <u>/s/Robert D. Drain</u>
                                            HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE