KELLEY DRYE & WARREN LLP  Hearing Date: April 28, 2011 at 10:00 a.m.
James S. Carr  Objection Deadline: April 21, 2011 at 4:00 p.m.
Robert L. LeHane
Jason R. Alderson
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Developers Diversified Realty Corporation and ,
Regency Centers, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA ) | |
| COMPANY, INC., *et al.,* ) | Case No. 10 – 24549 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**LIMITED OBJECTION OF DEVELOPERS DIVERSIFIED REALTY CORPORATION AND REGENCY CENTERS, L.P. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF CERTAIN SUPERFRESH BANNER STORE ASSETS**

Developers Diversified Realty Corporation and Regency Centers, L.P. (collectively, the "Landlords"), by and through their attorneys, Kelley Drye & Warren LLP, hereby submit this limited objection (the "Limited Objection") to Debtor's Motion for Entry of an Order Approving Bidding Procedures in Connection with the Proposed Sale of Certain SuperFresh Banner Store Assets (the "Motion"), and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The bidding procedures contained in the Motion (the "SuperFresh Bidding Procedures") should be modified to promptly require the Debtors to provide information demonstrating adequate assurance of future performance of any proposed assignee of the Lease(s) to be assumed and assigned so as to be promptly received by the affected Landlords

upon completion of the Auction scheduled for May 17, 2011. The Landlords need timely notice in order to evaluate such adequate assurance information prior to the Sale Hearing currently scheduled for June 14, 2011.

2. A ready solution to the Landlords' issues can be found in the assumption and assignment procedures contained in the order granting the Debtors' "Store Rationalization Motion" on March 10, 2011 (Docket Entry No. 1004). These procedures, which were negotiated in part by the Landlords, require the Debtors to provide an assumption and assignment notice setting forth, *inter alia*, a certification that the proposed assignee has provided information to the affected lease counterparty demonstrating assignee's ability to comply with the adequate assurance requirements of sections 365(f) and 365(b) of the Bankruptcy Code. The same notice also provides the proposed "cure amount" for each lease to be assumed and assigned, as well as deadlines and procedures for the filing of objections to the assumption and assignment notice.

3. Incorporating or adopting the Store Rationalization procedures to govern the assumption and assignment of leases subject to the SuperFresh Bidding Procedures provides an expedient yet mutually agreeable resolution to the Landlord's concerns. Although the Landlords believe that the Debtors would have to agree, the Landlords filed this Limited Objection to protect their rights under section 365 of Bankruptcy Code in the event an acceptable resolution is not achieved prior to the hearing on the Motion.

**BACKGROUND**

3. On December 12, 2010 (the "Petition Date"), The Great Atlantic & Pacific Tea Company, Inc., and its debtor affiliates, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Landlords are the owners, or the managing agents for the landlords, of shopping centers located in Connecticut, Maryland, Michigan, New Jersey, and New York. The Debtors lease retail space from the Landlords pursuant to written leases (collectively, the "<u>Leases</u>"). The premises subject to the Leases are all located in shopping centers as that term is defined in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1087 (3d Cir. 1990).

**LIMITED OBJECTION**

7. The SuperFresh Bidding Procedures, if granted, would govern the sale of the Debtors' assets located at 25 stores operating under the SuperFresh Banner. Although the Debtors' assets include the Debtors' interest in non-residential real property leases, the SuperFresh Bidding Procedures do not contain assumption and assignment procedures and otherwise fail to provide the affected Landlords with any apparent notice that the Leases may be assumed and assigned in the proposed sale. Further, the Debtors effectively abrogate their obligations under section 365 of the Bankruptcy Code by affirmatively requiring the Landlords to seek out and obtain financial information from the Debtors at some unspecified point in time demonstrating the proposed assignee's ability to comply with the adequate assurance requirements set forth in sections 365(b)(3) and 365(f)(2)(B) of the Bankruptcy Code.[1] (Motion at p. 10). This Court cannot countenance the Debtors' attempt to evade section 365 of the

---

[1] The plain language of section 365(f)(2) of the Bankruptcy Code mandates that a debtor "may assign an executory contract or unexpired lease *only* if . . . (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there have been a default in such contract or lease." (emphasis added).

Bankruptcy Code. It is the Debtors, and not the Landlords, who are obligated to obtain and provide information demonstrating adequate assurance of future performance.

8. The Motion does not indicate what notice, if any, will be provided to the Landlords regarding the affected Leases upon the Debtors' filing of the Sale Motion prior to the proposed Sale Hearing scheduled for June 14, 2011. There is no reason for such uncertainty and speculation when assumption and assignment procedures, already vetted by the Landlords, have been entered in these cases by virtue of the order approving the Debtors' Store Rationalization Motion. Accordingly, the Landlords' Limited Objection could be easily resolved by the incorporation or adoption of such assumption and assignment procedures into the SuperFresh Bidding Procedures.

## CONCLUSION

WHEREFORE, the Landlords respectfully request that the Court enter an order (i) modifying the relief requested in the SuperFresh Motion as set forth herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 21, 2011

KELLEY DRYE & WARREN LLP

By: */s/ Robert L. LeHane*
    Robert L. LeHane
    James S. Carr
    Jason R. Alderson
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

*Attorneys for Developers Diversified Realty Corporation and Regency Centers, L.P.*