Robert A. Burka
FOLEY AND LARDNER
3000 K Street Northwest
Suite 600
Washington, DC 20007-5109
Telephone: (202) 672 – 5345
Facsimile: (202) 672 – 5399

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| *In Re:* | Chapter 11 |
| THE GREAT ATLANTIC AND PACIFIC TEA COMPANY INC., *et al* | Case No.10-24549 (RDD) |
| *Debtors* | Jointly Administered |

---

### OBJECTION OF ROBERT A. BURKA AND PAUL S. BURKA, TRUSTEES, TO SELECTION OF MRS. GREEN' S MANAGEMENT CORP. AND VILLAGE SUPERMARKET INC. AS SUCCESSFUL BIDDERS FOR LEASE OF SUPER FRESH STORE AT 4330 - 48TH STREET NW WASHINGTON, DC

#### BACKGROUND

By Notice of Sale filed May 23, 2011, docket entry 1652, the debtors gave notice of the selection of successful bidders for their interest in leases of their southern stores. That notice included disclosure that Mrs. Green's Management Corp. and Village Supermarket Inc., jointly, have been selected by the debtor as the successful bidders for the lessee's interest in the lease of the store at 4330 - 48th Street NW, Washington, DC (the "Store"), designated by the debtors as SuperFresh Store No. 070-2979.

Press accounts report that Mrs. Green's Management Corp. ("Mrs. Green's") will be the operator of the Store. Mrs. Green's is not qualified to assume the subject lease, and therefore should not be approved as the successful bidder.

Movants, Robert A. Burka and Paul S. Burka, as trustees of an unnamed trust dated as of January 2, 1976, doing business as the Apex Real Estate Company ("Apex"). Apex is the owner and landlord of the SuperFresh store number 70-2979, the subject of this matter

OBJECTIONS

Section 365 (b) (3) (A) mandates that Mrs. Green's have "the financial condition and operating performance . . . similar to the financial condition and operating performance of the debtor . . . *as of the time the debtor became the lessee under the lease*." (Emphasis supplied). In addition, Mrs. Green's must "provide . . . adequate assurance of future performance under such . . . lease." § 365 (b) (1) (C). There are numerous reasons why Mrs. Green's is ineligible to be an assignee of this lease, and thus, an ineligible bidder for this location at the May 17 and May 18, 2011, auction.

1.    Although operated under the SuperFresh banner, the tenant is its parent, the Great Atlantic & Pacific Tea Company, Inc. ("A&P"), which apparently had approximately $37 billion in annual sales (in 2011 dollars) when the instant the lease was executed in May 1962. In contrast, Mrs. Green's is not a credit tenant and does not have the "financial condition and operating performance" of A&P in 1962. Mrs. Green's, about which there is scant public information available, appears to have only 11 stores that average between $1 million and $3 million in annual sales – – in contrast to SuperFresh's sales at this location in excess of $14.1 million in 2010.

2.    Mrs. Green's also cannot provide "adequate assurance of future performance." Not only is Mrs. Green's apparently a thinly capitalized business with apparently only 11 retail locations – – none in the Washington DC metropolitan area – – but its parent, Planet Organic Market, was the subject of the Canadian equivalent of a chapter 7 bankruptcy in 2010 and its assets were sold to an entity owned by a hedge fund, Catalyst Capital Group, Inc.

3.   We do not know Mrs. Green's plans for this location, but if it is operated primarily as a retail food market it must be able to pay base rent of $246,422 plus make a showing that it can pay percentage rent of $180,000, the amount projected based on SuperFresh's sales at this location in the 2006 – 2010 period (the last years unaffected by bankruptcy), increased by 20%, the amount that the debtor represented to Apex that sales would increase as a result of the renovation and remodeling of the Store anticipated and authorized by the March 2010 second amendment to the subject lease. In addition, Mrs. Green's must demonstrate its ability to cover CAM expense and real estate tax reimbursements, which averaged $328,642 annually in the 2008 – 2010 period.

4.   During any period that Mrs. Green's "goes dark" at this location or "converts the store in the premises to any use which is not primarily a retail food market," then rent — including CAM expense and real estate tax reimbursements — becomes of a minimum of $674,070 annually, as specified in paragraph 8 of the first amendment to the subject lease.  Accordingly, it is difficult to comprehend how Mrs. Green's can provide the requisite "adequate assurance" without, at least , a very large escrow or similar security.

It is also to be noted that the lease cannot be assumed, a prerequisite to its assignment to Mrs. Green's, without payment of the § 365 (b) (1) (6) "cure costs" of $491,019.  These "cure costs" are detailed in Apex's contemporaneous motion for termination of the automatic stay.

## Conclusion

For the foregoing reasons the debtors' selection of Mrs. Green as the successful bidder for the Store should not be approved and the debtor should be denying relief of the nature that is the subject of the debtor's Notice of Sale filed May 23, 2011, docket entry 1652.

Dated: May 26, 2011.

Respectfully submitted,


_/s/ Robert A. Burka_
Robert A. Burka
Bar No.  RB -3371
3000 K Street Northwest
Suite 600
Washington, DC 20007-5109
Telephone: (202) 672 – 5345
Facsimile:  (202) 672 – 5399

Counsel for Robert A. Burka and Paul S. Burka, Trustees d/b/a Apex Real Estate Company