James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-24549 (RDD) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING
THE NOTICE PERIOD FOR HEARING ON DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO APPLY THE
COURT-APPROVED STORE RATIONALIZATION PROCEDURES TO CONDUCT
STORE CLOSING SALES AT CERTAIN SUPERFRESH BANNER STORES**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Debtors' Motion for Entry of an Order Shortening the Notice Period for Hearing on Debtors' Motion for Entry of an Order Authorizing the Debtors to Apply the Court-Approved Store Rationalization Procedures to Conduct Store Closing Sales at Certain Superfresh Banner Stores* (the "**Motion**") to the Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern

District of New York (the "**Bankruptcy Court**"), at 300 Quarropas Street, White Plains, New York 10601, at a hearing to be held on May 31, 2011 at 10:00 a.m. (ET) (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that, objections, if any, to the relief requested in the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-399 or by first-class mail upon each of the following: (a) counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: James J. Mazza, Jr.; (b) counsel for Wilmington Trust Company as indenture trustee for the Debtors' prepetition unsecured notes, Covington & Burling LLP, 620 Eighth Ave, New York, New York, 10018, Attn.: Michael B. Hopkins, Attn.: Ronald A. Hewitt; (c) counsel for Wells Fargo Bank, N.A., as successor trustee and collateral agent for the Debtors' prepetition secured notes, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn.: Edward S. Weisfelner; (d) counsel to the administrative agent for the Debtors' postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein, Attn.: Marshall S. Huebner; (e) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (f) counsel to the official committee of unsecured creditors, Milbank, Tweed,

Hadley & McCloy LLP, Attn.: Dennis F. Dunne, Attn.: Abhilash M. Raval, Attn.: Matthew S. Barr; and (g) any other parties as specified in the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 75] so as to be actually received **no later than no later than May 31, 2011 at 9:00 a.m. (ET).**

Only those responses that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors without further notice. The parties are required to attend the Hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

| | |
|---|---|
| New York, New York<br>Dated: May 27, 2011 | */s/ Ray C. Schrock*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>Ray C. Schrock<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>    - and -<br><br>James J. Mazza, Jr.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>Counsel to the Debtors and Debtors in Possession |

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

  - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**MOTION FOR ENTRY OF AN ORDER SHORTENING
THE NOTICE PERIOD FOR HEARING ON DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO APPLY THE
COURT-APPROVED STORE RATIONALIZATION PROCEDURES TO CONDUCT
STORE CLOSING SALES AT CERTAIN SUPERFRESH BANNER STORES**

The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"),[1] file this motion (the "*Motion*") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), authorizing the Debtors to shorten the notice period for a hearing on *Debtors' Motion for Entry of an Order Authorizing the Debtors to Apply the Court-Approved Store Rationalization Procedures to Conduct Store Closing Sales at Certain Superfresh Banner Stores* (the "*Store Rationalization Motion*"), which is being filed concurrently herewith.[2] In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Store Rationalization Motion.

2

K&E 19083197

3. The statutory predicate for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

**Background**

4. On December 12, 2010 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered. On December 21, 2010, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**").

**Relief Requested**

5. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice with respect to the hearing on the Store Rationalization Motion and setting the date and time for the hearing on the Store Rationalization Motion as **May 31, 2011 at 10:00 a.m. (prevailing Eastern Time)** (the "*Hearing*") before Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), at 300 Quarropas Street, White Plains, New York 10601.

6. In addition, and in light of the short notice period, A&P requests that the Court modify the deadline for the service and filing of objections to allow objections to approval of the Store Rationalization Motion to **May 31, 2011 at 9:00 a.m. (prevailing Eastern Time).**

3

## Basis for Relief

7. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required for a hearing. See Fed. R. Bankr. P. 9006(c)(1). Here, ample cause exists to reduce the notice period for the hearing on the Store Rationalization Motion and grant this Motion.

8. Through the Store Rationalization Motion, the Debtors seek to apply certain procedures already approved by this Court (the "***Store Rationalization Procedures***") to conduct store closing sales at certain of their Superfresh banner stores located in the Baltimore-Washington D.C. area (collectively, the "***Southern Stores***").[3] The Store Rationalization Procedures apply to all stores in the Debtors' current operating portfolio and provide the Debtors with a general dispensation from state law and lease restrictions, among others, that would limit their ability to conduct store liquidations. The motion provided the Debtors would seek further Court approval of their business judgment to commence store closing sales at store locations other than the 32 stores initially identified in the store rationalization motion.[4]

9. In connection with the development of their business plan, the Debtors made the decision to exit the Southern Stores based on a rigorous analysis of the stores' profitability, prospects for rehabilitation, and position in the Debtors' core operations. The Debtors began marketing the Southern Stores prior to the bankruptcy filing and continued their efforts post-petition with the assistance of their real estate advisor, Hilco Real Estate, LLC ("***Hilco***"), and in accordance

---

[3] *See Order Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (I) Authorizing and Approving (A) Global Store Rationalization Procedures, (B) The Sale of Assets in Connection Therewith Free and Clear of All Liens, Claims, and Encumbrances, (C) the Debtors' Entry Into A Liquidation Consulting Agreement, and (D) Global Procedures For Assumption and Assignment and Rejection of Unexpired Leases; and (II) Granting Related Relief* [Docket No. 1004].

