**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| Debtors. | ) Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO APPLY THE COURT-APPROVED STORE RATIONALIZATION PROCEDURES TO CONDUCT STORE CLOSING SALES AT CERTAIN SUPERFRESH BANNER STORES**

Upon the motion (the "*Motion*")[1] of The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*") for the entry of an order (this "*Order*") (a) authorizing the Debtors to (i) commence store closing sales at the Southern Stores in accordance with the Court-approved Store Rationalization Procedures, (ii) sell assets in connection therewith free and clear of liens, claims, or encumbrances, and (b) granting related relief as may be necessary, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted to the extent provided herein.

2. All objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied.

3. The Debtors and their agents are immediately authorized, pursuant to section 363 of the Bankruptcy Code, to conduct store closing sales at the Southern Stores, in their sole discretion, in accordance with the Store Rationalization Procedures approved by this Court on March 10, 2011 without further authorization or notice to the Court, provided that the Debtors shall not sell any Prescription Lists (as such term is defined in the Safeway APA) through the store closing sales.

4. Pursuant to section 363(f) of the Bankruptcy Code, any assets of the Southern Stores being sold through the store closing sales shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), including, without limitation, the liens and security interests of the DIP Agent (collectively, the "**Liens**'"), with such Liens, if any, attaching to the proceeds with the same validity, force, and effect.

5. To the extent that there is any inconsistency between this Order and the terms of the *Final Order* (*I*) *Authorizing Debtors* (*A*) *to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and* (*B*) *to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363,* (*II*) *Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 and* (*III*) *Scheduling Final*

*Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 479] (the "**DIP Order**") or related documents (including, without limitation, sections 5.06 and 6.05 of the debtor-in-possession credit agreement (the "**DIP Credit Agreement**"), the DIP Order and related documents shall control.

6. Nothing herein shall invalidate or modify the DIP Lenders' right to receive 75 days' notice of any rejection of any unexpired lease pursuant to the DIP Order or the DIP Credit Agreement.

7. Subject to paragraph 10 hereof, no entity shall interfere with or otherwise impede the conduct of the store closing sales at the Southern Stores, or institute any action against the Debtors or landlords in any court (other than in this Court) or before any administrative body which in any way directly or indirectly interferes with, obstructs, or otherwise impedes the conduct of the store closing sales at the Southern Stores.

8. Any restrictions in any lease agreement, restrictive covenant, or similar documents purporting to limit, condition, or impair the Debtors' ability to conduct the store closing sales shall not be enforceable, nor shall any breach of such provisions constitute a default under a lease or provide a basis to terminate the lease.

9. The Southern Stores may "go-dark" during the store closing sales and remain "dark" despite any lease restriction, real estate local act, local law, or ordinance to the contrary, and any "continuous operation" or similar clause in any of the leases (or any lease provision that purports to increase the rent or impose any penalty for "going dark") may not be enforced to hinder or interrupt the store closing sales (and the "going dark" under such leases shall not be a basis to cancel or terminate the leases).

10. Subject to applicable state and local public health and safety laws (the "*Safety Laws*'"), and applicable tax, labor, employment, environmental, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, the "*General Laws*"), but excluding Liquidation Sale Laws, the Debtors are authorized to take such actions as necessary and appropriate to conduct the store closing sales without the necessity of a further order of this Court, including, but not limited to, advertising the store closing sales.

11. Provided that the store closing sales are conducted in accordance with the Store Rationalization Procedures, and in light of the provisions in the laws of many local and state laws that exempt court-ordered sales from their provisions, the Debtors shall be presumed to be in compliance or otherwise excused from compliance with any Liquidation Sale Laws, and are authorized to conduct the store closing sales in accordance with the terms of this Order without the necessity of compliance with any such Liquidation Sale Laws.

12. The Debtors shall be entitled to use sign walkers, hang signs, and/or interior or exterior banners advertising the store closing sales in accordance with the Store Rationalization Procedures (or as otherwise agreed between the Debtors and the respective landlords), including, without limitation, advertising the store closing sales as "store closing," "sale on everything," or similar themed sales and by means of media advertising, A-frames, banners, and similar signage, without further consent of any person and without compliance with the Liquidation Sale Laws; *provided, however,* that the use of banners and sign walkers is done in a safe and responsible manner, such sign walkers and banners, in and of themselves, shall not be deemed to be in violation of Safety Laws and/or General Laws.

13. Each and every federal, state, or local agency, departmental or governmental unit with regulatory authority over the store closing sales and all newspapers and other advertising

media in which the store closing sales are advertised shall consider this Order as binding authority that no further approval, license, or permit of any governmental unit shall be required, nor shall the Debtors be required to post any bond, to conduct the store closing sales.

14. State and/or local authorities shall not fine, assess, or otherwise penalize the Debtors or any of the landlords of the Southern Stores for conducting or advertising the store closing sales in a manner inconsistent with state or local law; *provided, however,* that the store closing sales are conducted and advertised in a manner contemplated by this Order.

15. The landlords of the Southern Stores, the liquidation consultant, and the Debtors are authorized to enter into agreements among themselves modifying the Store Rationalization Procedures without further order from the Court, and such agreements shall prevail to the extent inconsistent with the Store Rationalization Procedures.

16. The Debtors will comply with the abandonment procedures set forth in the *Order Approving Expedited Procedures for the Sale, Transfer, and/or Abandonment of De Minimis Assets* [Docket No. 1001], to the extent applicable.

17. The Debtors are authorized to enter into a liquidation consulting agreement to the extent the Debtors deem necessary.

18. The Debtors shall consult with the Creditors' Committee and the DIP Agent (including providing information requested by the Creditors' Committee or the DIP Agent) in connection with the store closing sales contemplated under the Motion.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. The requirement to file a report of the assets sold in the store closing sales pursuant to Bankruptcy Rule 6004(f) is hereby waived.

21. Notwithstanding Bankruptcy Rule 6004 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York  
Date: June 1, 2011

/s/ Robert D. Drain  
United States Bankruptcy Judge