Alan Betten, Esq.
Kandel, Klitenic, Kotz & Betten, LLP
502 Washington Avenue, Suite 610
Towson, MD 21204
(410) 339-7100
abetten@k3blaw.com

*Attorneys for Broadneck Development Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

In re:

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., et al.,

Debtors

-------------------------------------------------X

Chapter 11

Case No. 10-24549
(RDD)

Jointly Administered

**OBJECTION OF BROADNECK DEVELOPMENT CORP. TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER (I) APPROVING SALE OF LOT 1 AND LOT 2
SUPERFRESH STORES TO MRS. GREENS MANAGEMENT CORPORATION
AND VILLAGE SUPER MARKET INC. FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS, (II) THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES IN CONNECTION
THEREWITH, AND (III) GRANTING RELATED RELIEF;
AND
OBJECTION TO NOTICE OF (I) ASSUMPTION AND ASSIGNMENT OF THE
UNEXPIRED LEASE OF STORE NUMBER 891 – ARNOLD, MARYLAND,
(II) PROPOSED LEASE CURE AMOUNTS, (III) OBJECTION DEADLINES, AND
(IV) RELATED INFORMATION**

Broadneck Development Corp. ("Broadneck"), by Alan Betten, Esquire, and Kandel, Klitenic, Kotz & Betten, LLP, its attorneys, hereby files its objections to (A) *Debtors' Motion for Entry of An Order (I) Approving Sale of Lot 1 and Lot 2 Superfresh Stores to Mrs. Greens*

*Management Corporation and Village Super Market Inc. Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) the Assumption and Assignment of Certain Unexpired Leases in Connection Therewith, and (iii) Granting Related Relief (the "Sale Motion"),* and (B) *Notice of (I) Assumption and Assignment of the Unexpired Lease of Store Number 891 – Arnold, Maryland, (Ii) Proposed Lease Cure Amounts, and (III) Objection Deadlines, and (IV) Related Information (the "Lease Notice").* Pursuant to the Sale Motion and Lease Notice, the lease for the store currently leased to the Debtors in Arnold, Maryland (Store No. 891) (the "Lease") is to be assumed by the Debtors and assigned free and clear of any lien to Mrs. Greens Management Corp. ("Mrs. Greens"). Broadneck's objections to the assumption and assignment of said Lease are as follows:

1. Exhibit E to the Sale Motion sets forth the Debtors' proposed cure amount for Store No. 891 as $5,371.18. In fact, such amount is incorrect and consists only of the common area maintenance charges pursuant to the Lease for December 2010, January 2011, and February 2011. Said proposed cure failed to take into account other pre-petition expenses totaling $2,083.79, which were all incurred on or before December 11, 2010. Thus, the correct cure amount due with regard to the assumption and assignment of the Lease totals $7,454.77. A copy of statements and other documentation demonstrating these charges is attached hereto and incorporated herein as Exhibit A.

2. Broadneck leases other premises in the shopping center in which Store No. 891 is located (the "Shopping Center") to Rite-Aid Corp. ("Rite-Aid"). Pursuant to its lease with Rite-Aid (the "Rite-Aid Lease"), Broadneck is prohibited from leasing any other portion of the Shopping Center for, *inter alia*, "the conduct or operation thereon of a drug store, retail chain drug store, pharmacy, or patent medicine store, health and beauty aid store, or cosmetics store, or for the operation of a pharmacy department as a part of any other store located thereon." During Debtors' tenure as a tenant of the shopping center, it did not operate a pharmacy department in its premises. At present, Broadneck has been unable to confirm whether Mrs. Greens contemplates operating a pharmacy within the store if it is permitted to have the Lease assigned to it by this Court. If Mrs. Greens has any such intention, Broadneck hereby objects to the proposed assumption and assignment of the Lease, because it cannot permit a proposed violation of an existing lease with another tenant in the shopping center. If Mrs. Greens will confirm in writing its intention not to open and operate, whether by itself or by means of a concessionaire, licensee, or any other business arrangement, a pharmacy operation in Store No. 891, Broadneck will withdraw this objection. Broadneck is currently in communication with counsel for Mrs. Greens, and will pursue a resolution of this issue prior to the June 14, 2011 Hearing.

