Hearing date: July 7, 2011 at 10:00 a.m. ET
Objection Deadline: June 30, 2011 at 4:00 p.m. ET

MacDERMID, REYNOLDS & GLISSMAN, PC
Michael G. Albano
86 Farmington Ave.
Hartford, CT 06105
(T) 860-278-1900
(F) 860-547-1191
E-Mail: malbano@mrglaw.com

Attorneys for Sherwood Island 21, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | : Chapter 11 |
| | : |
| THE GREAT ATLANTIC & PACFIC TEA COMPANY, INC., *et al.*, | : Case No. 10-24549 (RDD) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

**OBJECTION OF SHERWOOD ISLAND 21, LLC TO DEBTORS'
MOTION PURSUANT TO SECTIONS 363(b) AND 365(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME
CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES
OF NON-RESIDENTIAL REAL PROPERTY**

Sherwood Island 21, LLC, by its undersigned counsel, hereby submits its objection (the "Objection") to the Debtor's Motion Pursuant to Sections 363(b) and 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume Certain Unexpired Leases and Related Subleases of Non-Residential Real Property (the "Motion") filed on June 22, 2011 [Doc. No. 1959], and respectfully states as follows:

1. Sherwood Island 21, LLC is the landlord (the "Landlord") and the Great Atlantic & Pacific Tea Company, Inc. ("A&P") is the tenant under a non-residential real property

lease for the premises (the "Premises") located at 25 Broadway, Mystic, Connecticut, 06355, Store Number 13-105 (the "Lease").

2. A&P is one of the Debtors in this proceeding, and occupies and conducts business at the Premises.

3. A&P is in default of certain of its obligations under the Lease.

4. On June 22, 2011, the Debtors filed the Motion, seeking, *inter alia*, authorization to assume the Lease.

5. In connection with the proposed assumption of the Lease, pursuant to 11 U.S.C. § 365(a) and (b), the Debtors have listed a proposed cure amount of $0.00 (# 2) in Exhibit 1 to the Motion.

6. The Landlord objects to the Debtors' proposed cure amount for the Lease. According to the Landlord's books and records, the amount of monetary defaults under the Lease, as of May 12, 2011 when the landlord filed its Proof of Claim, was $9,491.96, representing unpaid common area maintenance ("CAM") charges for the years 2006 and 2007, as set forth in the Proof of Claim and the invoice attached thereto, both of which are attached hereto, collectively, as <u>Exhibit A</u>. The Proof of Claim, which was assigned Claim # 1873 on May 13, 2011, also states that A&P owes the landlord payment for additional CAM charges for the years from 2008 to the present in an amount to be determined.

7. The Motion proposes that the Debtors be allowed to assume the Lease prior to the determination of the cure amount. The landlord has no objection to that procedure, so long as the Court determines the amount of the Landlord's claim, as set forth in its Proof of Claim and additional supporting documents, at a subsequent hearing.

8. The Landlord joins in any objection by other landlords that are inconsistent with this objection.

WHEREFORE, for the foregoing reasons, the Landlord respectfully requests that this Court enter an Order consistent with the foregoing Objection and providing such other and further relief as this Court deems just and proper.

Dated: June 29, 2011
Hartford, Connecticut

                Respectfully submitted,

                      MacDERMID, REYNOLDS & GLISSMAN, PC
                      86 Farmington Avenue
                      Hartford, CT 06105
                      T: 860-278-1900
                      F: 860-547-1191

              By: */s/ Michael G. Albano*
                      Michael G. Albano

              Attorneys for Sherwood Island 21, LLC

# EXHIBIT A



B10/The Great Atlantic & Pacific Tea Co. (Modified Official Form 10) (1/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Indicate Debtor against which you assert a claim by filling in the box below.
Indicate only one Debtor per claim form. See Exhibit A of for a list of Debtor Names and Case Numbers.

Debtor Name: The Great Atlantic & Pacific Tea Co.    Case No: 10-24549

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Sherwood Island 21, LLC**

Name and address where notices should be sent:
Michael G. Albano, Esq.
MacDermid Reynolds & Glissman PC
86 Farmington Ave. Hartford CT 06105
860-278-1900

Name and address where payment should be sent (if different from above):

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**IMPORTANT**: Please list the store number and address of any lease related to your claim (if applicable).

Store Number: 13-105    Store Address: 25 Broadway, Mystic CT 06355

1. Amount of Claim as of Date Case Filed: $ 9,491.96  (plus CAM charges TBD for 2008, to date of case filed)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges

2. Basis for Claim: **CAM charges**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____
Annual Interest Rate: _____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____

Basis for Perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $ 9,491.96

5. Amount of claim Entitled to Priority under 11 U.S.C. §§ 507(a) and 503(b)(9). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Amount entitled to priority: $_____

☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507(a)(8).
☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commission (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, which ever is earlier -- 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507(a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(7).

Section 503(b)(9) Claim    $_____
☐ Check this box if your claim is for the value of any goods received by the debtor within 20 days before the date of commencement of the case in which the goods have been sold to the debtor in the ordinary course of the debtor's business -- 11 U.S.C. § 503(b)(9). Include the amount of such claim in the space for "Amount entitled to priority."

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain.

**RECEIVED MAY 13 2011 KURTZMAN CARSON CONSULTANTS**

Date: 5/12/11

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.

Claim # 1873
Initials FJT

US_ACTIVE:\43541207\02\27258.0005

**Sherwood Island 21, LLC**
25 Broadway
Mystic, CT  06355

| Date | Invoice # |
|---|---|
| 12/8/2010 | 129 |

**Bill To**

The Great Atlantic & Pacific Tea Co.
Key #019 1910, Store 13-105
2 Paragon Drive
Montvale, NJ  07645

| Due Date |
|---|
| 12/8/2010 |

| Description | Amount |
|---|---|
| 2006 & 2007 CAM Charges | 9,491.96 |
| | |
| Total | $9,491.96 |

**Make Checks Payable To:**   Sherwood Island 21, LLC

**Remit To:**

JRI Advisors LLC
10 Executive Drive
Farmington CT 06032