James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF DEBTORS' MOTION FOR AN ORDER
## EXTENDING THE AUTOMATIC STAY AND CLAIMS
## RESOLUTION PROCEDURES TO CERTAIN RELATED NON-DEBTOR PARTIES

**PLEASE TAKE NOTICE** that the undersigned[1] will present the attached *Debtors'*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Grapefinds, Inc. (4053); Greenlawn Land

*Motion for an Order Extending the Automatic Stay and Claims Resolution Procedures to Certain Related Non-Debtor Parties* (the "**Motion**") to the Honorable Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), at 300 Quarropas Street, White Plains, New York 10601, at a hearing to be held on **December 15, 2011 at 10:00 a.m. (ET)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that, objections, if any, to the relief requested in the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-399 or by first-class mail upon each of the following: (a) counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Paul M. Basta, Attn.: Ray C. Schrock, Attn.: James J. Mazza, Jr.; (b) counsel for Wilmington Trust Company as indenture trustee for the Debtors'

---

Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

prepetition unsecured notes, Covington & Burling LLP, 620 Eighth Ave, New York, New York, 10018, Attn.: Michael B. Hopkins, Attn.: Ronald A. Hewitt; (c) counsel for Wells Fargo Bank, N.A., as successor trustee and collateral agent for the Debtors' prepetition secured notes, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn.: Edward S. Weisfelner; (d) counsel to the administrative agent for the Debtors' postpetition secured lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein, Attn.: Marshall S. Huebner; (e) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (f) counsel to the official committee of unsecured creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn.: Dennis F. Dunne, Attn.: Abhilash M. Raval, Attn.: Matthew S. Barr; and (f) counsel to the official committee of unsecured creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn.: Dennis F. Dunne, Attn.: Abhilash M. Raval, Attn.: Matthew S. Barr; (g) counsel for certain holders of the Debtors' 5.125% Convertible Notes due in 2011 and 6.75% Convertible Notes due in 2012, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.: Kristopher M. Hansen, Attn.: Jayme T. Goldstein, Attn.: Marianne S. Mortimer; (h) counsel for certain affiliates of the Yucaipa Companies LLC, Latham & Watkins LLP, 355 S Grand Ave, Suite 100, Los Angeles, California, 90071, Attn.: Robert Klyman; and (i) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75] so as to be actually received no later than **no later than December 13, 2011 at 4:00 p.m. (ET)**. Only those responses that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors without further notice. The parties are required

to attend the Hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default.

New York, New York
Dated: December 8, 2011

*Ray C. Schrock*
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER EXTENDING**
**THE AUTOMATIC STAY AND CLAIMS RESOLUTION**
**PROCEDURES TO CERTAIN RELATED NON-DEBTOR PARTIES**

The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "***Debtors***")[1] file this motion (the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart,

"**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Extension Order**"), extending to certain related non-Debtor Parties, identified on **Exhibit 1** to the Extension Order, that may hold a subrogation, indemnification, or contribution claim against the Debtors arising from alleged prepetition personal injury incidents (the "**Related Non-Debtor Parties**"): (a) the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"); and (b) the Court-approved claims resolution procedures (the "**Claims Resolution Procedures**").[2]  In support of this Motion, the Debtors respectfully state as follows:[3]

## Introduction

1.     This Court has already approved a comprehensive set of Claims Resolution Procedures requiring certain personal injury plaintiffs to participate in a streamlined and cost-effective settlement and mediation process before seeking relief from the Automatic Stay. At the time the Debtors sought such relief, they specifically contemplated that it may be

---

Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Grapefinds, Inc. (4053); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]     This Motion is filed pursuant to the *Order Approving Certain Personal Injury Resolution Procedures* [Docket. No. 2752] (the "*PI Order*") approving the *Motion for an Order Approving Certain Personal Injury Claims Procedures* [Docket No. 2488] (the "*PI Motion*").  The PI Order permits the Debtors to seek extension of the Automatic Stay and Claims Resolution Procedures to Related Non-Debtor Parties on seven days' notice.  *See* Claims Resolution Procedures, attached as **Exhibit 1** to the PI Order, at § IV(B).  Any capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the PI Order and PI Motion, as applicable.

