John W. Hughes, Esq.
Counsel to Brooklyn Grocery Owners, LLC
Related Non-Debtor Party
421 Seventh Avenue
14th Floor
New York, New York 10001

FILED
U.S. BANKRUPTCY
2011 DEC 21 P 3: 42
S.D. OF N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                      :
In Re:                                                :
                                                      :  Chapter 11
THE GREAT ATLANTIC & PACIFIC                          :
TEA COMPANY, INC., et al.                             :  Case No. 10-24549 (RDD)
                                                      :
          Debtors,                                    :
------------------------------------------------------X

## BROOKLYN GROCERY OWNERS, LLC's MEMORANDUM IN SUPPORT OF DEBTORS' MOTION SEEKING TO EXTEND BANKRUPTCY STAY TO A RELATED NON-DEBTOR PARTY

Brooklyn Grocery Owners, LLC ("BGO") is a Related Non-Debtor Party described in the Debtors' alternative dispute claims resolution procedures (the "Claims Resolution Procedures") which were approved by Order Approving Personal Injury Resolution Procedures (Docket No. 2752) and which are the subject of a hearing currently scheduled before the Honorable Robert D. Drain, United States Bankruptcy Judge, for December 22, 2011. Evelyn Schwartz, the plaintiff in a case entitled <u>Evelyn Schwartz</u> vs. <u>Brooklyn Grocery Owners, LLC</u>, Index No. 32594-2009 (the "Schwartz Case"), holds a PI Claim, as defined in the Claims Resolution Procedures, (the "Schwartz PI Claim") against Food Basics, Inc., one of the Debtors

("Food Basics"). Mrs. Schwartz also filed a proof of claim in this Bankruptcy case in the amount of $2,000,000. This Memorandum is submitted in support of Debtors' Motion To Extend the Bankruptcy Stay to the Schwartz PI Claim pursuant to the Claims Resolution Procedures. In opposition to Debtors' motion, Mrs. Schwartz argues that the bankruptcy stay should not be extended to her PI Claim because defendant BGO does not have a valid, enforceable claim against Food Basics for indemnification or damages. She is clearly mistaken. Pursuant to a Lease dated February 27, 2004 for real property between BGO and Food Basics, Food Basics is obligated to maintain and repair the sidewalk at the demised premises and to indemnify BGO for claims, such as the Schwartz PI Claim, arising out of Food Basic's failure to do so.

Under Article 9 of the Lease, it is undisputable that Food Basics is obligated to maintain the demised premises in a good state of condition and repair and in compliance with all applicable laws. Article 9 of the Lease provides:

> "Lessee, at its own expense, shall (i) maintain the Property in a good state of condition and repair and in a commercially reasonable manner consistent with the operation and maintenance standards of similar properties taking into consideration the then current use of the Property and the business, if any, conducted therein, (ii) maintain the Property in accordance with the requirements of all insurance policies relating to the Property required to be maintained hereunder and in compliance with Applicable Laws and (iii) make repairs and Alterations of the Property necessary to keep the same in the condition required by the preceding clauses (i) and (ii), whether interior or exterior, structural or nonstructural, ordinary or extraordinary, foreseen or unforeseen and regardless of whether such expenditures would constitute expenses under GAAP if made by the owner of the Property".

Mrs. Schwartz's alleged injury occurred on the sidewalk at the demised premises. Pursuant to the Lease, the Property leased by Food Basics includes "all easements, rights and

appurtenances relating to the Land or the Improvements".[1] New York courts have held that a sidewalk is an appurtenance of the adjacent property. In Jasinski v. City of New York, et al., 290 A.D. 2d 237, 238, 735 N.Y.S.2d 126, the court stated: "It is well settled that the term "appurtenant" in a lease agreement includes everything which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted (Ruggiero v. Long Island Railroad, 161 A.D.2d 622, 623, 555 N.Y.S.2d 401, quoting Greenblatt v. Zimmerman, 132 App. Div. 283, 285, 117 N.Y.S. 18)". The Jasinski case went on to hold that the sidewalk was an appurtenance of the property and was within the area for which liability insurance was required.

With respect to Food Basic's indemnification obligation, Article 19 of the Lease, recited below, clearly provides for indemnification by Food Basics in favor of BGO for the Schwartz PI Claim.

