UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*[1] | ) ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Reorganized Debtors. | ) ) | Jointly Administered |

**AGREED ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING
THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion (the "***Motion***") of Charlene J. Wagner (the "***Movant***") for an order (this "***Order***") pursuant to section 362(d) of title 11 of the United States Code (the "***Bankruptcy Code***") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Movant's interests in the reorganized debtors' co-defendants' applicable insurance coverage (the "***Non-Debtor Insurance Policies***") and/or the co-defendants' non-debtor assets (the "***Non-Debtor Assets***") to allow the Movant's enforcement of her rights in, and remedies in and to, the Non-Debtor Insurance Policies and/or Non-Debtor

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc. (1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

K&E 22712685

Assets [Docket No. 3773]; and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District and before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and service and notice of the Motion having been adequate and appropriate under the circumstances and no other or further notice is required; and the above-captioned reorganized debtors (the "*Reorganized Debtors*") having not opposed the relief requested in the Motion; and upon the agreement of the Reorganized Debtors and the Movant to this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is vacated for the sole and limited purpose of allowing the Movant to seek recovery from proceeds of the Non-Debtor Insurance Policies and/or the Non-Debtor Assets (the "*Action*").

3. Any recoveries by the Movant as a result of the Action, including costs and punitive damages, if any, shall be limited to the proceeds available under the Non-Debtor Insurance Policies and/or Non-Debtor Assets, if any, and the Movant may not seek to enforce any such recovery from the Reorganized Debtors' estate.

4. The Movant shall waive any and all claims and shall not file any further claims against any and all property of the Reorganized Debtors' estates, if any, in connection with the Action.

5. Notwithstanding anything herein to the contrary, the Movant shall waive any recovery otherwise available from the Non-Debtor Insurance Policies and/or the Non-Debtor Assets (or the proceeds thereof) to the extent the Reorganized Debtors, their estates, or their

2

successors would be required to indemnify the holder of the Non-Debtor Insurance Policies and/or Non-Debtor Assets, provide contribution to the holder of the Non-Debtor Insurance Policies and/or Non-Debtor Assets, or hold the co-defendants covered by the Non-Debtor Insurance Policies and/or who hold the Non-Debtor Assets harmless on account of the Action.

6. Other than the relief afforded herein, all protections afforded under section 362 of the Bankruptcy Code shall remain in full force and effect.

7. The Movant is hereby authorized to restore the Action to the calendar of the Supreme Court, Queens County, Index No. 18686/08 to proceed solely against the Non-Debtor Insurance Policies and/or the Non-Debtor Assets.

8. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York        /s/Robert D. Drain
      July 2, 2012                                    United States Bankruptcy Judge

K&E 22712685