**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) Case No. 10-24549 (RDD) |
| Reorganized Debtors. | ) Jointly Administered |

**DECLARATION OF HUNTER MURDOCK IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO ADMINISTRATIVE CLAIM OF HUDSON ENERGY SERVICES, LLC**

I Hunter Murdock, pursuant to 28 U.S.C. § 1746 declare as follows:

1.  I am a Partner of the law firm Kirkland & Ellis LLP, and a counsel to the Reorganized Debtors in the above-captioned matter. I am personally familiar with the matters asserted herein. I offer this declaration in support of the Reorganized Debtors' August 17, 2012 Objection to the Administrative Claim of Hudson Energy Services, LLC ("***HES***").

2.  Attached as Exhibit A are true and original copies of agreements (the "***Agreements***") entered into by and between the Reorganized Debtors and HES pursuant to which HES provided electrical service to the Reorganized Debtors prior to the commencement of their chapter 11 cases.

3.  Attached as Exhibit B is a true and original copy of the HES Statement of General Terms & Conditions (the "***Terms***") which is incorporated by reference into each of the Agreements.

4.  Attached as Exhibit C are true and original copies of sample Block Purchase Agreements entered into by and between the Reorganized Debtors and HES pursuant to the Agreements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  August 17, 2012        /s Hunter Murdock
                                     Hunter Murdock

# Exhibit A

*1C*

*ZONE I*

## Sales Agreement

This Sales Agreement ("Agreement" or Sales Agreement") is entered into by and between Hudson Energy Services, LLC ("Hudson Energy") and The Great A&P Tea Company ("Buyer" or "Customer") on 07/06/2009 ("Effective Date"). Hudson Energy and Buyer may be referred to individually as "Party" or collectively as "Parties." This Agreement is comprised of three items; (1) this Sales Agreement; (2) the Statement of General Terms and Conditions attached hereto as Appendix 1 and incorporated into and made a part hereof, and (3) Block Addendum 1 (Form of Block Transaction Confirmations). The Parties have caused this Agreement to be executed and delivered by their duly authorized representatives as of the dates written below.

| Name: | The Great A&P Tea Company |
|---|---|
| | c/o Advantage IQ MS 513 |
| Billing Address: | P.O. Box 2440 |
| City, State, Zip Code: | Spokane, WA 92210-2440 |
| Contact Person: | Jim Kirk |
| Phone: | 201.571.4865 |

### Account Information (By Zone)

| LDC | Number | Address | Start Month |
|---|---|---|---|
| ConEd | 500001110700006 | Mclean Ave Stor Yonkers, NY 10705 | 4/1/2010 |
| ConEd | 500001408700007 | 575 Boston Post Rd Sto Port Chester, NY 10573 | 4/1/2010 |
| ConEd | 500003470100008 | 281 S Ridge St 11st Rye Brook, NY 10573 | 4/1/2010 |
| ConEd | 500008663000001 | 30 W Grand St Sto Mt. Vernon, NY 10552 | 4/1/2010 |
| ConEd | 590006680900001 | 105 Knollwood Rd Entr White Plains, NY 10607 | 4/1/2010 |
| ConEd | 590007300010007 | 386 Pelham Rd Sto New Rochelle, NY 10805 | 4/1/2010 |
| ConEd | 580007532800001 | 389 Tarrytown Rd Sto White Plains, NY 10607 | 4/1/2010 |
| ConEd | 590008533000005 | 608 Central Prk Ave Sto White Plains, NY 10603 | 4/1/2010 |
| ConEd | 590011300000000 | 23 Quaker Ridge Rd Stor New Rochelle, NY 10804 | 4/1/2010 |
| ConEd | 590011640510007 | 87 Main St Sto Hastings-hdsn, NY 10706 | 4/1/2010 |
| ConEd | 590011640520006 | 87 Main St Off Hastings-hdsn, NY 10706 | 4/1/2010 |
| ConEd | 590012112900007 | 1229 Nepperhan Ave Sto Yonkers, NY 10703 | 4/1/2010 |
| ConEd | 590012430200007 | 805 Mamaroneck Ave Sto Mamaroneck, NY 10543 | 4/1/2010 |
| ConEd | 590014480300004 | 355 Halstead Ave Stor Harrison, NY 10528 | 4/1/2010 |
| ConEd | 590016549500000 | 12 Cedar St Sto Bronxville, NY 10708 | 4/1/2010 |
| ConEd | 590020281100002 | 777 White Plains Rd Sto Scarsdale, NY 10583 | 4/1/2010 |
| ConEd | 590020418410001 | 810 Columbus Ave Ent Thornwood, NY 10594 | 4/1/2010 |
| ConEd | 590007316300004 | 1757 Central Prk Ave Ent Yonkers, NY 10710 | 4/1/2010 |

| | | | |
|---|---|---|---|
| ConEd | 590009631400007 | 371 Central Ave Smkt Spokane, WA 99210 | 4/1/2010 |
| ConEd | 590001404300000 | 130 Midland Ave Sto Spokane, WA 99210 | 4/1/2010 |
| ConEd | 590007136300002 | 2500 Central Prk Ave Ent Spokane, WA 99210 | 4/1/2010 |
| ConEd | 522004051402007 | 1 pathmark Plaza Spokane, WA 99210 | 4/1/2010 |
| ConEd | 393061417000004 | 5661 Riverdale Ave Sto Bronx, NY 10471 | 4/1/2010 |
| ConEd | 590018950100008 | 450 Main St Sto Armonk, NY 10504 | 4/1/2010 |

Pricing

| Term | Zone | Retail Adder Price per kWh |
|---|---|---|
| 24 Month | I | 0.0163 |

By signing this Agreement, each party agrees to be bound by the terms of this Sales Agreement and the Statement of General Terms and Conditions attached hereto as Appendix 1.

Accepted and agreed to:

Customer Name                                Hudson Energy Services, LLC

Signature: _____               Signature: _____

Printed: David Kull?                         Printed: David Rosenberg

Title: SVP Real Estate                       Title: V.P.

