Hearing Date and Time:    October 11, 2013, at 10:00 a.m., prevailing Eastern Time
Objection Deadline:    October 4, 2013, at 4:00 p.m., prevailing Eastern Time

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,[1] | ) | Case No. 10-24549 (RDD) |
|  | ) |  |
| Reorganized Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF THE FOURTH OMNIBUS OBJECTION OF**
**THE REORGANIZED DEBTORS TO CERTAIN PROOFS OF CLAIM**
**(NO LIABILITY CLAIMS AND CLAIMS TO BE ADJUSTED)**

**PLEASE TAKE NOTICE** that The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***")

and certain of its affiliates, as reorganized debtors (collectively, the "***Reorganized Debtors***"), will

present the attached *Fourth Omnibus Objection of the Reorganized Debtors to Certain Proofs of*

*Claim (No Liability Claims and Claims to be Adjusted)* (the "***Objection***")[2] to the Honorable Judge

Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern

District of New York (the "***Court***"), at 300 Quarropas Street, White Plains, New York 10601, at a

hearing to be held on **October 11, 2013, at 10:00 a.m. (ET)** (the "***Hearing***").

---

[1]    On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated debtors [Docket No. 4092]. The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains pending. The last four digits of A&P's federal tax identification number are 0974. The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Objection.

**PLEASE TAKE FURTHER NOTICE** that any responses to the relief requested in the Objection must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, must be set forth in a writing describing the basis therefore in accordance with the *Order Approving Certain Omnibus Claims Objection Procedures* [Docket No. 4091],[3] and must be electronically filed with the Court in accordance with General Order M-399 by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Court) and, by all other parties in interest, on a 3 ½ inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-399 or by first-class mail upon each of the following:  (a) counsel for the Reorganized Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Joseph M. Graham, Attn.: Benjamin M. Rhode; (b) the Office of the United States Trustee for the Southern District of New York at 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (c) counsel for the Investors, (i) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.: Kristopher M. Hansen, Attn.: Jayme T. Goldstein, and (ii) Latham & Watkins LLP, 355 S Grand Ave, Suite 100, Los Angeles, California 90071, Attn.: Robert Klyman; (d) counsel to the administrative agent for the Reorganized Debtors' Exit Facility lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn.: Donald S. Bernstein, Attn.: Marshall S. Huebner; and (e) any other parties as specified in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75] so as to be actually received **no later than October 4, 2013,**

---

[3]     The Reorganized Debtors are also serving this objection upon each of the affected claimants with a customized notice in accordance with the Objection Procedures approved by this order.

**at 4:00 p.m.** (**ET**).  Only those responses or objections that are timely filed, served, and received

will be considered at the Hearing.  Failure to file a timely response may result in entry of a final

order granting the relief requested in the Objection as requested by the Reorganized Debtors.

   **PLEASE TAKE FURTHER NOTICE** that if no responses to the Objection are timely

filed, served, and received in accordance with the terms hereof, the Court may enter an order

granting the relief requested in the Objection without further notice or hearing.  The parties are

required to attend the hearing and failure to attend in person or by counsel may result in relief

being granted or denied upon default.

New York, New York  
Dated:  September 11, 2013

*/s/ Ray C. Schrock*  
James H.M. Sprayregen, P.C.  
Paul M. Basta  
Ray C. Schrock  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

*Counsel to the Reorganized Debtors*

K&E 26148724

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,[1] | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**FOURTH OMNIBUS OBJECTION OF THE
REORGANIZED DEBTORS TO CERTAIN PROOFS OF CLAIM
(NO LIABILITY CLAIMS AND CLAIMS TO BE ADJUSTED)**

> THIS OBJECTION SEEKS TO EXPUNGE, DISALLOW, REDUCE, AND/OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON **SCHEDULE 1** AND **SCHEDULE 2** TO **EXHIBIT A** ATTACHED TO THIS OBJECTION.

