**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*[1] | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER MODIFYING THE PLAN INJUNCTION TO RESOLVE**
**THE MOTION OF JULIO SALVADOR TO LIFT THE AUTOMATIC STAY**

Upon the motion [Docket No. 4260] (the "***Motion***") of Julio Salvador (the "***Movant***"), for entry of an order (this "***Order***") modifying the discharge injunction in the above-captioned chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates (collectively, the "***Reorganized Debtors***"), that has arisen pursuant to a confirmed chapter 11 plan and section 524(a) of title 11 of the United States Code (the "***Bankruptcy Code***") for the limited purpose of allowing the Movant to continue the state court litigation brought by the Movant against the Reorganized Debtors in the Supreme Court of Queens County, State of New York, Index No. 26635/2010 (the "***State Court Litigation***"); and the Court having jurisdiction to consider the relief agreed to in this Order pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of such relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the relief agreed to in this Order having been adequate and appropriate under the circumstances and no other or further notice is required; and upon the agreement of the

---

[1] On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated debtors [Docket No. 4092]. The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains pending. The last four digits of A&P's federal tax identification number are 0974. The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

KE 30794807

Reorganized Debtors and the Movant to this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is HEREBY ORDERED THAT:

1.  The Motion is resolved pursuant to this Order.

2.  The plan injunction (the "**Plan Injunction**") imposed by Article VIII.H of the confirmed *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 3417] (the "**Plan**") and section 524(a) of the Bankruptcy Code is modified for the sole and limited purpose of allowing the Movant to restore the State Court Litigation to the calendar of the Supreme Court of Queens County, State of New York, Index No. 26635/2010, for the sole and limited purpose of allowing the Movant to liquidate her claim against the Reorganized Debtors, their insurance, and their co-defendants, if any.

3.  Except as expressly provided in paragraph 4 hereof, the Movant waives any and all claims and shall not file any further claims against any and all property of the Reorganized Debtors, if any, in connection with the State Court Litigation.

4.  Any recoveries by the Movant in the State Court Litigation, including costs and punitive damages, if any, shall be limited to the proceeds available from (a) any and all insurance policies, to the extent applicable, maintained by or available to the Reorganized Debtors and (b) any and all recoveries available from the Reorganized Debtors' co-defendants, if any, *provided that* the Movant waives any recovery otherwise available from any party to the extent the Reorganized Debtors or their successors would be required to indemnify such party, provide contribution to such party, or hold the co-defendants harmless on account of the State Court Litigation. For the avoidance of doubt, the only claim against the Reorganized Debtors or their

property that the Movant has not waived are claims against any and all insurance policies, to the extent applicable, maintained by or available to the Reorganized Debtors.

5. Other than the relief afforded herein, all protections afforded under section 524 of the Bankruptcy Code and by the Plan Injunction shall remain in full force and effect.

6. The Movant is hereby authorized to restore the State Court Litigation to the calendar of the Supreme Court of Queens County, State of New York, Index No. 26635/2010, to proceed against the Reorganized Debtors and their co-defendants subject to the terms and conditions of this Order.

7. Neither this Order nor any negotiations and writings in connection with this Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

8. Nothing in this Order or otherwise shall be construed as a waiver of any applicable bar dates in these chapter 11 cases.

9. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

KE 30794807

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York      /s/Robert D. Drain
       April 17, 2014                                   United States Bankruptcy Judge

**CONSENTED TO AND AGREED BY:**

*/s/ William Sanyer, Esq.*
William Sanyer, Esq.
David Horowitz, P.C.
276 Fifth Avenue, Suite 306
New York, New York 10001
(212) 684-3630

*Counsel to Julio Salvador*

Dated: April 8, 2014