UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.[1] | Case No. 10-24549 (RDD) |
| Reorganized Debtors. | Jointly Administered |

### ORDER DENYING ADMINISTRATIVE
### CLAIM OF HUDSON ENERGY SERVICES, LLC

Upon the *Motion of Hudson Energy Services for Allowance of an Administrative Claim Pursuant to 11 U.S.C. § 503(b)(9)* (the "**Motion**"),[2] filed by Hudson Energy Services, LLC ("**HES**") on April 27, 2012 [Docket No. 3728], requesting allowance of an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having reviewed and considered the *Reorganized Debtors' Objection to the Administrative Claim of Hudson Energy Services, LLC*, filed on August 17, 2012 [Docket No. 3925] (the "**Objection**"), and the *Reply to Reorganized Debtors' Objection to Administrative Claim of Hudson Energy Services, LLC,* filed on August 22, 2012 [Docket No. 3942]; and the Court having jurisdiction to consider the Motion and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1]  On December 18, 2012, a final decree was entered closing the chapter 11 cases of 53 of A&P's affiliated debtors [Docket No. 4092]. The chapter 11 case of The Great Atlantic & Pacific Tea Company, Inc. remains pending. The last four digits of A&P's federal tax identification number are 0974. The location of the Reorganized Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]  Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

having entered the *Order Denying Administrative Claim of Hudson Energy Services, LLC* on August 30, 2012 [Docket No. 3952]; and the United States District Court for the Southern District of New York having entered the *Opinion and Order of U.S. District Court Judge* on September 16, 2013 [Docket No 4310], remanding the Motion to the Court for an evidentiary hearing on the matters addressed in the Motion and the Objection; and the Court having considered the Reorganized Debtors' Pre-Hearing Memo for November 6, 2014 Evidentiary Hearing Regarding Disputed Claim of Hudson Energy Services, Inc., filed on October 30, 2014 [Docket No. 4566], and Hudson Energy Services, L.L.C.'s Pre-Hearing Brief for November 6, 2014 Evidentiary Hearing on its Motion for Allowance of Administrative Expense Claim, filed on November 3, 2014 [Docket No. 4569] and all other pleadings filed in connection therewith; and the Court having also considered the evidence admitted at and the record of the November 6, 2014 evidentiary hearing held by the Court on the Motion and the Objection (the "***Hearing***"); and upon the findings and for the reasons set forth by the Court in its bench ruling on record at the Hearing; and notice of the Motion, the Objection, and the Hearing having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is denied.

2. The Objection is granted to the extent that it seeks a determination that no portion of proof of administrative expense claim number 3266 filed by HES in the above-captioned proceedings (the "***Proof of Claim***") is entitled to an administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise.

3. Any portion of the Proof of Claim seeking administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise, or any other classification other than as a

2

General Unsecured Claim as that term is used in the *Reorganized Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code,* filed on February 17, 2012 [Docket No. 3417] (the "**Plan**"), shall be reclassified to solely a General Unsecured Claim, as that term is used in the Plan.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York      /s/Robert D. Drain
       November 10, 2014                      United States Bankruptcy Judge