[4] *See Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (I) Authorizing and Approving (A) Global Store Rationalization Procedures, (B) the Sale of Assets in Connection Therewith Free and Clear of All Liens, Claims, and Encumbrances, (C) the Debtors' Entry into a Liquidation Consulting Agreement, and (D) Global Procedures for Assumption and Assignment and Rejection of Unexpired Leases; and (II) Granting Related Relief* [Docket No. 777].

with certain bidding procedures, which this Court approved on May 2, 2011.[5] The Debtors and Hilco contacted a wide array of potentially interested parties, distributed a confidential information memorandum to 53 interested parties, and ultimately obtained firm offers from 13 parties for various packages of the Southern Store assets by the May 13, 2011 bid deadline.

10. After the conclusion of the marketing process and an extensive two-day auction, the Debtors obtained bids for various packages of assets that upon Court approval, will generate more than $40 million in cash proceeds for the estates, free the Debtors from significant costs of operating underperforming stores, and potentially offer continued employment opportunities for A&P employees at certain stores to be purchased by grocery store operators.

11. For those Southern Store locations for which no bids were received or where only the leasehold interests or pharmacy assets were purchased and the inventory left for the estates, the Debtors need to liquidate such inventory in an expedited manner to ensure maximization of estate value as the July 10, 2011 section 365(d)(4) lease assumption deadline approaches.

12. With respect to purchased Southern Stores, the purchase agreements provide for the removal of any excluded assets from the store premises promptly after the sale closing. With respect to the Southern Stores that were not purchased, the Debtors must remove inventory from the store property as soon as possible as they intend to either reject the leases or allow the leases for these stores to be automatically rejected upon the passing of the section 365(d)(4) deadline. Moreover, the delays in the liquidation process have unique implications for the Debtors, as grocers, given the limited shelf-life of much of the inventory they sell. To maintain the value of the

---

[5] *See Order Approving Bidding Procedures in Connection with the Proposed Sale of Certain Superfresh Banner Store Assets* [Docket No. 1478].

K&E 19083197

inventory to be sold in the store closing sales, it is important the Debtors to commence the sales as soon as possible.

13.  The Debtors have conducted the bidding and auction process with a high degree of transparency—consulting the Creditors' Committee, the agent for their postpetition secured financing facility, and the United Food and Commercial Workers International Union and its local affiliates throughout the process.[6] The Debtors have also provided these constituents with advance copies of Store Rationalization Motion and strongly believe that no party in interest will be prejudiced by the shortened notice period for the hearing on the Store Rationalization Motion given this Court's approval of the Store Rationalization Procedures in March to apply to future store closing sales at any of the Debtors' store locations, the full transparency in which the Debtors' have conducted the sale process for the Southern Stores, and the benefits to the Debtors' estates and their creditors of commencing the store closing sales as soon as possible.

## **Motion Practice**

14.  This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## **Notice**

15.  Notice of this Motion shall be provided by electronic mail, facsimile, and/or by overnight mail to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the agent for the Debtors' postpetition secured lenders; (d) counsel to the agent for the Debtors'

---

[6] The Debtors also filed a notice of the auction results on May 23, 2011 indicating the stores for which bids were received and selected as highest and best bids at the auction. Given the Debtors' previous announcement that the Southern Stores would be closed—through a sale or wind down—use of established procedures to conduct liquidation sales at these locations makes complete sense.

K&E 19083197

prepetition secured lenders; (e) the indenture trustees for each of the Debtors' secured and unsecured outstanding bond issuances; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) all parties the Debtors know that hold liens or assert liens against the Southern Store assets; (i) counsel to the purchasers of the Southern Store assets; (j) landlords to the Southern Stores; and (k) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75]. The Debtors respectfully submit that further notice of this Motion is neither required nor necessary. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

16. No prior application for the relief requested herein has been made to this or any other court.

7

K&E 19083197

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A**, shortening the notice period for a hearing on the Store Rationalization Motion as requested herein and granting such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: May 26, 2011 | */s/ Ray C. Schrock*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>Ray C. Schrock<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>- and -<br><br>James J. Mazza, Jr.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>Counsel to the Debtors and Debtors in Possession |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER SHORTENING NOTICE PERIOD FOR HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO APPLY THE COURT-APPROVED STORE RATIONALIZATION PROCEDURES TO CONDUCT STORE CLOSING SALES AT CERTAIN SUPERFRESH BANNER STORES**

Upon the Motion[1] of The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order shortening the notice period for the hearing on *Debtors' Motion for Entry of an Order Authorizing the Debtors to Apply the Court-Approved Store Rationalization Procedures to Conduct Store Closing Sales at Certain Superfresh Banner Stores*; and it appearing that the relief requested is in the best interests of the Debtors' estates, its creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2. The notice period otherwise applicable to the hearing on the Store Rationalization Motion is shortened pursuant to Bankruptcy Rule 9006(c)(1) so that the hearing to consider the Store Rationalization Motion shall be held on **May 31, 2011 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Judge Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, White Plains, New York 10601.

3. Objections to the Store Rationalization Motion shall be filed and served so as to be actually received on **May 31, 2011 at 9:00 a.m. (prevailing Eastern Time)**.

4. A copy of this Order shall be served upon all parties entitled to notice of the Store Rationalization Motion, and such notice shall be deemed good and sufficient notice of the relief requested in the Motion and no further notice shall be required.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2011

United States Bankruptcy Judge