3. Broadneck further objects to the assumption and assignment of the Lease to Mrs. Greens due to the failure of the proposed assignee to provide, pursuant to Section 365(b)(1)(C) of the Bankruptcy Code, adequate assurance of future performance under such contract or lease. Debtors' Lease was structured so as to require the payment of a relatively low base rent, which base rent is to be supplemented by the payment of percentage rent based on Debtors' gross sales. For example, during a majority of the past ten (10) years, Debtors' percentage rent has equaled or exceeded the base rent paid by it. Without any assurance that Mrs. Greens will perform in a similar manner, which would result in Broadneck's receipt of a similar amount of rent from it, the Shopping Center will suffer materially because funds will not be available with which to

maintain it in the condition in which it has been maintained throughout the term of the Lease. Broadneck is willing to discuss this concern with Mrs. Greens, but, as of the date of the filing of this Objection, has received no information whatsoever concerning the proposed assignee's projected performance under the Lease in Store No. 891.

In light of the foregoing objections, Broadneck Development Corp. respectfully requests that this Court enter an Order: (i) requiring the Debtors to pay Broadneck Development Corp. the cure amount of $7,454.77, if the assumption and assignment of the Lease is otherwise approved by this Court; (ii) requiring Mrs. Greens Management Corp. to confirm in writing reasonably satisfactory to Broadneck Development Corp., its intention not to open and operate, by any means whatsoever, a pharmacy operation in the premises formerly leased for Debtors' Store 891; and (iii) pursuant to Section 365(b)(1)(C) of the Bankruptcy Code, provide adequate assurance of future performance under the Lease.

Dated: Baltimore, Maryland  
       June 6, 2011

KANDEL, KLITENIC, KOTZ & BETTEN, LLP

By: \_\_\_/s/_____  
   Alan Betten  
   502 Washington Avenue, Suite 610  
   Towson, MD 21204  
   (410) 339-7100  
   abetten@k3blaw.com

*Attorneys for Broadneck Development Corp.*

# EXHIBIT A

[Attached as PDF Document]

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2011, a copy of the foregoing pleading was filed electronically with the U.S. Bankruptcy Court for the Southern District of New York, and sent via Federal Express, to the following parties:

Honorable Robert D. Drain
U.S. Bankruptcy Court
 Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Debtors' Counsel:
James H. M. Sprayregen, P.C.
Paul M. Basta, Esq.
Ray C. Schrock, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

James J. Mazza, Jr., Esq.
Erin Broderick, Esq.
Kirkland & Ellis LLP
300 North La Salle
Chicago, IL 60654

Counsel to Admin. Agent for Debtors' post-petition secured lenders:
Donald S. Bernstein, Esq.
Marshall S. Huebner, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

U.S. Trustee:
Office of the U.S. Trustee for the
 Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
Attention: Susan Golden, Esq.
Richard Morissey, Esq.

Counsel to official committee of unsecured creditors:
Dennis F. Dunne, Esq.
Abhilash M. Raval, Esq.
Matthew S. Barr, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Counsel to Mrs. Greens Management Corporation:
Richard A. Levy, Esq.
James J. Ktsanes, Esq.
Latham & Watkins LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606

Counsel to Village Supermarket Inc.:
Paul R. DeFilippo
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110
T: (212) 382-3300
F: (212) 382-0050

Counsel for Wells Fargo (Successor Trustee/Agent for Debtors' prepetition secured notes):
Edward S. Weisfelner, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

Counsel for Wilmington Trust Co. (Indenture Trustee/Agent for Debtors' prepetition secured notes):
Michael B. Hopkins, Esq.
Ronald A. Hewitt, Esq.
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10019

Counsel for Joseph Angelone:
Jay B. Itkowitz, Esq.
Itkowitz & Harwood
305 Broadway, 7th Floor
New York, NY 10007

/s/
Alan Betten