[3]     Contemporaneously herewith the Debtors also file the *Declaration of Daniel J. Brown in Support of Debtors' Motion For an Order Extending the Automatic Stay and Claims Resolution Procedures to Certain Related Non-Debtor Parties*, which is attached hereto as **Exhibit B** (the "**Brown Decl.**").

necessary to extend the Claims Resolution Procedures and Automatic Stay to certain third parties where there was a possibility that the plaintiffs could seek a ***double*** recovery from both the Debtors and such third parties or where the plaintiff could prosecute his or her claim solely against the third party and such party could then seek a postpetition claim against the Debtors for indemnification—thus transforming a prepetition general unsecured claim against the estates into a postpetition claim to be paid a hundred cents on the dollar. Accordingly, the PI Order expressly allows the Debtors to seek extension of the Automatic Stay and Claims Resolution Procedures to Related Non-Debtor Parties on shortened notice when the Debtors have identified such parties.[4]

2.      This Motion seeks application of the Claims Resolution Procedures and extension of the Automatic Stay to specific, personal injury actions pending against landlords of the Debtors under assumed leases who, based on their potential or asserted indemnification claims against the Debtors, fall within the definition of Related Non-Debtor Parties. *See* Brown Decl. at ¶ 7. Even though the plaintiff's direct claims against the Debtors have been severed and stayed (pursuant to the Automatic Stay), the Debtors remain a party-in-interest to each of these matters, as they may incur liability on subrogation, contribution, or indemnification claims already brought or expected to be brought by the landlords.[5] *Id.* In nearly all cases, as indentified on **Exhibit 1** to the Extension Order, the plaintiffs have filed claims against the Debtors' estates and are thus already subject to the Claims Resolution Procedures, and in other cases the plaintiffs are proceeding solely against the Related Non-Debtor Parties. *Id.* at ¶ 8. If the relief requested is not granted, personal injury claimants may receive a ***double*** recovery on account of a single

---

[4]     *See* Claims Resolution Procedures at IV(B).

[5]     The Debtors reserve their right to dispute the applicability of any indemnity claim on any applicable basis, including that any contractual lease provision contains carve-outs for willful or negligent acts.

claim and the Debtors may be prejudiced in litigation they are not even party to or subjected to the possibility of inconsistent results in parallel proceedings on the same claim.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a) and 362(a) of title 11 of the United States Code (the "***Bankruptcy Code***").

## Relief Requested

6.      Pursuant to the terms of the Claims Resolution Procedures, sections 105(a) and 362(a) of the Bankruptcy Code, the Debtors respectfully request this Court extend the Automatic Stay and Claims Resolution Procedures to these landlord Related Non-Debtor Parties identified on **Exhibit 1** to the Extension Order.

## Basis for Relief

7.      The Debtors respectfully submit that this Court has authority to stay the actions against the Related Non-Debtor Parties through the Claims Resolution Procedures pursuant to sections 105(a) and 362 of the Bankruptcy Code. Under section 362(a), the Automatic Stay has been extended to cover non-debtors where any of the following three circumstances exist:[6]

---

[6]      Section 105(a) of the Bankruptcy Code confers broad powers upon this Court to implement the bankruptcy process: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).   The powers conferred by section 105 are broader than the automatic stay provisions, permitting bankruptcy courts to enjoin claims even if they cannot be automatically stayed.  S. Rep. No. 95-989, at 12 (1978); H.R. Rep. No. 95-595, at 342 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 5973, 6298; *In re A.P. Indust., Inc.*, 117 B.R. 789, 801 (S.D.N.Y. 1990); *In re Stadium Mgmt. Corp.*, 95 B.R. 264, 266-67 (D. Mass. 1988).  Additionally, section 105 is available to non-debtors.  *In re N-Ren Corp.*, 64 B.R. 773, 777 (S.D. Ohio 1986) (staying creditor's alter-ego action against non-debtor); *In re Brentano's,* 27 B.R. 90, 92 (S.D.N.Y. 1983) (staying action against non-debtor); *In re Otero Mills,* 25 B.R. 1018, 1020 (D.N.M. 1982) (enjoining collection action against debtor's president).

- the prosecution of the action against the non-debtor defendants threatens the property of the estate;

- the debtor and non-debtor codefendants have an identity of interest; or

- the stay is essential to the debtor's reorganization efforts.

*See e.g., In re Continental*, 177 B.R. 475, 480 (D. Del. 1993).

8.      Here, each of these circumstances exists.  The extension of the Automatic Stay is important to the success of the Debtors' reorganization efforts and the protection of the Debtors' estate and also ensures that the Debtors are not prejudiced in litigation or subjected to the possibility of inconsistent results given the "identify of interests" the Debtors share with the Related Non-Debtor Parties to whom they may owe an indemnification obligation.  *See* Brown Decl. at ¶ 9.