> "Lessee agrees to assume liability for, and to indemnify, protect, defend, save and keep harmless each Indemnitee, from and against any and all Claims arising out of acts, or failures to act, during or prior to the Lease Term, whenever they may be suffered, imposed on or asserted against any Indemnitee, arising out of ... (ii) the non-compliance of the Property with Applicable Laws, (iii) any other matters relating to the Property or any operations thereon, and not already covered by this Section 19.1(a), including matters relating to Environmental Laws or Hazardous Materials, (iii) the breach by Lessee of its representations, warranties, covenants

---

[1] Section 1.1 of the Leases provides: "Property shall mean the real property whose parcel or parcels of land are described on Schedule A annexed hereto (the "Land"); together with all buildings, structures and other improvements of every kind situated on the Land (collectively, the "Improvements"); **together with all easements, rights and appurtenances relating to the Land or the Improvements**; together with all fixtures, including all components thereof, on and in respect to the Improvements, including all built-in heating, ventilating, air-conditioning, and electrical equipment (including power panels) and other building systems to be utilized in connection with the operation of the Property, together with all replacements, modifications, alterations and additions thereto (collectively, the "Fixtures"); and together with all Governmental Licenses; provided, however, that in no event shall "Property" include Lessee's Equipment and Personalty."

3

and obligations in this Lease, (iv) the business and activities of Lessee, except to the extent arising out of relationships between Lessor and Lessee not related to this transaction, ...(vii) any litigation, suit, cause of action, writ, decree, injunction, order, judgment, proceeding or Claim now or hereafter asserted against the Property, Lessor (by virtue of its ownership of, leasing or financing of the Property), or Lessee with respect to the Property or this Lease".

Furthermore, the sidewalk on which Mrs. Schwartz claims she injured herself is necessarily used for access and egress for the Food Basics store and incidents occurring on the sidewalk must be considered as arising out of "matters relating to the Property or any operations thereon" or "the business and activities of Lessee" as listed in Article 19 of the Lease. See ZKZ Associates LP v. CNA Insurance Company, 89 N.Y.2d 990, 679 N.E. 2d 629, 657 N.Y.S. 2d 390.

Mrs. Schwartz disingenuously argues that this indemnification obligation is unenforceable under New York State General Obligations Law Section 5-321. Mrs. Schwartz, citing Great Northern Insurance Co. v. Interior Construction Corp., 7 N.Y. 3d, 412, 857 N.E.2d 60, 823 N.Y.S.2d 765, agrees that Food Basic's indemnification of BGO in this case would not be precluded by Section 5-321 if the Lease was "negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement". The insurance procurement requirements in the Lease negotiated by Food Basics and BGO are set forth on Schedule G of the Lease as follows:

> "Lessee covenants and agrees that it will at all times keep in full force and effect the following insurance coverage:
> A broad form commercial general liability insurance policy, including but not limited to premises, operations, automobile liability (which may be carried by separate policy) and products liability, personal injury liability, contractual liability, and property damage liability coverage at the Property and the business conducted by Lessee thereon. The policy shall provide coverage limits of not less

4

than Two Million Dollars ($2,000,000) per occurrence. The policy may contain a deductible or a self-insured retention of not more than $500,000 per occurrence (as such amount may be increased on each anniversary of the date hereof in the same proportion that the CPI increases over such annual period). The commercial general liability policy shall be supplemented by a commercial excess or umbrella liability of Ten Million Dollars ($10,000,000) and shall name Lessor and Lender as additional insured".

Moreover, Mrs. Schwartz fatally undercuts her entire argument for the applicability of Section 5-321 when she asserts in her opposition papers at page 8 that "BGO, in advance of the bankruptcy filing, forced Debtor to obtain a separate general liability policy to provide coverage for this self-insured retention" (a copy of which is attached to plaintiff's opposition papers). Recent New York decisions recognize that such indemnification agreements are enforceable "where there has been neither a showing that the agreement involved 'a contract of adhesion or an unconscionable agreement', nor any evidence of 'fraud or overreaching conduct' on the part of the indemnitee..... This is particularly true in situations, such as this one, where the indemnification provision is coupled with an insurance procurement requirement". Meyer v. City of New York, 22 Misc. 3d 1119(A), 2009 WL 280022 (N.Y. Sup.).

With respect to Section 7-210 of the Administration Code of the City of New York, the case law is clear that, while the landlord's duty to maintain the sidewalk is non delegable, "the Tenant may be held liable to the owner for damages resulting from a violation ... of the lease, which imposed on the Tenant the obligation to repair or replace the sidewalk in front of its store". Collado v. Cruz, 81 A.D. 3rd 542, 917 N.Y.S. 2d 178 (1st Dept. 2011).

Based upon the foregoing, it is clear that, under the Lease, BGO has a valid, enforceable claim against Food Basics for indemnification and damages and, consequently, Food Basics retains ultimate liability for the Schwartz PI Claim. For all the reasons the Claims

Resolution Procedures were approved by this Court, the bankruptcy stay must be extended to the Schwartz PI Claim.

New York, New York
Dated: December 20, 2011

John W. Hughes, Esq.
421 Seventh Avenue
14th Floor
New York, New York 10001
Telephone: 212-714-0500
Facsimile: 212-714-0518
Counsel to Brooklyn Grocery Owners, Inc.,
a Related Non-Party Debtor

mf/gum/brooklyn grocery chapter 11