Date: 7/7/09                                 Date: 7-7-09

07/07/2009 15:57 FAX 8452283422          HUDSON ENERGY SERVICES                    ☐004/015

IB

ZONE H

## Sales Agreement

This Sales Agreement ("Agreement" or Sales Agreement") is entered into by and between Hudson Energy Services, LLC ("Hudson Energy") and The Great A&P Tea Company ("Buyer" or "Customer") on 07/06/2009 ("Effective Date"). Hudson Energy and Buyer may be referred to individually as "Party" or collectively as "Parties." This Agreement is comprised of three items; (1) this Sales Agreement; (2) the Statement of General Terms and Conditions attached hereto as Appendix 1 and incorporated into and made a part hereof, and (3) Block Addendum 1 (Form of Block Transaction Confirmations). The Parties have caused this Agreement to be executed and delivered by their duly authorized representatives as of the dates written below.

| Name: | The Great A&P Tea Company |
| --- | --- |
|  | c/o Advantage IQ MS 513 |
| Billing Address: | P.O. Box 2440 |
| City, State, Zip Code: | Spokane, WA 92210-2440 |
| Contact Person: | Jim Kirk |
| Phone: | 201.571.4865 |

### Account Information (By Zone)

| LDC | Number | Address | Start Month |
| --- | --- | --- | --- |
| ConEd | 588916052300000 | 3131 E Main St Ent Mohegan Lake, NY 10547 | 4/1/2010 |
| ConEd | 588820027400002 | 1368 E Main St Ent Shrub Oak, NY 10588 | 4/1/2010 |
| ConEd | 590008771500006 | Saw Mil Riv Rd Sto Millwood, NY 10548 | 4/1/2010 |
| ConEd | 590011720010001 | 2005 Albany Post Rd Sto Croton-hdsn, NY 10520 | 4/1/2010 |
| ConEd | 590014111200009 | 1886 Pleasntvlle Rd Sto Briarclf Mnr, NY 10510 | 4/1/2010 |

Pricing

| Term | Zone | Retail Adder Price per kWh |
| --- | --- | --- |
| 24 Months | H | 0.0183 |

By signing this Agreement, each party agrees to be bound by the terms of this Sales Agreement and the Statement of General Terms and Conditions attached hereto as Appendix 1.

Accepted and agreed to:

07/07/2009 15:57 FAX 8452283422          HUDSON ENERGY SERVICES                    ☑005/015

| Customer Name | Hudson Energy Services, LLC |
|---|---|
| Signature: *[signed]* | Signature: *[signed]* |
| Printed: David Kelly | Printed: David Rosenberg |
| Title: SVP Real Estate | Title: V.P. |
| Date: 7/7/09 | Date: 7.7.09 |

ID

ZONE J

## Sales Agreement

This Sales Agreement ("Agreement" or "Sales Agreement") is entered into by and between Hudson Energy Services, LLC ("Hudson Energy") and The Great A&P Tea Company ("Buyer" or "Customer") on 07/06/2009 ("Effective Date"). Hudson Energy and Buyer may be referred to individually as "Party" or collectively as "Parties." This Agreement is comprised of three items; (1) this Sales Agreement; (2) the Statement of General Terms and Conditions attached hereto as Appendix 1 and incorporated into and made a part hereof; and (3) Block Addendum 1 (Form of Block Transaction Confirmations). The Parties have caused this Agreement to be executed and delivered by their duly authorized representatives as of the dates written below.

| Name: | The Great A&P Tea Company |
| --- | --- |
|  | c/o Advantage IQ MS 513 |
| Billing Address: | P.O. Box 2440 |
| City, State, Zip Code: | Spokane, WA 92210-2440 |
| Contact Person: | Jim Kirk |
| Phone: | 201.571.4865 |
| Tax ID #: | Tax Exempt: Yes___No___(If yes, please attach form) |

Account Information (By Zone)

| LDC | Number | Address | Start Date |
| --- | --- | --- | --- |
| ConEd | 299011302300006 | 133-11 20 Ave Ent College Point, NY 11356 | 4/1/2010 |
| ConEd | 299021808000000 | 153-01 10 Ave Sto Whitestone, NY 11357 | 4/1/2010 |
| ConEd | 299041012112003 | 213-15 26 Ave Ent Bayside, NY 11360 | 4/1/2010 |
| ConEd | 299041028200008 | 35-09 Fr Lewis Blvd Sto Flushing, NY 11358 | 4/1/2010 |
| ConEd | 299051811500001 | 242-02 61 Ave Smkt Little Neck, NY 11362 | 4/1/2010 |
| ConEd | 299191601100008 | 198-35 H Harding Blvd 44s Fresh Meadows, NY 11365 | 4/1/2010 |
| ConEd | 299191902400008 | 198-27 47 Ave Ent Flushing, NY 11358 | 4/1/2010 |
| ConEd | 422125119300007 | 415 E 59 St Sto New York, NY 10022 | 4/1/2010 |
| ConEd | 423109102000005 | 1329 1 Ave Sto New York, NY 10021 | 4/1/2010 |
| ConEd | 474423175500009 | 250 W 90 St Sto New York, NY 10024 | 4/1/2010 |
| ConEd | 494011010400000 | 308 Greenwich St Sto New York, NY 10013 | 4/1/2010 |
| ConEd | 494161400500008 | 200 E 32 St Sto New York, NY 10016 | 4/1/2010 |
| ConEd | 494171405000003 | 2000 Broadway Sto New | 4/1/2010 |

| | | York, NY 10023 | |
|---|---|---|---|
| ConEd | 299021808001008 | 153-01 10 Ave Plp Whitestone, NY 11357 | 4/1/2010 |
| ConEd | 299071902600007 | 75-55 31 Ave 370 East Elmhurst, NY 11370 | 4/1/2010 |
| ConEd | 299211901000003 | 82-35 153 Ave Sto Howard Beach, NY 11414 | 4/1/2010 |
| ConEd | 299211901200009 | 156-01 Cross Bay Blvd Sto Howard Beach, NY 11414 | 4/1/2010 |
| ConEd | 422219017410008 | 305 E 86 St Sto New York, NY 10028 | 4/1/2010 |
| ConEd | 423109100500014 | 1325 1 Ave Sto New York, NY 10021 | 4/1/2010 |
| ConEd | 425101015900007 | 251 E 51 St Sto New York, NY 10022 | 4/1/2010 |
| ConEd | 426127061202005 | 1066 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 426127061400013 | 1066 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 427129082000003 | 1175 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 427327079100048 | 1072 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 427327079200012 | 1074 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 427327079400034 | 1070 3 Ave Sto New York, NY 10065 | 4/1/2010 |
| ConEd | 434011266500001 | 475 6 Ave Sto New York, NY 10011 | 4/1/2010 |
| ConEd | 494103717001007 | 10 Union Sq A And P New York, NY 10003 | Top of Form  4/1/2010 |
| ConEd | 494143603120008 | 810 8 Ave Sto New York, NY 10019 | 4/1/2010 |
| ConEd | 494163615100004 | 1450 3 Ave Sto New York, NY 10028 | 4/1/2010 |
| ConEd | 696041111000017 | 2128 Bragg St Ent Brooklyn, NY 11229 | 4/1/2010 |
| ConEd | 696061502600019 | 3100 Ocean Ave Sto Brooklyn, NY 11235 | 4/1/2010 |
| ConEd | 696071501900005 | 2424 Flatbush Ave Sto Brooklyn, NY 11234 | 4/1/2010 |
| ConEd | 696081530000008 | 2149 Ralph Ave Sto Brooklyn, NY 11234 | 4/1/2010 |
| ConEd | 696121820000001 | 8121 New Utrecht Ave Stor Brooklyn, NY 11214 | 4/1/2010 |
| ConEd | 797513002600004 | 6390 Amboy Rd Sto Staten Island, NY 10309 | 4/1/2010 |
| ConEd | 797519027800008 | 375 Tompkins Ave Sto Staten Island, NY 10305 | 4/1/2010 |
| ConEd | 462039050002004 | 300 W 145 St Sto New York, NY 10039 | 4/1/2010 |
| ConEd | 299171904900015 | 155-15 Aguilar Ave Sto Spokane, WA 99210 | 4/1/2010 |