The Great Atlantic & Pacific Tea Company, Inc. ("***A&P***") and certain of its affiliates, as reorganized debtors (collectively, the "***Reorganized Debtors***," and before the effective date of the chapter 11 plan confirmed in these cases, the "***Debtors***") file this objection (this "***Objection***") and seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**: (a) disallowing and expunging the proofs of claim identified on **Schedule 1** to

---

[1]    On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated debtors [Docket No. 4092].  The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains pending.  The last four digits of A&P's federal tax identification number are 0974.  The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**Exhibit A** attached hereto (collectively, the "*No Liability Claims*"); and (b) reducing and/or reclassifying the proofs of claim identified on **Schedule 2** to **Exhibit A** attached hereto (collectively, the "*Claims to be Adjusted*" and together with the No Liability Claims, the "*Disputed Claims*") pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Objection Procedures (as defined herein), and the Bar Date Order (as defined herein).  In support of this Objection, the Reorganized Debtors submit the declaration of Matthew P. Bennett (the "*Bennett Declaration*") attached hereto as **Exhibit B**. In further support of this Objection, the Reorganized Debtors respectfully state as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## Relief Requested

4.      By this Objection, the Reorganized Debtors seek entry of an order:

- disallowing and expunging the No Liability Claims identified on **Schedule 1** to **Exhibit A** in their entirety because the Reorganized Debtors' books and records reflect that there are no outstanding amounts owed on account of the No Liability Claims; and

- reducing, reclassifying, or reducing and reclassifying, as applicable, the Claims to be Adjusted identified on **Schedule 2** to **Exhibit A** because the Claims to be Adjusted are asserted in amounts or with priorities not reflected in the Reorganized Debtors' books and records and not supported under the Bankruptcy Code.

2

## Background

5.      On December 12, 2010 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 15, 2010, the Court approved the Debtors' request for procedural consolidation and joint administration of these chapter 11 cases [Docket No. 68].

6.      On December 20, 2011, the Court entered an order approving the Debtors' disclosure statement [Docket No. 3066].  On February 28, 2012, the Court confirmed the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 3417] (the "***Plan***").[2]  On March 13, 2012, the Debtors successfully consummated the Plan and emerged from chapter 11.

## The Claims Reconciliation Process

7.      On March 4, 2011 and March 25, 2011, the Debtors filed their statements of financial affairs and schedules of assets and liabilities, current income and expenditures, and executory contracts and unexpired leases as required by section 521 of the Bankruptcy Code (collectively, as amended, the "***Schedules***").[3]

8.      On May 2, 2011, the Court entered an order [Docket No. 1476] (the "***Bar Date Order***") establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  Specifically, among other things, the Court established June 17, 2011, as the deadline for all persons and entities holding or wishing to assert a "claim" (as defined in section 101(5) of the

---

[2]      All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Plan.

[3]      The Debtors filed their amended Schedules on January 9, 2012.

K&E 26148724

Bankruptcy Code) against any of the Debtors that arose before the Petition Date (each, a "*Claim*"), including any Claim arising under section 503(b)(9) of the Bankruptcy Code, to file proof of such Claim in writing.

9.      More than 10,000 proofs of claim were filed against the Debtors, asserting more than $52 billion in aggregate liabilities.  The Reorganized Debtors have been diligently working to review and settle proofs of claim pursuant to Article VI of the Plan.  At this time, less than 4,000 proofs of claim remain unresolved.

10.      On November 30, 2012, the Reorganized Debtors filed their motion for entry of an order approving certain omnibus claims objection procedures [Docket No. 4061] in order to streamline their claim resolution process.  On December 18, 2012, the Court entered an order [Docket No. 4091] granting the Reorganized Debtors' motion and approving procedures for filing omnibus objections to proofs of claim in these chapter 11 cases and for responding to such objections, which were attached to the order as **Exhibit 1** (the "*Objection Procedures*").

## Objection

11.      Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:  "A claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502.  Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection."  Bankruptcy Rule 3007(d).  The Objection Procedures expand on Bankruptcy Rule 3007(d) and permit the Reorganized Debtors to file an omnibus objection on additional grounds, including if the Claims "are inconsistent with the Reorganized Debtors'

4

books and records" or "improperly assert administrative, secured, or priority status, or are otherwise incorrectly or improperly classified."[4]

12.     The Bar Date Order provides that each proof of claim must "include supporting documentation, unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available."[5]  Absent such documentation, a proof of claim lacks *prima facie* validity.  *Ashford v. Consol. Pioneer Mortg.* (*In re Consol. Pioneer Mortg.*), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Taylor*, 363 B.R. 303, 308 (Bankr. M.D. Fla. 2007) ("Attaching supporting documentation is mandatory prerequisite to establishing a claim's *prima facie* validity").  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate validity of the claim.  *See, e.g.*, *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); *In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).  As set forth in the Bennett Declaration, the Reorganized Debtors have reviewed the Disputed Claims and object to the No Liability Claims and the Claims to be Adjusted.