9.      Indeed, this Court has already recognized that extension of the Automatic Stay and the Claims Resolution Procedures is appropriate where, as here, the Debtors are party-in-interest to underlying litigation.  *See* Oct. 20, 2011 Tr. at 27:4-8 ("So to my mind, it's the type of claim that really should be covered by the stay.  And even if it's not covered by the stay, it would be covered by an injunction because you're—it's the type of claim where you're really looking to collect against the debtor") (Judge Drain describing situation where personal injury plaintiff was suing a landlord holding a potential indemnification claim against the Debtors); *see also, e.g.*, *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (finding that the automatic stay should extend to non-debtor parties "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."); *In re Spiegel, Inc.,* No. 03-11540 (Bankr. S.D.N.Y. Aug. 18, 2004)

(extending automatic stay prospectively to third parties with a right of indemnification against the debtors as part of a claims resolution procedure to address personal injury claims).

## A. The Automatic Stay Should Be Extended to the Related Non-Debtor Parties

10.     As a general matter, the United States Supreme Court recognizes "the automatic stay provision of the Bankruptcy Code [as] one of the fundamental debtor protections provided by the bankruptcy laws." *Mid-Atlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 503 (1986); *see also* S. Rep. No. 95-989, 95 Cong., 2d Sess. 54-55, U.S. Code Cong. & Admin. News 1978, at 5787, 5840-41 (1978).  Section 362(a)(1) protects debtors by automatically staying all judicial proceedings against them and 362(a)(3) protects the property of the estate by staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11. U.S.C. § 362(a)(1)–(3).

11.     The primary and most oft-cited case on extension of the automatic stay to non-debtor parties is *A.H. Robins Company, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).  In *A.H. Robins*, the Fourth Circuit affirmed the district court's decision to extend the stay to non-debtor defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* at 999.  The court there gave as an example of such a circumstance a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. In that situation—a situation that applies here too—the Fourth Circuit held, "[t]o refuse application of the statutory stay in that case would defeat the very purpose and intent of [Section 362(a)(1)]." *Id.*   The *A.H. Robins* court went on to observe that under subsection (a)(3), "which directs stays of any action, *whether against the debtor or third-parties*, to obtain a possession or

to exercise control over property of the debtor," any action against officers or employees of the debtor who may be entitled to indemnification under an insurance policy of the debtor "are to be stayed under section 362(a)(3)." *Id*. at 1001-002 (emphasis in original). *See also Queenie, Ltd. v. Nygard International*, 321 F.3d 282 (2d Cir. 2003) (noting that "automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate).

12.     In *In re Continental Airlines*, the United States District Court for the District of Delaware held that the automatic stay was properly extended to the directors and officers of the debtor.  The basis for that extension was, as here, that: (a) the debtor defendant's "assets likely would be depleted as a result of the prosecution" of the actions against the non-debtor defendants; (b) the debtor defendant "is the real target of the [] litigation"; and (c) "since discovery in those actions would impose burdens both on the directors and on [the debtor defendant], defense of these actions would substantially detract from the directors' reorganization efforts and would hinder [the debtor defendant's] ability to emerge successfully from bankruptcy under a confirmed plan of reorganization." *Id.  See also* 177 B.R. 475 (D. Del. 1993); *In re North Star Contracting Corp.*, 125 B.R. 368, 369 (S.D.N.Y. 1991) (extending automatic stay to debtor's president, who was entitled to indemnification); *In re Lomas Financial Corp.*, 117 B.R. 64 (S.D.N.Y. 1990) (affirming extension of stay to debtor's officers entitled to indemnification).

13.     These considerations apply with equal force in this case, and extension of the stay is appropriate in order to preserve the Debtors' estates, as well as to protect the Debtors against unfair collateral estoppel in the actions at issue and to promote a successful plan of reorganization by ensuring that the estates can be protected from significant claims that may

arise postpetition and that the Debtors' personnel are able to focus solely on the Debtors' reorganization efforts rather than investigating and monitoring suits against third parties that may impact the estates.

1. **The Automatic Stay and Claims Resolution Procedures Should Be Extended to Preserve the Assets of the Debtors' Estates**

14. Section 362(a)(3) provides for an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Here, the personal injury claimants are asserting significant claims against the Related Non-Debtor Parties and/or the Debtors. To the extent that the Related Non-Debtor Parties may have an indemnification claim against the Debtors, there is thus a very real, adverse impact to the estates. *See* Brown Decl. at ¶ 9.