| ConEd | 451241081500005 | 150 E 125 St Sto Spokane, WA 99210 | 4/1/2010 |
| ConEd | 494193505200002 | 410 W 207 St Mkt Spokane, WA 99210 | 4/1/2010 |
| ConEd | 393071007800002 | 1851 Bruckner Blvd 613 Spokane, WA 99210 | 4/1/2010 |
| ConEd | 299111810404017 | 134-40 Springfield Blvd S Sprngfld Gdns, NY 11413 | 4/1/2010 |
| ConEd | 299031012900002 | 31-10 Farrington St Ent Flushing, NY 11354 | 4/1/2010 |
| ConEd | 696111509500009 | 1260 60 St Sto Brooklyn, NY 11219 | 4/1/2010 |
| ConEd | 299191912910004 | 92-02 Atlantic Ave Ent Ozone Park, NY 11416 | 4/1/2010 |
| ConEd | 299101712000013 | 42-02 Northern Blvd Ent Spokane, WA 99210 | 4/1/2010 |
| ConEd | 696091300500012 | 11110 Flatlands Ave Sto Brooklyn, NY 11207 | 4/1/2010 |
| ConEd | 696021505000005 | 816 E 42 St Ent Brooklyn, NY 11210 | 4/1/2010 |
| ConEd | 696021682500009 | 2965 Cropsey Ave Ent Brooklyn, NY 11214 | 4/1/2010 |
| ConEd | 696071400500005 | 9 12 St Ent Brooklyn, NY 11215 | 4/1/2010 |
| ConEd | 494041110500003 | 227 Cherry St Ent Spokane, WA 99210 | 4/1/2010 |
| ConEd | 393021545200017 | 2100 Bartow Ave 136 Spokane, WA 99210 | 4/1/2010 |
| ConEd | 313787157600002 | 961 E 174 St Sto Spokane, WA 99210 | 4/1/2010 |
| ConEd | 393011006300000 | 1720 Eastchester Rd Sto Spokane, WA 99210 | 4/1/2010 |
| ConEd | 797512004000007 | 2730 Arthur Kill Rd Ent Staten Island, NY 10309 | 4/1/2010 |
| ConEd | 797515003500000 | 100 Greaves Lane Ent Staten Island, NY 10308 | 4/1/2010 |
| ConEd | 797504055000002 | 2875 Richmond Ave Sto Staten Island, NY 10314 | 4/1/2010 |
| ConEd | 797503327000006 | 1351 Forest Ave Rsto Staten Island, NY 10302 | 4/1/2010 |
| ConEd | 696191192000004 | 3785 Nostrand Ave Ent Brooklyn, NY 11235 | 4/1/2010 |

Pricing

| Term | Zone | Retail Adder Price per kWh |
|---|---|---|
| 24 Months | J | 0.0301 |

By signing this Agreement, each party agrees to be bound by the terms of this Sales Agreement and the Statement of General Terms and Conditions attached hereto as Appendix 1.

Pg 11 of 20

Accepted and agreed to:

| Customer Name | Hudson Energy Services, LLC |
|---|---|
| Signature: *[signed]* | Signature: *[signed]* |
| Printed: David Kelly | Printed: David Rosenberg |
| Title: SVP Real Estate | Title: V.P. |
| Date: 7/7/09 | Date: 7.7.09 |

# Exhibit B

  

## STATEMENT OF GENERAL TERMS & CONDITIONS

**NATURE OF SERVICE:**
Upon execution of this Sales Agreement by both parties, Hudson Energy Services (hereinafter "Hudson Energy" or "Seller") hereby agrees to sell and Buyer hereby agrees to purchase and receive the quantity of electricity necessary to meet Buyer's requirements at Buyer's facilities as described in the Sales Agreement ("Electric Service"). Hudson Energy will arrange for the delivery of Electric Service to the respective LDC for delivery to Buyer's facilities.

**TERM:**
This Agreement shall be effective upon execution of this Sales Agreement by both parties. Hudson Energy shall use its best efforts to commence service on the meter read date in the start month stated on this Sales Agreement, provided however that Buyer acknowledges that the commencement date is dependent upon confirmation by the utility authority for the respective LDC ("Utility") of the completion of all the required enrollment processes for the Buyer, which shall be arranged for on Buyer's behalf by Hudson Energy. Hudson Energy shall provide Buyer weekly reports detailing enrollment status of each account under this Sales Agreement. Hudson Energy also acknowledges that time is of the essence in getting all accounts enrolled with the Utility and that failure to enroll accounts could result in higher electric costs to Buyer as a result of not obtaining service under this Sales Agreement. Service shall continue through the term specified in this Sales Agreement unless sooner terminated as provided herein ("Initial Term"); provided, however, such termination shall not affect or excuse performance under any provision surviving such termination. At the end of the Initial Term, this Agreement will automatically be renewed for one month periods at the rate specified under Paragraph entitled "RENEWALS" below ("Renewal Terms"), unless this Agreement is terminated in writing at least thirty (30) days prior to the expiration of the Initial Term and then prior to each monthly expiration date or the Buyer switches to another supplier or to the utility default service at the end of this contract term.