## I.    No Liability Claims

13.     The Reorganized Debtors have determined, based upon a thorough review of their books and records and for the reasons set forth in the column entitled "Basis for Objection" on **Schedule 1** to **Exhibit A** attached hereto, that the No Liability Claims should be disallowed and expunged in their entirety.  Generally, the No Liability Claims consist of asserted Claims that have already been paid in part or are otherwise inconsistent with the Reorganized Debtors'

---

[4]       Objection Procedures ¶¶ 1(a) and 1(d), respectively.

[5]       Bar Date Order ¶ 3(a)(ii).

K&E 26148724

books and records and are not otherwise supported by documentation with the proof of claim.

Failure to disallow and expunge the No Liability Claims would result in the relevant claimants

receiving an unwarranted recovery from the Reorganized Debtors. Accordingly, the

Reorganized Debtors respectfully request that the Court disallow and expunge the No Liability

Claims in their entirety.

## II.    Claims to be Adjusted

14.    The Reorganized Debtors have thoroughly reviewed their books and records and

have determined, for the reasons set forth in the column entitled "Basis for Objection" on

**Schedule 2** to **Exhibit A** attached hereto, that (a) they are not liable for the full amount of the

Claims to be Adjusted and/or (b) the Claims to be Adjusted were filed with an improper priority.

Generally, the Claims to be Adjusted consist of Claims where the Reorganized Debtors have

paid a portion of the asserted Claim as is consistent with the Reorganized Debtors' books and

records. Accordingly, the Reorganized Debtors respectfully request that the Court reduce the

amount, reclassify the priority, or reduce the amount and reclassify the priority, as applicable, of

each Claim to be Adjusted to the amount and/or priority, as applicable, identified in the columns

entitled "Adjusted Claim" on **Schedule 2** to **Exhibit A** attached hereto.

### **Motion Practice**

15.    This Objection includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Objection. Accordingly, the Reorganized Debtors submit that this Objection satisfies

Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New

York.

### Reservation of Rights

16.    This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Reorganized Debtors or any other party in interest to object to any of the Disputed Claims on any grounds whatsoever and the Reorganized Debtors expressly reserve all further substantive or procedural objections they may have.

### Separate Contested Matter

17.    To the extent that a response is filed regarding any Disputed Claim and the Reorganized Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Reorganized Debtors request that any order entered by the Court regarding an objection asserted in this Objection be deemed a separate order with respect to each proof of claim.

### Notice

18.    The Reorganized Debtors have provided notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Investors; (c) the claimants whose Claims are affected by this Objection in accordance with the Objection Procedures; (d) any other person or entity with a particularized interest in the subject matter of the Objection; and (e) the entities on the Master Service List (as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 75] and available on the Reorganized Debtors' case website at www.kccllc.net/APTea).  In light of the nature of the relief requested herein, the Reorganized Debtors respectfully submit that no further notice is necessary.

7

WHEREFORE, for the reasons stated above and in the Bennett Declaration, the Reorganized Debtors respectfully request that the Court enter an order: (a) disallowing and expunging the No Liability Claims identified on **Schedule 1** to **Exhibit A** attached hereto; (b) reducing and/or reclassifying, as applicable, the Claims to be Adjusted identified on **Schedule 2** to **Exhibit A** attached hereto; and (c) granting such other and further relief as the Court deems just and proper.

New York, New York
Dated: September 11, 2013

/s/ *Ray C. Schrock*
_____

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

*Counsel to the Reorganized Debtors*

8

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA | ) | Case No. 10-24549 (RDD) |
| COMPANY, INC., *et al.*,[1] | ) | |
| | ) | |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE FOURTH OMNIBUS OBJECTION OF THE**
**REORGANIZED DEBTORS TO CERTAIN PROOFS OF CLAIM**
**(NO LIABILITY CLAIMS AND CLAIMS TO BE ADJUSTED)**

Upon the objection (the "***Objection***")[2] of the Reorganized Debtors for entry of an order

(this "***Order***") disallowing, expunging, reclassifying, or reducing, as appropriate, the Disputed

Claims, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007,

the Objection Procedures, and the Bar Date Order, all as more fully set forth in the Objection

and the Bennett Declaration; and the Court having found that it has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and

the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Objection is in the best interests of the Reorganized

Debtors, the Debtors' estates, their creditors, and other parties in interest; and the Court having

found that the Reorganized Debtors provided appropriate notice of the Objection and the

---

[1]     On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated
debtors [Docket No. 4092]. The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains
pending. The last four digits of A&P's federal tax identification number are 0974. The location of the
Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

opportunity for a hearing on the Objection; and the Court having reviewed the Objection and the Bennett Declaration submitted in connection therewith; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is granted to the extent set forth herein.