2. **The Automatic Stay and Claims Resolution Procedures Should Be Extended To Protect the Debtors From Having to Either Litigate the Stayed Action or Risk Estoppel and Evidentiary Prejudice**

15. When debtors and non-debtor codefendants share an "identity of interest," courts consistently find the unusual circumstances that justify extension of the automatic stay under 362(a)(1). *A.H. Robins,* 788 F.2d at 999; *In re Continental Airlines*, 177 B.R. at 481; *Malm v. Goldin*, No. 92 CIV 8012, 1993 WL 330489 (S.D.N.Y. Aug. 27, 1993); *In re North Star Contracting Corp.*, 125 B.R. 368, 369 (S.D.N.Y. 1991). Debtors and non-debtors have an identity of interest where a judgment against the non-debtor codefendant would amount to a judgment or finding against the debtor.

16. When, as here, the plaintiffs seek to prove identical claims arising from identical facts against both the Debtors and the Related Non-Debtor Parties, the parties have a strong identity of interest because the Related Non-Debtor Party has formally claimed subrogation, contribution, or indemnification from the Debtors, or is expected to imminently do so based on

communications with the Debtors. *See* Brown Decl. at ¶ 11. Thus, in each situation, the Related Non-Debtor Party stands in the shoes of the Debtors as defendant in an underlying personal injury action for which ultimate liability could attach to the Debtors. However, because they are seeking indemnification from the Debtors, the landlords do not have a strong interest in defending the claims. Because the Debtors should not be forced into either sitting on the sideline and risking being severely prejudiced or participating at a time that it should be protected by the automatic stay, the stay should be extended to cover the Related Non-Debtor Parties.

17. Further, the failure to stay the pending litigation against the Related Non-Debtor Parties could expose the Debtors to the risk that testimony and other evidence generated in such cases would be used against the Debtors once the stay was lifted. For example, the personal injury claims at issue against Related Non-Debtor Parties arise from common facts and circumstances as those presently stayed against the Debtors, implicating common issues of, among other things, insurance coverage, indemnification, and contributory negligence. *Id.* In preventing the continuation of suits against non-debtor defendants, courts have noted that continuing those suits can prejudice the currently stayed proceedings against debtors. *See Calpine Corp. v. Nevada Power Co.*, 354 B.R. 45 (Bankr. S.D.N.Y. 2007) (Lifland, J.) (enjoining litigation against non-debtors because, in part, of the risk of "evidentiary prejudice"); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*, (Tr. Hearing. June 8, 2006 ("[L]itigation of the [action currently stayed as to the debtors] will lead to a creation of a prejudicial evidentiary record eroding the protection of the automatic stay.")); *In re Lion Capital Group*, 44 B.R. 690, 703 (Bankr. S.D.N.Y. 1984) (holding in part that "risk that testimony by

employees or agents might be subsequently employed against the debtor . . . warranted the issuance of the stay").

18.     The Debtors here could face potential evidentiary prejudice with respect to a variety of issues that the plaintiffs would continue to litigate if the Automatic Stay and Claims Resolution Procedures are not stayed as to the Related Non-Debtor Parties.  In order to give the Debtors the breathing room that the Automatic Stay and Claims Resolution Procedures are intended to provide, the stay should be extended to cover the Related Non-Debtor Parties.

**3.      The Automatic Stay and Claims Resolution Procedures Should Be Extended to Prevent the Distraction of the Debtors' Key Personnel and Depletion of the Debtors' Resources**

19.     The cases extending a stay to non-debtor defendants have also done so on the basis that continued prosecution of the litigation would impose unnecessary and unacceptable distraction upon the key personnel of the debtor devoted to orchestrating the successful reorganization of the company.  *In re Continental Airlines*, 177 B.R. 475 (D. Del. 1993) (staying securities class actions based on distraction); *In re Kasual Kreations*, 54 B.R. 915 (Bankr. S.D. Fla. 1985) (enjoining action against persons "essential to the operation of Debtor's business" due to distraction); *In re Nelson*, 140 B.R. at 816 (enjoining action against debtor's president due to distraction); *North Star*, 125 B.R. at 370-71 (noting "distraction of principal player" warranted injunction).

20.     Here, the Debtors had thousands of prepetition personal injury actions pending against them as the Commencement Date and have hundreds of landlords that may have indemnification rights against the Debtors if plaintiffs bring actions against them.   *See* Brown Decl. at ¶ 5. At this stage in the case, when the Debtors are seeking approval of the disclosure statement to begin solicitation on the plan of reorganization, it is important that the Debtors'

personnel not be distracted by monitoring and investigating suits against third parties that could ultimately impact the estates.