**QUANTITY:**
The quantity of electricity sold under this Agreement is specified on the Sales Agreement ("Base Volume"), and represents Buyer's full requirements as calculated according to the historical profile provided by the LDC. Where Buyer seeks to purchase volume in excess of the Base Volume (i.e., the "Additional Volume"), such Additional Volume shall be calculated by taking the historical profile provided by the LDC and subtracting the Base Volume.

**MATERIAL CHANGE IN BASE VOLUME:**
In the event Buyer's monthly cumulative consumption of electricity for Buyer's facilities as described in Attachment A hereto materially changes by an amount no less than ten percent in addition to or twenty percent below the applicable Base Volume or Additional Volume specified in the Sales Agreement as the case may be ("Threshold"), the price to be paid by Buyer for such electricity beyond the Threshold shall be the applicable spot market clearing price for all applicable services as established by the New York State Independent System Operator, Inc. ("NYISO") for the day-ahead market for Buyer's NYISO Zone ("Market Clearing Prices") plus the Retail Adder and all applicable taxes.

**PRICE:**
The price per kWh to be paid by Buyer for the services provided hereunder during the Initial Term of this Agreement shall be set forth on the Sales Agreement ("Contract Price"). The Contract Price is inclusive of the following non-Utility charges: applicable costs for Energy, Capacity, Transmission, Ancillary Services, losses, congestion (as applicable), margin and all fees. The price (on a per kWhr basis) for all Capacity related costs, transmission, balancing and ancillaries, all fees, margin, are contained in the Retail Adder as specified in the Sales Agreement. Energy is based on NYISO day ahead market for the relevant zone and losses are calculated on the metered volumes of each account. For periods where blocks have been purchased, energy will be priced first at the block price. For hours where the load is above the block values, energy will be priced at the day ahead market. Buyer acknowledges that any costs assessed by any authorized third party as a result of the provision of service hereunder, including but not limited to switching costs, are not included in the Price and shall be the responsibility of Buyer.

The price Buyer pays for electric supply will be determined as follows: Each month, Hudson Energy will calculate the Day Ahead Locational-Based Marginal Price (LBMP) based upon Buyers hourly usage for the month, adjusted for losses in accordance with the then current twelve-month rolling load weighted average of the line loss rates posted by Con Edison ("Loss Factor"). The current Loss Factor, which is subject to change, is 6.5% for Zone J, _%__% for Zone H and _._% for Zone I. Your pre-tax per kWh price will be the LBMP adjusted by the Loss Factor plus the Retail Adder. All prices exclude applicable taxes.
Special Provisions:

* At any point during the Term, Customer may purchase blocks of power (on-peak, off-peak, or around-the-clock) for a future period of not less than one month in duration. Block purchase and settlement, will be executed in accordance with the attached Block Addendum 1. Any such block shall be priced at market value and passed on to Customer without any mark-up from Hudson Energy. For Block purchases, the following procedure will be followed: (i) Hudson Energy shall get at least 3 bids for a requested Block; (ii) Hudson shall provide the best price of the bids to Buyer for execution; (iii) should Buyer decide to execute on such bid, then a Transaction Confirmation in the form Block Addendum 1 will be signed; (iv) Hudson shall provide documentation of the bid(s) from wholesale counterparties for the executed Block and any other of the bids that were submitted for the purchased Block. Hudson Energy shall provide such documentation supporting aforementioned pricing for purposes of price transparency for such block purchases.
* Customer may switch from Day-Ahead to Real-Time pricing for a future time period, upon a minimum of two business days prior written notice to Hudson Energy; provided that any such switch must be for all on-peak hours, all off-peak hours or all hours, in any given day.
* Hudson Energy shall provide Customer or Customer's authorized agent with interval usage data for each account being billed at the time such bill is issued to customer. Failure to do so shall allow customer to delay payment on such bill day for day (with no penalty) for as long as it takes to get such interval data as backup to the bill.

**RENEWALS**

The Contract Price, measured on a per kWh basis, during any subsequent Renewal Terms of this Agreement will be the Market Clearing Price plus the Retail Adder and all other taxes.

**TAXES:**
Buyer will pay all federal, state, and local taxes, fees and charges, including sales and use tax (collectively, "Taxes"), associated with the purchase of Electric Service under this Sales Agreement, or issue a legally valid and complete exemption certificate to Hudson Energy in lieu of any Taxes. Hudson Energy will not be liable for any Taxes not paid by Buyer. Buyer will be responsible for and shall pay Hudson Energy for all Taxes including gross receipts taxes, PSC assessment, NYISO assessment, and franchise and similar fees based upon receipts and municipal administrative fees imposed on Hudson Energy, as the seller of Electric Service under this Sales Agreement or as an energy service company ("ESCO"), Utility or Metering Entity, with the exception of any federal, state or local income taxes measured by net income or profits, or any property or ad valorem taxes imposed on Hudson Energy.

**BILLING AND PAYMENTS:**
Buyer will receive from Hudson Energy a monthly invoice following its meter read date or meter read estimate for services provided under this Agreement. Payment in full is due twenty (25) days from the receipt of the invoice. Buyer shall pay via check, wire transfer, direct debit or electronic data interchange (on terms reasonably acceptable to both Parties), the amount shown to be due on the Hudson Energy bill. If any amount of a bill is disputed in good faith, the non-disputed portion of the bill shall be paid when due. Overdue payments shall be assessed at 1.25% of the unpaid portion per month.
Customer acknowledges that Hudson Energy's ability to bill Buyer is dependent on the Utility's or ISO's ability to furnish Hudson Energy all necessary information including meter readings in the case of scalar meters and recorded data in the case of IDR meters. In the absence of such information from the Utility or ISO, Hudson Energy may bill Buyer based on estimated meter readings. Buyer's bill will be adjusted the following month, or on the next bill after Hudson Energy receives the actual consumption data from the Utility or ISO, to reconcile any difference between estimated consumption and actual consumption. Hudson Energy also may include adjustments to any bill at any time to reflect any amounts previously unbilled, or subsequently adjusted or modified by the Utility or ISO.

07/07/2009                                                                                                    Page 1 of 5



Buyer understands and agrees that it will receive a separate bill from Hudson Energy for its Electric Service and another bill from the Utility for distribution services.

**DISPUTES AND ADJUSTMENTS OF BILLS:**
Hudson Energy may, at any time, adjust any bill rendered under this Agreement. Buyer may request adjustment of any bill for any arithmetic, computational or meter reading errors within twelve (12) months of the date that the initial bill was received, or such shorter time as is available to Hudson Energy with respect to disputing any bill from a Utility or the NYISO containing a charge corresponding to the disputed portion of the bill rendered under this Agreement. If the disputed portion of the bill rendered pursuant to this Agreement relates to a charge imposed by a Utility or the NYISO, the procedures governing, and the results of, the resolutions of such dispute with the Utility or the NYISO shall be final and binding on the Parties.