2.      The No Liability Claims identified on **Schedule 1** attached hereto are disallowed and expunged in their entirety.

3.      The Claims to be Adjusted identified on **Schedule 2** attached hereto are reduced in amount and/or reclassified in priority to the amounts and priorities, as applicable, identified in the columns entitled "Adjusted Claim" in **Schedule 2** attached hereto.

4.      Kurtzman Carson Consultants LLC, the Reorganized Debtors' notice and claims agent, is authorized to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

5.      Entry of this Order is without prejudice to the Reorganized Debtors' right to object to any other Claims in these chapter 11 cases or to further object to the Disputed Claims, on any grounds whatsoever, at a later date.

6.      Each Claim and the objections by the Reorganized Debtors to each Claim as addressed in the Objection and as identified in **Schedule 1** and **Schedule 2** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

2

8.      The Reorganized Debtors are authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order in accordance with the Objection.

9.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

White Plains, New York
Dated: _____ _____ , 2013

_____
United States Bankruptcy Judge

3

## **SCHEDULE 1**

**No Liability Claims**

**No Liability Claims**

**Claim Asserted Against Debtor**

| Claim No. | Name and Address of Claimant | Name of Original Debtor | Secured | Administrative | Priority | Unsecured | Total Claim | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|
| 3861 | Alfred DAngelo<br>46 Sunnyside Rd<br>Mahwah, NJ 07430 | The Great Atlantic & Pacific Tea Company, Inc. | | $8,165.38 | | $5,600.00 | $13,765.38 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 5172 | Bernard Connolly<br>204 W Rodgers St<br>Ridley Park, PA 19078 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $7,400.98 | $19,125.98 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 3495 | Bradhurst Development Company LLC<br>Attn Steven H Newman Esq<br>Katsky Korins LLP<br>605 Third Ave<br>New York, NY 10158 | Pathmark Stores, Inc. | | | | UNLIQUIDATED | UNLIQUIDATED | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 1975 | Brian Kaminski<br>4 Bracken Hill Rd<br>Hamburg, NJ 07419 | The Great Atlantic & Pacific Tea Company, Inc. | | | $1,039.28 | | $1,039.28 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 8946 | CLARK, BRIAN D<br>11 ORRIS AVE<br>PISCATAWAY, NJ 08854 | The Great Atlantic & Pacific Tea Company, Inc. | | | $13,000.00 | | $13,000.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 580 | David M Galotti<br>53 Ledge Dr<br>Berlin, CT 06037 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $18,940.72 | $18,940.72 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 2518 | Debra Halvorson<br>158 Julia Terrace<br>Middletown, CT 06457 | The Great Atlantic & Pacific Tea Company, Inc. | | | $4,896.00 | | $4,896.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 7569 | Donna Dohlstrom<br>89 Hagaman St<br>Carteret, NJ 07008 | The Great Atlantic & Pacific Tea Company, Inc. | | | $3,421.61 | | $3,421.61 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document
Pg 18 of 30

Fourth Omnibus Objection - Schedule 1

In re: The Great Atlantic Pacific Tea Company, Inc., et al.
Case No.: 10-24549

**No Liability Claims**

**Claim Asserted Against Debtor**

| Claim No. | Name and Address of Claimant | Name of Original Debtor | Secured | Administrative | Priority | Unsecured | Total Claim | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|
| 6108 | Edmond Conde<br>PO BOX 175<br>Baltic, CT 06330 | The Great Atlantic & Pacific Tea Company, Inc. | | | $3,702.70 | | $3,702.70 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 7305 | Edward J Kweselait<br>1612 Ratzer Rd<br>Wayne, NJ 07470 | Pathmark Stores, Inc. | | | $17,599.93 | $17,223.40 | $34,823.33 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 4587 | Frank Milillo<br>46 Ohio Ave<br>Congers, NY 10920 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $23,413.98 | $23,413.98 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 4321 | Gary Dhondt<br>1213 Briarcliff<br>St Clair Shores, MI 48082 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $50,467.26 | $62,192.26 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 136 | Gary W Buckley<br>9 Windy Hill Rd<br>Annandale, NJ 08801 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $8,487.00 | $20,212.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 6532 | Horace Velie<br>909 Hillcrest Rd<br>Newton, NJ 07860 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $8,911.16 | $20,636.16 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 773 | IT SOLUTIONS WIZARD LLC<br>13219 COPPERMILL DR<br>HERNDON, VA 20171 | The Great Atlantic & Pacific Tea Company, Inc. | | | $17,257.50 | $0.00 | $17,257.50 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 1545 | James Bisogno<br>1213 Allen Dr<br>Seaford, NY 11783 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $21,756.76 | $21,756.76 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |

Fourth Omnibus Objection - Schedule 1

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document
Pg 19 of 30

In re: The Great Atlantic Pacific Tea Company, Inc., et al.
Case No.: 10-24549

**No Liability Claims**

**Claim Asserted Against Debtor**

| Claim No. | Name and Address of Claimant | Name of Original Debtor | Secured | Administrative | Priority | Unsecured | Total Claim | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|
| 266 | Janice Santoro<br>9 Kreuz Dr<br>West Nyack, NY 10994 | The Great Atlantic & Pacific Tea Company, Inc. | | | $4,175.25 | | $4,175.25 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 913 | Joan Colucci<br>10 Winters Ct<br>Clark, NJ 07066 | The Great Atlantic & Pacific Tea Company, Inc. | | | $6,992.45 | | $6,992.45 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 4690 | John Brett<br>1811 Scarlet Oak Ave<br>Toms River, NJ 08755 | The Great Atlantic & Pacific Tea Company, Inc. | | | $40,730.00 | | $40,730.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 402 | John Redahan<br>120 Meadow Ridge Ln<br>Lagrangeville, NY 12540 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $14,754.68 | $14,754.68 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 2733 | Karl Knaul<br>409 Cedarcroft Ave<br>Audubon, NJ 08106 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $37,520.00 | $37,520.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 1095 | Laura A Denner<br>745 Marcellus Dr<br>Westfield, NJ 07090 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $294.25 | $12,019.25 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 8849 | Marc Simone<br>10 West Rd<br>Mahwah, NJ 07430 | The Great Atlantic & Pacific Tea Company, Inc. | | | $5,950.00 | | $5,950.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 5634 | Richard Brewer<br>Attn Matthew G Roseman Esq<br>c o Cullen and Dykman LLP<br>100 Quentin Roosevelt Blvd<br>Garden City, NY 11530 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $22,420.58 | $34,145.58 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |

Fourth Omnibus Objection - Schedule 1

**No Liability Claims**

**Claim Asserted Against Debtor**

| Claim No. | Name and Address of Claimant | Name of Original Debtor | Secured | Administrative | Priority | Unsecured | Total Claim | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|
| 1098 | Ronald F Jani<br>11 McKinley Dr<br>Rockaway, NJ 07866-3207 | Pathmark Stores, Inc. | | | $11,725.00 | $10,838.45 | $22,563.45 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 426 | Susan A Cerio<br>1516 88th St<br>North Bergen, NJ 07047 | The Great Atlantic & Pacific Tea Company, Inc. | | | $13,085.31 | | $13,085.31 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 263 | The Connecticut Light and Power Company<br>Northeast Utilities Credit and Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8307 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $875.48 | $875.48 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this claim. This is for a property location that is not owned or leased by the Reorganized Debtors. | 5–6 |
| 3801 | Thomas Connors<br>Attn Matthew G Roseman Esq<br>c o Cullen and Dykman LLP<br>100 Quentin Roosevelt Blvd<br>Garden City, NY 11530 | The Great Atlantic & Pacific Tea Company, Inc. | | | $11,725.00 | $38,397.80 | $50,122.80 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 10041 | Total Records Information Management, LLC<br>Attn Stuart Komrower, Esq<br>c o Cole, Schotz, Meisel, Forman & Leonard, P.A.<br>25 Main St<br>Hackensack, NJ 07601 | The Great Atlantic & Pacific Tea Company, Inc. | | UNLIQUIDATED | | | $0.00 | The Reorganized Debtors have reviewed their books and records and have determined that they are only liable for $35,000.00, which they have paid. Therefore, the claim should be disallowed and expunged. | 5–6 |
| 2470 | TRADE ASSOCIATES GROUP LTD<br>1730 WEST WRIGHTWOOD<br>CHICAGO, IL 60614-1914 | The Food Emporium, Inc. | | | | $3,037.18 | $3,037.18 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this claim. This Claim is for a property location that is not owned or leased by the Reorganized Debtors. | 5–6 |
| 620 | Walter Fedak<br>16 BroachWay<br>Hillsborough, NJ 08844 | The Great Atlantic & Pacific Tea Company, Inc. | | | $8,248.00 | | $8,248.00 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |
| 958 | William Minnie<br>331 Brookfield Rd<br>Brimfield, MA 01010 | The Great Atlantic & Pacific Tea Company, Inc. | | | $0.00 | $10,767.85 | $10,767.85 | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant.  Therefore, the claim should be disallowed and expunged. | 5–6 |