4. **The Automatic Stay and Claims Resolution Procedures Should Be Extended to the Related Non-Debtor Parties to Prevent Double Recoveries**

21. Lastly, nearly all of the subject plaintiffs have already filed proofs of claim against the Debtors in these cases, demonstrating that such claimants not only believe the Debtors may actually be the liable party but also that such claimants are trying to obtain a ***double*** recovery on account of a single claim. To permit the potential for such double recovery would go against a basic tenet of the Bankruptcy Code: all creditors should be treated equally.

## Conclusion

22. For the reasons set forth above, the Debtors request that the Automatic Stay and Claims Resolution Procedures be extended to the Related Non-Debtor Parties identified on **Exhibit 1** to the Extension Order to protect the property of the Debtors' estates given the identity of interests between the Debtors and the Related Non-Debtor Parties and to ensure the Debtors' personnel will not be distracted nor the Debtors' assets be eventually depleted by the pending third-party litigation.

## Motion Practice

23. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

## Notice

24. Notice of this Motion to be provided by electronic mail, facsimile, and/or by overnight mail to: (a) the Office of the United States Trustee for the Southern District of New

York; (b) counsel to the Creditors' Committee; (c) counsel to the agent for the Debtors' postpetition secured lenders; (d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the indenture trustees for each of the Debtors' secured and unsecured outstanding bond issuances; (f) holders of applicable personal injury claims, and their respective counsel, if applicable; (g) the Debtors' insurers; (h) counsel for certain holders of the Debtors' 5.125% Convertible Notes due in 2011 and 6.75% Convertible Notes due in 2012, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.: Kristopher M. Hansen, Attn.: Jayme T. Goldstein, Attn.: Marianne S. Mortimer; (i) counsel for certain affiliates of the Yucaipa Companies LLC, Latham & Watkins LLP, 355 S Grand Ave, Suite 100, Los Angeles, California, 90071, Attn.: Robert Klyman; (j) the Related Non-Debtor Parties and personal injury claimants identified on **Exhibit 1** to the Extension Order; and (k) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75]. The Debtors respectfully submit that further notice of this Motion is neither required nor necessary. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Waiver of Memorandum of Law

25.     Given that there are no novel issues of law presented herein and that the legal authority for the relief being sought is set forth herein, the Debtors respectfully request that this Court waive the requirement that the Debtors file a memorandum of law in support of this Motion as provided in Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## No Prior Request

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter the Claims Procedures Order granting the relief requested herein, and such other and further relief as may be just.

New York, New York
Dated: December 8, 2011

*Ray C. Schrock*
_____
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

## Exhibit A

**Automatic Stay Extension Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| In re:                                       | ) | Chapter 11               |
|                                              | ) |                          |
| THE GREAT ATLANTIC & PACIFIC TEA             | ) | Case No. 10-24549 (RDD)  |
| COMPANY, INC., *et al.*                      | ) |                          |
|                                              | ) |                          |
|                              Debtors.        | ) | Jointly Administered     |
|                                              | ) |                          |

## ORDER EXTENDING THE AUTOMATIC STAY AND CLAIMS RESOLUTION PROCEDURES TO CERTAIN RELATED NON-DEBTOR PARTIES

Upon the motion (the "***Motion***")[1] of The Great Atlantic & Pacific Tea Company, Inc.

("***A&P***") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"***Debtors***")[2] for the entry of an order (this "***Order***") pursuant to sections 105(a) and 362(a) of the

Bankruptcy Code extending the automatic stay imposed by section 362 of the Bankruptcy Code

(the "***Automatic Stay***") and certain claims resolution procedures (the "***Claims Resolution***

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or Procedures Order, as applicable.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Grapefinds, Inc. (4053); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

*Procedures*") approved by the *Order Approving Certain Personal Injury Resolution Procedures* [Docket No. 2752] (the "*PI Order*") to Related Non-Debtor Parties, as described in greater detail in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent provided herein.

2.      The Automatic Stay is hereby extended to the Related Non-Debtor Parties indentified in **Exhibit 1** attached hereto.

3.      The plaintiffs set forth in **Exhibit 1** shall be construed as "PI Claimants" for the purposes of application of the Claims Resolution Procedures, whether or not such party has filed a timely proof of claim against the Debtors or is otherwise entitled to receive a distribution from the Debtors' estates.