**AUDIT AND ACCESS RIGHTS**

Hudson Energy shall maintain complete and detailed records, data, information and statements in auditable form and quality in respect of all activities related to the sale, purchase and delivery of Electric Service, the charges and assessments to Buyer, and Hudson Energy's other performance, under this Agreement. All such records shall be maintained consistent with GAAP, consistently applied, and shall be in a form suitable for audit, review and copying. Hudson Energy shall permit Buyer and its officers, directors, representatives, counsel, advisors and other agents (collectively, "Agents"), upon reasonable notice and during normal business hours, to inspect, have access to and audit all of the records described above for the purpose of auditing Hudson Energy's performance under this Agreement and the charges and calculations of charges assessed to A&P hereunder.

**DELIVERY POINT, TITLE AND LIABILITY:**
Title to, control and possession of Electric Service sold and delivered under this Agreement shall pass from Hudson Energy to Buyer at the Point of Delivery for each location set forth on the Sales Agreement.

**CREDIT AND COLLATERAL:**
Buyer shall provide Hudson Energy with information deemed reasonable by Hudson Energy and Buyer to complete a credit review. Electric Service hereunder is contingent upon Hudson Energy's determination, in its sole discretion (acting reasonably), that Buyer is creditworthy. If Hudson Energy has reasonable grounds to believe the Buyer's creditworthiness has materially deteriorated from that existing at the time this Agreement is executed, or that Buyer's performance under this Sales Agreement has become unsatisfactory, AND Buyer is delinquent in paying invoices by more than 15 days in two consecutive months, then Hudson Energy shall provide Buyer with written notice requesting collateral in the form of either cash, letter(s) of credit, corporate guarantees, or other security that is mutually acceptable to Hudson Energy and Buyer ("Performance Assurance") in an amount determined by Hudson Energy in a commercially reasonably manner, but in no event more than 2 months of billing on the account(s) in question. Upon receipt of such notice, Buyer shall have ten (10) Business Days to provide such Performance Assurance to Hudson Energy, or provide notice the Hudson of it's intent to terminate this contract. In the event Customer fails to provide such notice or Performance Assurance within ten (10) Business Days of receipt of such notice, an Event of Default shall be deemed to have occurred and Hudson Energy shall be entitled to the remedies set forth in this Sales Agreement.

If Hudson Energy receives notice that Buyer's Performance Assurance, including but not limited to any guaranty, irrevocable letter of credit or surety bond, will not be renewed, Hudson Energy has the right, prior to the expiration of the Performance Assurance, to draw against the Performance Assurance the amounts due and owing under this Sales Agreement or estimated to become due and owing under this Sales Agreement. Cash deposits held for more than thirty (30) days will accrue interest from the date of receipt at no less than what is required by law and will be applied annually to Buyer's account. If there is no interest rate required by law on such deposit, the annual rate shall be two (2) percent. Upon termination of service, Hudson Energy shall apply the cash deposit plus accrued interest against Buyer's outstanding balance on Buyer's final bill. Hudson Energy shall bill Buyer for any remaining balance.

**EVENTS OF DEFAULT:**
An "Event of Default" shall mean, with respect to a Party (the "Defaulting Party"): (a) the failure by the Defaulting Party to make, when due, any payment required pursuant to this Agreement if such failure is not remedied within fifteen (15) Business Days after written notice of such failure is given to the Defaulting Party by the other Party ("Non-Defaulting Party"); or (b) the failure by the Defaulting Party to perform any other term or condition set forth in this Agreement and such failure is not cured within ten (10) Business Days after written notice thereof to the Defaulting Party; or (c) the Defaulting Party becomes Bankrupt; or (d) with respect to Buyer, as the Defaulting Party, Buyer consolidates or merges with or into, or transfers all or substantially all of its assets to, another entity and, at the time of such consolidation, merger or transfer, the resulting, surviving or transferee entity (i) is less creditworthy than Buyer prior to such consolidation, merger or transfer, in Hudson Energy's commercially reasonable opinion, or (ii) fails to assume, by operation of law or pursuant to an agreement reasonably satisfactory to Hudson Energy, prior to or at the time of such consolidation, merger or transfer all the obligations of Buyer under this Agreement; or (e) the Defaulting Party commits fraud or abuse, or fails to prevent fraud or abuse with regard to Electric Service, or (f) with respect to Buyer, as the Defaulting Party, Hudson Energy discovers that the meter used in connection with providing Electric Service to Buyer has been tampered with or damaged by Buyer; or (g) with respect to Buyer, as the Defaulting Party, if Buyer enters into another electricity supply agreement for any Buyer locations set forth in the Sales Agreement that covers any period during the Initial Term or any subsequent Renewal Terms.

**RIGHTS OF NON-DEFAULTING PARTY:**
If either Party defaults, the Non-Defaulting Party may terminate this Sales Agreement effective on the date indicated in its notice of termination and shall have the right (i) to withhold any payments due to the Defaulting Party under this Sales Agreement; (ii) to suspend performance on or after the date of termination; and (iii) to the extent allowed by law, disconnect, or cause to be disconnected, each Buyer Location. In the event of disconnection for non-payment, Buyer may be required to pay additional charges to Buyer's Utility and Hudson Energy. These charges will be itemized on the disconnect notice. If Hudson Energy terminates this Sales Agreement for reasons other than non-payment, Buyer shall be transferred to the Provider of Last Resort, and Buyer shall be notified of the transfer.

**REMEDIES UPON EVENT OF DEFAULT:**
Event of Default by Buyer. If an Event of Default occurs with respect to Buyer, the Parties agree, that in addition to all amounts Buyer may owe Hudson Energy prior to the termination, Hudson Energy's damages shall be the sum of: (i) all remaining unpurchased quantities of electricity of the Contract Volume through the end of the then-current Term or Renewal Term ("Remaining Volume"), multiplied by the Contract Price, less the market value of the unpurchased electricity, determined in a commercially reasonable manner("Termination Amount") The Termination Amount shall be immediately due and payable by Buyer to Hudson Energy within ten (10) calendar days following such default.