Fourth Omnibus Objection - Schedule 1

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document
Pg 21 of 30

In re: The Great Atlantic Pacific Tea Company, Inc., et al.
Case No.: 10-24549

**No Liability Claims**

**Claim Asserted Against Debtor**

| Claim No. | Name and Address of Claimant | Name of Original Debtor | Secured | Administrative | Priority | Unsecured | Total Claim | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|
| 5124 | WRD COUNTY LINE LP<br>WILLNER REALTY & DEVELOPMENT CO<br>ATTN MICHAEL B WILLNER<br>123 COULTER AVE STE 200<br>ARDMORE, PA 19003-2425 | Food Basics, Inc. | | | | UNLIQUIDATED | UNLIQUIDATED | The Reorganized Debtors have reviewed their books and records and have determined that they have no outstanding liabilities to this claimant. Therefore, the claim should be disallowed and expunged. | 5–6 |
| 2141 | XCELL INTERNATIONAL<br>16400 W 103RD ST<br>LEMONT, IL 60439 | The Food Emporium, Inc. | | | | $407.56 | $407.56 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this claim. This Claim is for a property location that is not owned or leased by the Reorganized Debtors. | 5–6 |
| 9985 | Yankee Gas<br>Northeast Utilities, Credit & Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8399 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $214.94 | $214.94 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this Claim. Therefore, the claim should be disallowed and expunged. | 5–6 |
| 9997 | Yankee Gas<br>Northeast Utilities, Credit & Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8399 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $201.95 | $201.95 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this Claim. Therefore, the claim should be disallowed and expunged. | 5–6 |
| 265 | Yankeegas<br>Northeast Utilities Credit and Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8307 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $59.18 | $59.18 | The Reorganized Debtors have reviewed their books and records and have determined that they are not liable for this claim. This Claim is for a property location that is not owned or leased by the Reorganized Debtors. | 5–6 |

## SCHEDULE 2

**Claims to be Adjusted**

Fourth Omnibus Objection - Schedule 2

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document
Pg 23 of 30

In re: The Great Atlantic Pacific Tea Company, Inc., et al.
Case No.: 10-24549

Claims to be Adjusted

| Claim No. | Name and Address of Claimant | Debtor Name | Claim Asserted Against Debtor | | | | | Adjusted Claim | | | | | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Administrative | Priority | Unsecured | Total | Secured | Administrative | Priority | Unsecured | Total | | |
| 1821 | ASM Capital LP<br>ASM Capital<br>7600 Jericho Turnpike Ste 302<br>Woodbury, NY 11797 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $24,495.19 | $24,495.19 | | | | $22,342.07 | $22,342.07 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 976 | BlueWater Painting Corp<br>44 Cain Dr<br>Brentwood, NY 11717 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $55,841.70 | $55,841.70 | | | | $47,834.45 | $47,834.45 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 3669 | BOWNE ENTERPRISE SOLUTIONS<br>ATTN ROBERT LARSEN<br>RR DONNELLY<br>3075 HIGHLAND PKWY<br>DOWNERS GROVE, IL 60515 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $19,167.63 | $19,167.63 | | | | $16,619.92 | $16,619.92 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 7542 | Cynamic Industries LLC<br>Attn Gregg Hill<br>3480 Windquest Dr<br>Holland, MI 49424 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $488,498.66 | $488,498.66 | | | | $486,690.36 | $486,690.36 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 680 | Excell Maintenance Services Inc<br>John D Wilson Esq<br>701 Grant Ave Ste A<br>Collingswood, NJ 08107 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $33,199.78 | $33,199.78 | | | | $29,303.80 | $29,303.08 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 415 | Hain Capital Holdings Ltd<br>Attn Ganna Liberchuk<br>301 Rte 17 7th Fl<br>Rutherford, NJ 07070 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $135,237.42 | $135,237.42 | | | | $130,609.42 | $130,609.42 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 3752 | HIGH GRADE BEVERAGE NB<br>PO BOX 7092<br>NORTH BRUNSWICK, NJ 08902 | Pathmark Stores, Inc. | | | | $2,131.94 | $2,131.94 | | | | $661.14 | $661.14 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 3753 | HIGH GRADE BEVERAGE NB<br>PO BOX 7092<br>NORTH BRUNSWICK, NJ 08902 | Super Fresh Food Markets, Inc. | | | | $657.04 | $657.04 | | | | $168.60 | $168.60 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 3758 | HIGH GRADE BEVERAGE NB<br>PO BOX 7092<br>NORTH BRUNSWICK, NJ 08902 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $4,870.72 | $4,870.72 | | | | $400.05 | $400.05 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |

Fourth Omnibus Objection - Schedule 2

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document    In re: The Great Atlantic & Pacific Tea Company, Inc., et al.
Pg 24 of 30

Case No.: 10-24549

**Claims to be Adjusted**

| Claim No. | Name and Address of Claimant | Debtor Name | Claim Asserted Against Debtor | | | | | Adjusted Claim | | | | | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Administrative | Priority | Unsecured | Total | Secured | Administrative | Priority | Unsecured | Total | | |
| 180 | JL Telecommunications Inc<br>7 Arthur Ave<br>Rocky Point, NY 11778 | The Great Atlantic & Pacific Tea Company, Inc. | | | $6,909.54 | | $6,909.54 | | $0.00 | $0.00 | $6,781.22 | $6,781.22 | The Reorganized Debtors have paid $128.32 in satisfaction of the priority portion of the claim that is consistent with the Reorganized Debtors' books and records. The remainder is for goods delivered outside the 20 days prior to the Petition Date and therefore should be reclassified as general unsecured. | 6 |
| 3849 | Karcher North America Inc<br>1351 W Stanford Ave<br>Englewood, CO 80110 | The Great Atlantic & Pacific Tea Company, Inc. | | $50,062.00 | | | $50,062.00 | | $0.00 | | $44,092.47 | $44,092.47 | The Reorganized Debtors have paid $5,969.53 in satisfaction of the administrative priority portion of the claim that is consistent with the Reorganized Debtors' books and records and have determined that the remainder of the claim should be reclassified as general unsecured | 6 |
| 121 | L I Locksmith and Alarm Co Inc dba L I Automatic Doors<br>26 W Old Country Rd<br>Hicksville, NY 11801 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $36,556.87 | $36,556.87 | | | | $32,227.85 | $32,227.85 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 448 | McCue Corporation<br>35 Congress St Ste 150<br>Salem, MA 01970 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $17,623.07 | $17,623.07 | | | | $16,153.07 | $16,153.07 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 140 | Pam Sweeping Corp<br>PO Box 99<br>Islip Terrace, NY 11752 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $6,049.10 | $6,049.10 | | | | $4,329.10 | $4,329.10 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 564 | Premier Plumbing and Heating Specialist Inc<br>Sol Kodsi Esq<br>111 John St Ste 800<br>New York, NY 10038 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $180,262.00 | $180,262.00 | | | | $171,190.66 | $171,190.66 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 985 | RK ENVIRONMENTAL SERVICES LLC<br>130 BROADWAY<br>CRESSKILL, NJ 07626 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $31,059.97 | $31,059.97 | | | | $29,585.07 | $29,585.07 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 590 | SERVICE SELECT INC<br>400 MACK DR<br>CROYDON, PA 19021 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $266,761.07 | $266,761.07 | | | | $263,398.85 | $263,398.85 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |

Fourth Omnibus Objection - Schedule 2

10-24549-rdd    Doc 4306    Filed 09/11/13    Entered 09/11/13 13:17:58    Main Document
Pg 25 of 30

In re: The Great Atlantic Pacific Tea Company, Inc., et al.
Case No.: 10-24549

**Claims to be Adjusted**

| Claim No. | Name and Address of Claimant | Debtor Name | Claim Asserted Against Debtor | | | | | Adjusted Claim | | | | | Basis for Objection | Page # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Administrative | Priority | Unsecured | Total | Secured | Administrative | Priority | Unsecured | Total | | |
| 317 | Storeflex Fixture Corporation<br>Sharon Grasso<br>392 W Pulteney St<br>Corning, NY 14830 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $231,574.91 | $231,574.91 | | | | $229,585.98 | $229,585.98 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 1062 | Trap Zap Environmental Systems Inc<br>Ilana Volkov Esq<br>Cole Schotz Meisel Forman & Leonard PA<br>25 Main St<br>PO Box 800<br>Hackensack, NJ 07602-0800 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $89,555.11 | $89,555.11 | | | | $76,731.76 | $76,731.76 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 29 | Wamco Electric Inc<br>150 D School St<br>Westbury, NY 11590 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $62,001.74 | $62,001.74 | | | | $48,245.95 | $48,245.95 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 4470 | Williams Gerard Productions<br>c o Bill Kijek Director of Accounting<br>420 N Wabash Ave 5th Fl<br>Chicago, IL 60611 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $38,850.00 | $38,850.00 | | | | $24,100.00 | $24,100.00 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |
| 339 | WT Winter Associates<br>20 A Kulick Rd<br>Fairfield, NJ 07004 | The Great Atlantic & Pacific Tea Company, Inc. | | | | $103,803.78 | $103,803.78 | | | | $100,613.69 | $100,613.69 | The Reorganized Debtors have reviewed their books and records and the information submitted with this Claim, and have determined that they are not liable for the full amount of this Claim. Therefore, the claim should be reduced. | 6 |

## <u>EXHIBIT B</u>

**Bennett Declaration**

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to the Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-24549 (RDD) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF MATTHEW P. BENNETT**
**IN SUPPORT OF THE FOURTH OMNIBUS OBJECTION OF**
**THE REORGANIZED DEBTORS TO CERTAIN PROOFS OF CLAIM**
**(NO LIABILITY CLAIMS AND CLAIMS TO BE ADJUSTED)**

I, Matthew P. Bennett, hereby declare under penalty of perjury:

1.    I am the Senior Counsel for The Great Atlantic & Pacific Tea Company, Inc.

("***A&P***"), one of the above-captioned reorganized debtors (collectively, the "***Reorganized***

***Debtors***" and before confirmation of their chapter 11 plan, the "***Debtors***").[1]  In my current

position with the Reorganized Debtors, I am generally familiar with the Reorganized Debtors'

day-to-day operations, financing arrangements, business affairs, and books and records that

reflect, among other things, the Debtors' liabilities and the amount thereof owed to their

---

[1]    On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated debtors [Docket No. 4092].  The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains pending.  The last four digits of A&P's federal tax identification number are 0974.  The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

creditors as of their chapter 11 filing date, December 12, 2010. I have read the *Fourth Omnibus Objection of the Reorganized Debtors to Certain Proofs of Claim (No Liability Claims and Claims to be Adjusted)* (the "**Objection**")[2] and am directly, or by and through the Reorganized Debtors' advisors and personnel, familiar with the information contained therein and the exhibits attached thereto. I am authorized to submit this Declaration on the Reorganized Debtors' behalf.

2.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Disputed Claims, the Reorganized Debtors have thoroughly reviewed their books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that each Disputed Claim should be disallowed, expunged, reclassified, and/or reduced. As such, I believe that disallowance, expungement, reclassification, and/or reduction of the Disputed Claims on the terms set forth in the Objection is appropriate.

**I.      No Liability Claims**

3.      To the best of my knowledge, information, and belief, the Reorganized Debtors have determined that the Claims listed on **Schedule 1** to **Exhibit A** to the Objection (collectively, the "***No Liability Claims***") were paid in full or in part, settled, or otherwise are not reflected in the Reorganized Debtors' books and records as described on **Schedule 1** to **Exhibit A** to the Objection and are not otherwise supported by documentation with the proof of claim. Accordingly, the No Liability Claims should be disallowed and expunged as requested in the Objection.

---

[2]          Capitalized terms not defined but used herein shall have the meaning ascribed to them in the Objection.

K&E 26148724

**II.      Claims to be Adjusted**

4.       To the best of my knowledge, information, and belief, the Reorganized Debtors have determined that the Claims listed on **Schedule 2** to **Exhibit A** to the Objection (collectively, the "***Claims to be Adjusted***"), are asserted in an amount greater than the amount reflected in the Reorganized Debtors' books and records, and/or asserted with an incorrect priority based upon facts reflected in the Reorganized Debtors' books and records as described on **Schedule 2** to **Exhibit A** to the Objection.  Accordingly, the reduction and/or reclassification of the Claims to be Adjusted as requested in the Objection should be allowed.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

K&E 26148724

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing Declaration are true and correct to the best of my knowledge, information, and belief.

Dated:  September 11, 2013

 /s/ Matthew P. Bennett
Name: Matthew P. Bennett
Title:   Senior Counsel

4