4.      The Related Non-Debtor Parties identified in **Exhibit 1** attached hereto shall, for the purposes of the Procedures Order, have the same rights and obligations as "the Debtors" for any PI Claim involving said Related Non-Debtor Party.

5.      The Debtors shall have the right, pursuant to the Procedures Order, to participate in the resolution of all matters set forth in **Exhibit 1.**

6.      The Debtors may, at their sole discretion, stipulate to lift the Automatic Stay with respect to a Related Non-Debtor Party, in which case the Related Non-Debtor Party would no longer be covered by the Claims Resolution Procedures.

7.      The Debtors must be copied on all communications made pursuant to the Procedures Order between the plaintiffs and the Related Non-Debtor Parties set forth in **Exhibit 1** attached hereto.

8.      The Debtors are authorized to take all actions that the Debtors determine, in their sole discretion, are necessary or appropriate to implement the extension of the Automatic Stay as provided herein.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York                          _____
Date: _____, 2011                              United States Bankruptcy Judge

# Exhibit 1

# Exhibit 1

| Non-Debtor Party | Case Caption | Store Location | Civil Action Number | Proof of Claim Number | Assumption Order Dkt. Number | Court |
|---|---|---|---|---|---|---|
| Gator Monument Partners LLC | Anna Hall v. Newkirk Superline, L.P., Superline Associates, L.P., Pathmark Stores, Inc., NK-Remainder Interest, LLC, and Superline Associates Supermarket General Corp. | 4160 Monument Road, Philadelphia, PA | 1001-03319 | 4664 | Assumption Pending | Philadelphia Court of Common Pleas, Trial Division |
| Richard I. Rubin and Co., Inc. | Adam Nadley v. Great Atlantic & Pacific Tea Company, Inc., Super Fresh Food Markets, Inc. and Richard I. Rubin and Co. | 309 S. 5th & Pine St, Philadelphia, PA | 1010-00515 | 1040 | 2181 | Philadelphia Court of Common Pleas, Trial Division |
| Grays Ferry Partners, L.P., a/k/a/ Grays Ferry Shopping Center Associates; Ferry Development L.P., a/k/a Ferry Development General LLC | Donna Stewart-Williams v. Grays Ferry Shopping Center Associates, Grays Ferry Partners, L.P., Ferry Development General LLC, and Great Atlantic & Pacific Tea Company | 3021 Grays Ferry Ave., Philadelphia, PA | 11000223 | 5054 | 2181 | Philadelphia County Court |

| | | | | | | |
|---|---|---|---|---|---|---|
| Posel Enterprises and Posel Station Associates | Milton Soveral v. Pathmark Stores, Inc. and Sidney Posel, Individually and as owner and trustee of Posel Enterprises, Posel Enterprises, Posel Partnership, Posel Haddon Associates, Posel Corporation in its own capacity and t/d/b/a Posel Management Company and Posel North Philadelphia, Inc. in its own capacity and t/d/b/a Posel Station Associates | 8700 Frankford Ave., Philadelphia, PA | 0912-00437 | 4662 | 2636 | Philadelphia Court of Common Pleas, Trial Division |
| First Republic Corporation of America | Estrella Durham v. Pathmark Stores, Inc. and First Republic Corporation of America | 5005 Edgemont Avenue, Brookhaven, PA | 07-12060 | 3376 | 2181 | Delaware Court of Common Pleas |
| Brooklyn Grocery Owners, LLC | Mary Chianese v. Brooklyn Grocery Owners, LLC and Brooklyn Market Owners, LLC | 2185 Coyle Street, Brooklyn, NY | 16644/2009 | N/A | 2936 (Assumption Pending) | New York Supreme Court |
| FC Castle Center Associates LLC | Juanita Matos v. FC Castle Center Associates LLC and Pathmark Bronx Supreme | 1720 Eastchester Road Bronx, NY | 302883/09 | N/A | 2181 | New York Supreme Court |