Event of Default by Hudson Energy. If an Event of Default occurs with respect to Hudson Energy, the Parties agree, that in addition to all amounts Hudson Energy may owe Buyer prior to the termination, Buyer's sole damages shall be the positive difference, if any, in the price paid by the Buyer to an alternative service provider for the Remaining Volume and all of the Remaining Volume, multiplied by the Contract Price. Such amount shall be immediately due and payable by Hudson Energy to Buyer within

![Hudson Energy]

ten (10) calendar days following such default; provided, however, that Buyer's right to recover any such damages is subject to Paragraph 23 of the Sales Agreement.

Setoff. Upon termination of this Agreement due to an Event of Default, the Non-Defaulting Party may, at its option and in its discretion, setoff, against any amounts owed to the Defaulting Party by the Non-Defaulting Party under this Agreement or otherwise, any amounts owed by the Non-Defaulting Party to the Defaulting Party under this Agreement or otherwise. The Parties acknowledge and agree that under bankruptcy law (i) this Agreement constitutes a forward contract within the meaning of the United States Bankruptcy Code ("Code"); (ii) Hudson Energy is a forward contract merchant; (iii) Hudson Energy is not a "Utility" as that term is used in 11 U.S.C. 366, and Buyer agrees to waive and not to assert the applicability of the provisions of 11 U.S.C. 366 in any bankruptcy proceeding; and (iv) Hudson Energy is entitled to the rights under, and protections afforded by, the Code.

Liquidated Damages. The Parties agree that the damages listed in the preceding paragraphs are considered liquidated damages and represent the Defaulting Party's sole liability for breach of this Agreement. The Parties further agree that, except as set forth in the indemnity sections that follow, the Defaulting Party shall not be liable for any other costs, claims, damages or liabilities whatsoever. The Parties acknowledge that actual damages would be difficult or impossible to determine and that in the absence of such a liquidated damages provision, obtaining an adequate remedy would be inconvenient and that such liquidated damages constitute a reasonable approximation of the Non-Defaulting Party's harm or loss.

### WARRANTIES, DAMAGES AND LIABILITIES:
Each Party hereby represents and warrants to the other Party that (a) such Party has duly executed and delivered this Agreement; (b) this Agreement constitutes such Party's legal, valid and binding obligations, enforceable against it in accordance with its terms; (c) the execution, delivery and performance of this Agreement (i) are within such Party's authority and have been duly authorized by all proper corporate action, (ii) to each Party's knowledge, without duty of investigation, will not violate or conflict with any provision of law or with such Party's charter or by-laws and (iii) to each Party's knowledge, without duty of investigation will not conflict with, or constitute a default under, or result in a violation of, any agreement, instrument, judgment, decree, statute, rule or regulation to which such Party or any of such Party's assets is subject. Hudson Energy hereby warrants to Buyer that at the time of delivery of electricity hereunder it will have good title and/or the right to sell such electricity, and that such electricity will be free and clear of all liens and adverse claims. EXCEPT AS PROVIDED FOR IN THE PRECEDING SENTENCE, HUDSON ENERGY EXPRESSLY DISCLAIMS AND MAKES NO WARRANTIES, WHETHER WRITTEN OR ORAL, FOR OR WITH RESPECT TO ITS SUPPLY OF ELECTRICITY OR OTHER OBLIGATIONS UNDER THIS AGREEMENT, WHETHER EXPRESS, IMPLIED, OR STATUTORY, INCLUDING, WITHOUT LIMITATION, ANY EXPRESS, IMPLIED, OR STATUTORY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR USE. Except as set forth in Sections 7 and 13 and unless otherwise expressly provided herein, any liability under this Agreement will be limited to direct actual damages as the sole and exclusive remedy, and all other remedies or damages at law or in equity are waived. Except in the case of such damages payable by a Party hereunder pursuant to a claim for which such Party is entitled to indemnification from the other Party, neither Party will be liable for consequential, incidental, punitive, exemplary or indirect damages ARISING OUT OF OR RELATED IN ANY WAY TO THIS AGREEMENT, including lost profits or other business interruption damages, whatever the theory of recovery or cause of action, and whether due to a negligent or grossly negligent act or omission, WHETHER SOLE, JOINT OR CONCURRENT, products or strict liability or any other cause AND EACH PARTY HEREBY RELEASES THE OTHER FROM ANY SUCH LIABILITY. Unless otherwise provided, it is not the intent of the Parties to create by this Agreement (or by any performance of a Party's obligations under this Agreement) any liability of affiliates. Notwithstanding the foregoing, however, all limitations of liability and damages in this Agreement shall apply equally to affiliates of the Parties.

### INDEMNITY:
Buyer assumes all responsibility for the electricity supplied hereunder after it leaves the Utility's lines at the Delivery Point, as well as for the wires, apparatus and appurtenances used in connection therewith whether located at or beyond the Delivery Point so long as any such wires, apparatus and appurtenances are not installed nor maintained by Hudson Energy.. EXCEPT FOR ANY LOSSES, CLAIMS, DAMAGES, LIABILITIES, COSTS OR EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) WHICH ARISE FROM HUDSON ENERGY'S NEGLIGENCE, ACTS OR OMISSIONS, BUYER SHALL INDEMNIFY, PROTECT, DEFEND AND HOLD HARMLESS HUDSON ENERGY, ITS AFFILIATES, AND ITS CONTRACTORS AND EACH OF THEIR OFFICERS, DIRECTORS, CONTROL PERSONS, EMPLOYEES, AGENTS AND REPRESENTATIVES FROM AND AGAINST ANY LOSSES, CLAIMS, DAMAGES, LIABILITIES, COSTS OR EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) TO INCLUDE PROPERTY DAMAGE, DEATH, PERSONAL INJURY AND TORT LIABILITY SUFFERED BY ANY PERSON OR ENTITY TO THE EXTENT OCCASIONED BY, RELATING TO OR ARISING FROM SUCH ELECTRICITY OR BY SUCH WIRES, APPARATUS AND APPURTENANCES LOCATED AT AND BEYOND THE DELIVERY POINT OR RESULTING FROM THE ACTS OF BUYER, OR ITS EMPLOYEES, AGENTS, OR REPRESENTATIVES OR BUYER'S CONTRACTORS IN TAMPERING WITH OR ATTEMPTING TO REPAIR, OPERATE AND/OR MAINTAIN ANY LINES, WIRING, APPARATUS OR EQUIPMENT ON THE LDC'S SIDE OF THE DELIVERY POINT.