K&E 20698733.1

| | | | | | | |
|---|---|---|---|---|---|---|
| Alecta Real Estate USA, LLC | Stacy Goldberg v. Alecta Real Estate USA, LLC | 2335 New Hyde Park, New Hyde Park, NY | 5120/2011 | 3377 | 2181 | New York Supreme Court |
| Brooklyn Grocery Owners, LLC | Judith Citera v. Food Basics, Inc., Brooklyn Grocery Owners, LLC and Brooklyn Market Owners LLC | 2185 Coyle Street, Brooklyn, NY | 25806/09 | N/A | 2936 (Assumption Pending) | New York Supreme Court |
| Brooklyn Grocery Owners, LLC | Robyn Pistoia v. Food Basics, Inc., The Great Atlantic and Pacific Tea Company, Inc., Brooklyn Grocery Owners, LLC and Brooklyn Market Owners, LLC | 2185 Coyle Street, Brooklyn, NY | 3411/08 | N/A | 2936 (Assumption Pending) | New York Supreme Court |
| Brooklyn Grocery Owners, LLC | Evelyn Schwartz v. Brooklyn Grocery Owners, LLC and Food Basics, Inc., No. 3 | 2185 Coyle Street, Brooklyn, NY | 32594/09 | 5071 | 2936 (Assumption Pending) | New York Supreme Court |
| College Point Grocery Owners, LLC, 1907 Ventures LLC, and 1411 Ventures LLC | Linda-Schuler-Wolchok v. 1411 Ventures LLC, 1907 Ventures LLC, College Point Grocery Owners, LLC and Waldbaums Inc. | 133-11 20th Avenue, College Point, NY | 8906/10 | 6716 | 2936 (Assumption Pending) | New York Supreme Court |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| CPEOA Limited Partnership (sublease) | Esther and Samuel Tatum-Waring v. Waldbaum-College Point Center, Inc., Staples, Inc., CPEOA, LP, CPGP Corp., CPGP Corp., d/b/a, CPEOA, LP, Mattone Group, LLC, 1907 Ventures LLC, College Point Grocery Owners LLC, 1411 Ventures, LLC, AAG Management Inc., and Waldbaum's Inc. | 133-11 20th Avenue, College Point, NY | 46548/07 | 9358 | 2936 (Assumption Pending) | New York Supreme Court |
| FC Castle Center Associates II, LLC | Kim Richardson v. Waters Place Associates, Waters Place Development, Inc., Pathmark Stores, Inc., Consolidated Edison Company of New York and The June 14, 1994 & 10:58 PM Realty, LLC | 1720 Eastchester Road, Bronx, NY | 302259/2007 | N/A | 2181 | New York Supreme Court |

K&E 20698733.1

| | | | | | | |
|---|---|---|---|---|---|---|
| HLF Fairview 2005, LLC & HLF Passaic 2005, LLC | Mario DiMartino v. The Hampshire Companies, LLC, The Great Atlantic & Pacific Tea Company, Fairview 91 Associates, TSS Facility Services, James Connelly, James Connelly d/b/a TSS Facility Services, HLF Fairview 2005, LLC, Tri-County Property Maintenance, John Doe 1-10, ABC Corp. 1-10 and DEF Corp. 1-10 (fictitious names) | 425 Anderson Avenue Fairview, NJ | ESX-L-8522-09 | N/A | 2181 | New Jersey Superior Court Law Division |
| Tower Plaza Associates | Karim Tureikeh v. The Great Atlantic & Pacific Tea Co a/k/a Weehawken Pathmark (Store #178) d/b/a Pathmark, Tower Plaza, Tower Plaza Assn. clo LM Entin Assoc., John Doe 1-4 and ABC Corp. 1-4, (fictitious) | 4100 Park Avenue, Union City, NJ (Weehawken) | HUD-L-5809-10 | N/A | 2181 | New Jersey Superior Court Law Division |
| RD Elmwood Associates, L.P. | Phyllis Rich v. RD Elmwood Associates, L.P., Acadia Realty Trust, Pathmark Stores, Inc., John Does 1-10, ABC, Inc. 1-10, XYZ Corp 1-10 (fictitious names) | 58 Broadway, Elmwood Park, NJ | PAS-L-551-10 | N/A | 2636 | New Jersey Superior Court Law Division |

K&E 20698733.1

# Exhibit B

## Declaration of Daniel J. Brown

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

   - and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DECLARATION OF DANIEL J. BROWN IN SUPPORT OF DEBTORS' MOTION**
**FOR AN ORDER EXTENDING THE AUTOMATIC STAY AND CLAIMS**
**RESOLUTION PROCEDURES TO CERTAIN RELATED NON-DEBTOR PARTIES**

I, Daniel J. Brown, hereby declare under penalty of perjury:

## Background

1.      I am Senior Counsel--Litigation of The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***"), one of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***").[1]  I began working at A&P in this position on December 17, 2008.  Prior to joining A&P's in-house legal department, I spent nine years in the legal field working as a litigation associate in the New York offices of Simpson Thacher & Bartlett LLP and Blank Rome LLP.

2.      I submit this declaration (the "***Declaration***") pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, and I am authorized to submit this Declaration on the Debtors' behalf.