Hudson Energy assumes all responsibility for the electricity supplied hereunder after up to the Delivery Point, as well as for the wires, apparatus and appurtenances used in connection therewith whether located at or beyond the Delivery Point so long as any such wires, apparatus and appurtenances are not installed nor maintained by Buyer. EXCEPT FOR ANY LOSSES, CLAIMS, DAMAGES, LIABILITIES, COSTS OR EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) WHICH ARISE FROM BUYER'S NEGLIGENCE, ACTS OR OMISSIONS, HUDSON ENERGY SHALL INDEMNIFY, PROTECT, DEFEND AND HOLD HARMLESS BUYER, ITS AFFILIATES, AND ITS CONTRACTORS AND EACH OF THEIR OFFICERS, DIRECTORS, CONTROL PERSONS, EMPLOYEES, AGENTS AND REPRESENTATIVES FROM AND AGAINST ANY LOSSES, CLAIMS, DAMAGES, LIABILITIES, COSTS OR EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) TO INCLUDE PROPERTY DAMAGE, DEATH, PERSONAL INJURY AND TORT LIABILITY SUFFERED BY ANY PERSON OR ENTITY TO THE EXTENT OCCASIONED BY, RELATING TO OR ARISING FROM SUCH ELECTRICITY OR BY SUCH WIRES, APPARATUS AND APPURTENANCES LOCATED AT AND UP TO THE DELIVERY POINT OR RESULTING FROM THE ACTS OF HUDSON ENERGY, OR ITS EMPLOYEES, AGENTS, OR REPRESENTATIVES OR BUYER'S CONTRACTORS IN TAMPERING WITH OR ATTEMPTING TO REPAIR, OPERATE AND/OR MAINTAIN ANY LINES, WIRING, APPARATUS OR EQUIPMENT ON THE BUYER'S SIDE OF THE DELIVERY POINT.

### ASSIGNMENT:
Buyer may assign this Agreement to a third party only with Hudson Energy's prior written consent, which consent shall not be unreasonably with held or delayed; provided, however, Buyer may assign this Agreement to (i) an affiliate of Buyer; or (ii) to an entity that purchases all or substantially all of Buyer's assets without Hudson Energy's prior approval. Hudson Energy may not assign this Agreement to a third party without Buyer's prior written consent.



**FORCE MAJEURE:**
A "Force Majeure Event" shall mean any event or circumstance that prevents either Party from performing its obligations, when such event or circumstance is beyond its control, including, but not limited to, Acts of God; fires, flood, wildlife, storms, lightning, earthquakes, or regional freezing; war or hostile action; acts of the public enemy; civil insurrection, terrorism or sabotage; inability to access the transmission or distribution system, nonperformance of the Utility or NYISO; interruption, suspension or curtailment of firm transmission or delivery service by the Utility, NYISO or other entity; failure, repair or change of or obstruction in transmission and/or distribution equipment; event of Force Majeure of Hudson Energy's supplier or suppliers; voltage fluctuations, irregularities or surges; or good faith compliance with a then valid curtailment, order, regulation or restriction imposed by governmental, military, or lawfully established civilian authorities. Force Majeure shall not include: (a) Buyer's decision to shut down, sell or relocate its facilities; (b) economic loss due to Buyer's loss of markets or customers; or (c) changes in the market prices of fuel, energy or electricity. Hudson Energy does not transmit or distribute electricity to Buyer and does not generate the electricity used or consumed by Buyer. Therefore, Hudson Energy does not promise a steady, continuous supply. There are events outside of Hudson Energy's reasonable control which may result in fluctuations, interruptions or irregularities in Electric Service. HUDSON ENERGY WILL NOT BE LIABLE FOR ANY FLUCTUATIONS, INTERRUPTIONS OR IRREGULARITIES IN ELECTRIC SERVICE OR FOR ANY DAMAGE OR CONSEQUENCES RESULTING THEREFROM UNLESS CAUSED BY HUDSON ENERGY.

If either Party is rendered unable by a Force Majeure Event to carry out, in whole or part, its obligations under this Agreement and such Party gives written notice and full details of the event to the other Party as soon as reasonably practicable after the occurrence of the event, then during the pendency of such Force Majeure Event, the obligations of the Party affected by the event (other than the obligation to make payments then due or becoming due with respect to performance prior to the event) shall be suspended. A Party may furnish notice of a Force Majeure Event orally; provided, however, electronic or written notification must be furnished to the other Party within two (2) Business Days thereafter. The Party affected by the Force Majeure shall remedy the Force Majeure with all reasonable dispatch; provided however, that this provision shall not require Hudson Energy to schedule delivery of, or Buyer to receive energy at points other than the Delivery Points. In the case of a Force Majeure Event of Hudson Energy, the Contract Price for such kilowatt hours taken by the Buyer during the Force Majeure Event shall be calculated based upon the applicable Market Clearing Price.

**CONSUMER INFORMATION:**
These Terms and Conditions and the Sales Agreement, constitute the complete contract between the Parties and can only be amended in writing signed by both Parties. The services provided by the Utility will continue to be protected by the New York State's Home Energy Fair Practices Act and the Commission's Residential and Non-residential Rules. Should Buyer have any questions or require additional information regarding this Contract, Buyer can contact Hudson Energy at: Hudson Energy Services, 4 Executive Blvd. Suite 301, Suffern, NY 10901, 1-877 HUDSON9. Buyer may also request information from the New York State Public Service Commission at: Consumer Services Division, 3 Empire State Plaza, Albany, NY 12223 or Toll Free at 1-800-342-3377 or through their website at:http://www.dps.state.ny.us.

**CONFIDENTIALITY:**
Each Party acknowledges and agrees that the terms or conditions of this Sales Agreement, including the fees paid hereunder and the terms of any proposal or any documents provided to Buyer by Hudson Energy in connection with this Sales Agreement, constitute confidential information. Neither Party shall disclose any such confidential information to a third party (other than the Party's employees, counsel, accountants, affiliates or advisors who have a need to know such information and who have agreed to keep such information confidential) without the express prior written consent of the other Party, except in order to comply with any applicable law, regulation or any exchange, NYISO or regional transmission organization rule or in connection with any court or regulatory proceeding; provided, however, that each Party shall use reasonable efforts to prevent or limit the disclosure of confidential information, and shall immediately notify the other Party of the request for disclosure so as to afford such other Party the opportunity to oppose such disclosure or otherwise obtain a protective order or other relief as may be available. Each Party will cooperate with the other in any attempt to obtain such protections. This confidential provision shall not apply to (a) information that was known to a Party prior to obtaining information from the other Party; (b) information in the public domain; (c) information obtained by a Party from a third party who did not, directly or indirectly, receive the information from the other Party to this Sales Agreement or from an entity that was under an obligation of confidentiality to the other Party to this Sales Agreement; or (d) information developed by either Party independent of any confidential information. The Parties shall be entitled to all remedies available at law or equity to enforce or seek relief in connection with this confidentiality obligation.