3.      I submit this Declaration in support of the *Debtors' Motion for an Order Extending the Automatic Stay and Claims Resolution Procedures to Certain Related Non-Debtor Parties* (the "***Motion***").[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

4.       In particular, I offer this Declaration to explain why the Automatic Stay and Claims Resolution Procedures should be extended to certain of the Debtors' landlords, identified on **Exhibit 1** of the Extension Order (the "***Related Non-Debtor Parties***"), in certain personal injury lawsuits in which the Debtors may be liable to the defendant landlords under theories of, among other things, subrogation, contribution, or indemnification.

5.       I am presently responsible for overseeing and managing all litigation involving the Debtors, except for employment litigation.  I have held this responsibility since December 17, 2008.  As part of this responsibility, I work with outside counsel and A&P's third party administrator in defending personal injury claims against the Debtors.  As of the Commencement Date, the Debtors have had thousands of personal injury claims pending against them.   During these cases, more than 2,000 parties have filed proofs of claim against the Debtors for more than $1 billion in face amount of the claims.

6.       I am specifically familiar with the actions pending against certain of the Debtors' landlords described below and listed in **Exhibit 1** to the Extension Order.  I am further familiar with the Debtors' potential liability exposure as a result of these actions under theories of, among other things, subrogation, contribution, or indemnification.

### Personal Injury Claims Against the Debtors' Landlords

7.       **Exhibit 1** to the Extension Order identifies personal injury actions pending against landlords of the Debtors under assumed leases who, based on their potential or asserted indemnification claims against the Debtors, fall within the definition of Related Non-Debtor Parties.  Even though the plaintiff's direct claims against the Debtors have been severed and/or stayed (pursuant to the Automatic Stay), the Debtors remain a party-in-interest to each of these matters, as they may incur liability on subrogation, contribution, or indemnification claims

brought by the landlord.[3]  In each instance, the landlord is thus a Related Non-Debtor Party, as such term is used in the PI Order.

8.     In nearly all cases, as indentified on **<u>Exhibit 1</u>** to the Extension Order, the plaintiffs have filed claims against the Debtors' estates and are thus already subject to the Claims Resolution Procedures, and in other cases the plaintiffs are proceeding solely against the Related Non-Debtor Parties.

9.     I believe that extension of the Automatic Stay is essential not only to the success of the Debtors' reorganization efforts and the protection of the Debtors' estates, but also to ensure that the Debtors are not prejudiced in litigation or subjected to the possibility of inconsistent results given the "identify of interests" the Debtors share with the Related Non-Debtor Parties to whom they may owe an indemnification obligation.

10.     ***First,*** the personal injury claimants are asserting significant claims against the Related Non-Debtor Parties and/or the Debtors.  I believe that to the extent that the Related Non-Debtor Parties may have an indemnification claim against the Debtors for a judgment in such amount, there is a very real, adverse impact to the estates.

11.     ***Second,*** I believe the Debtors and the Related Non-Debtor Parties have a strong identity of interest because the Related Non-Debtor Party has formally claimed subrogation, contribution, or indemnification from the Debtors, or is expected to imminently do so based on communications with the Debtors.   I also believe that the failure to stay the pending litigation against the Related Non-Debtor Parties could expose the Debtors to the risk that testimony and other evidence generated in such cases would be used against the Debtors once the stay was lifted.  For example, the personal injury claims at issue against Related Non-Debtor Parties arise

---

[3]     The Debtors reserve their right to dispute the applicability of any indemnity claim on any applicable basis, including that any contractual lease provision contains carve-outs for willful or negligent acts.

from common facts and circumstances as those presently stayed against the Debtors, implicating common issues of, among other things, insurance coverage, indemnification, and contributory negligence.

12.     ***Third,*** I believe at this stage in the case, when the Debtors are seeking approval of the disclosure statement to begin solicitation on the plan of reorganization, it is important that the Debtors' personnel not be distracted by monitoring and investigating suits against third parties that could ultimately impact the estates.

13.     ***Lastly,*** nearly all of the subject plaintiffs have already filed proofs of claim against the Debtors in these cases, demonstrating that such claimants not only believe the Debtors may actually be the liable party but also that such claimants are trying to obtain a ***double*** recovery on account of a single claim.

## Conclusion

14.     For the reasons listed above, the automatic stay should be extended to the Related Non-Debtor Parties in the actions listed on **Exhibit 1** to the Extension Order.


Date:   December 8, 2011


                                                          */s/ Daniel J. Brown*
                                                          Daniel J. Brown