**SPECIAL NOTIFICATION:**
Buyer shall notify Hudson Energy in writing, concurrently with the execution and delivery of this Sales Agreement, of any special circumstances relating to Buyer's facilities or consumption of Electric Service, including sensitivity to outages, interruptions or suspensions of delivery service creating dangerous or life threatening conditions.

**ELECTRICITY PROCUREMENT:**
Consistent with applicable laws and regulations and the terms and conditions of this Agreement, Hudson Energy, in its sole discretion, is authorized to select on behalf of Buyer such sources of electric generation as it deems appropriate for the Buyer Locations. Buyer authorizes Hudson Energy to execute on its behalf any documents necessary to effectuate any such election, and Buyer authorizes Hudson Energy to enroll the Customer Locations with its Utility so long as Hudson Energy uses commercially reasonable good faith business practices. Hudson Energy is an

independent contractor under this Sales Agreement. Except as otherwise provided in this Sales Agreement, neither Party has the authority to execute documents that purport to bind the other and nothing herein shall be construed to constitute a joint venture, fiduciary relationship, partnership or other joint undertaking.

**DUTY TO MITIGATE:**
Each Party agrees that it has a duty to mitigate damages and to use commercially reasonable efforts to minimize any damages it may incur as a result of the other Party's performance or non-performance of this Sales Agreement.



X Accepted and Agreed to:

Buyer: _David Kelly_

Name: _David Kelly_

Title: _SVP Real Estate_

Date: _7/7/09_

Hudson Energy

Name: _____

Title: _____

Date: _____

# Exhibit C

## Block Addendum 1

| Customer Name: The Great A&P Tea Company | Billing Contact: Jim Kirk |
|---|---|
| Contact Name: Jim Kirk | Billing Address: P.O. Box 2440 |
| Address: 2 Paragon Drive, Montvale, NJ 07645 | City, State, Zip Code: Spokane, WA 92210-2440 |
| Telephone: 201 571-4865    Fax: 201 410-4489 | Telephone: 201.571.4865    Fax: |

### Block Transaction Confirm

This Transaction Confirmation letter is being provided pursuant to and in accordance with the Sales Agreement, dated July 06, 2009 between Seller and Buyer ("Agreement"), and constitutes part of and is subject to the terms and provisions of such Agreement. Terms used but not defined herein shall have the meanings ascribed to them in the Agreement. In the event of a conflict between the terms of this Transaction and the Agreement, the terms of this Transaction shall prevail.

Product:     Fixed price block energy. Energy blocks will be based on constant usage during the applicable period referenced herein.

Date:        July 29, 2009

Term:        Reference table in price section

Price:

| Product | Term | MW | $/MWh |
|---|---|---|---|
| Peak | May-10 | 3.5 | 60.88 |
| Off Peak | May-10 | 0.8 | 40.60 |
| Peak | Jun-10 | 4 | 68.00 |
| Off Peak | Jun-10 | 1.7 | 43.25 |
| Peak | Jul-10 | 4 | 78.65 |
| Off Peak | Jul-10 | 1.7 | 49.15 |
| Peak | Aug-10 | 4 | 78.65 |
| Off Peak | Aug-10 | 1.7 | 49.35 |
| Peak | Sep-10 | 4 | 67.30 |
| Off Peak | Sep-10 | 0.9 | 46.30 |
| Peak | Oct-10 | 3.5 | 66.10 |
| Off Peak | Oct-10 | 0.9 | 47.30 |
| Peak | Nov-10 | 3.5 | 69.05 |
| Off Peak | Nov-10 | 0.9 | 50.27 |

Delivery Point: NYISO ZONE I

Hudson Energy – Abe Grohman

Signature: *(signed)* Abe Grohman

Title: President

Phone No: 845.228.3405

Fax: 845.228.3422

Customer

Name: *(signed)* Jim Kirk

Title: SVP Real Estate

Phone No: (201) 571-4813

Fax:

**Block Addendum 1**

| Customer Name: The Great A&P Tea Company | Billing Contact: Jim Kirk |
|---|---|
| Contact Name: Jim Kirk | Billing Address: P.O. Box 2440 |
| Address: 2 Paragon Drive, Montvale, NJ 07645 | City, State, Zip Code: Spokane, WA 92210-2440 |
| Telephone: 201 571-4865  Fax: 201 410-4489 | Telephone: 201.571.4865         Fax: |

**Block Transaction Confirm**

This Transaction Confirmation letter is being provided pursuant to and in accordance with the Sales Agreement, dated July 06, 2009 between Seller and Buyer ("Agreement"), and constitutes part of and is subject to the terms and provisions of such Agreement. Terms used but not defined herein shall have the meanings ascribed to them in the Agreement. In the event of a conflict between the terms of this Transaction and the Agreement, the terms of this Transaction shall prevail.

Product:     Fixed price block energy. Energy blocks will be based on constant usage during the applicable period referenced herein.

Date:        July 29, 2009

Term:        Reference table in price section

Price:

| Product | Term | MW | $/MWh |
|---|---|---|---|
| Peak | May-10 | 0.5 | 60.88 |
| Off Peak | May-10 | 0.2 | 40.60 |
| Peak | Jun-10 | 1 | 68.00 |
| Off Peak | Jun-10 | 0.3 | 43.25 |
| Peak | Jul-10 | 1 | 78.65 |
| Off Peak | Jul-10 | 0.3 | 49.15 |
| Peak | Aug-10 | 1 | 78.65 |
| Off Peak | Aug-10 | 0.3 | 49.35 |
| Peak | Sep-10 | 1 | 67.30 |
| Off Peak | Sep-10 | 0.1 | 46.30 |
| Peak | Oct-10 | 0.5 | 66.10 |
| Off Peak | Oct-10 | 0.1 | 47.30 |
| Peak | Nov-10 | 0.5 | 69.05 |
| Off Peak | Nov-10 | 0.1 | 50.27 |

Delivery Point: NYISO ZONE H

Hudson Energy – Abe Grohman                                Customer
Signature: _[signature]_                                   Name: _[signature] Jim K_

Title: President                                           Title: SVP Real Estate

Phone No: 845.228.3405                                     Phone No: (201) 571-4813

Fax: 845.228.3422                                          Fax: